**UNITED STATES COURT OF INTERNATIONAL TRADE**
HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., | |
| Plaintiffs, | |
| v. | Court No. 23-00182 |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, | |
| Defendants. | |

**ORDER**

Upon reading defendants' motion to extend the time to file their opposition to plaintiffs' motion for a preliminary injunction; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendants' motion be, and hereby is, granted; and it is further

ORDERED that defendants' time to file their response to plaintiffs' motion for a preliminary injunction is hereby extended to and including October 23, 2023.

                                                                                       GARY S. KATZMANN, JUDGE

Dated: New York, New York
       This _____ day of _____ September, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE
HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, <br><br> Defendants. | Court No. 23-00182 |

### DEFENDANTS' MOTION TO EXTEND THE TIME TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

The United States (Government), defendant, pursuant to Rules 6 and 7 of the United States Court of International Trade (USCIT), respectfully moves this Court for an extension of time of forty-one (41) days, from September 12, 2023 to and including October 23, 2023, to file a response to plaintiffs' motion for a preliminary injunction. This is defendants' first request for an extension of time for this purpose.

## BACKGROUND

The Uyghur Forced Labor Prevention Act (UFLPA) was enacted in December 2021 "to strengthen the prohibition against the importation of goods made with forced labor, including by ensuring that the Government of the People's Republic of China [(PRC)] does not undermine the effective enforcement of section 307 of the Tariff Act of 1930 (19 U.S.C. § 1307). *See* P.L. 177-18, Section 1(1) (Statement of Policy). Section 307 prohibits the importation of all "goods, wares, articles, and merchandise mined, produced or manufactured wholly or in part in any foreign country by . . . forced labor." *Id*. The UFLPA applies a rebuttable presumption that goods made wholly or in part in the Xinjiang Uyghur Autonomous Region (Xinjiang) of the PRC, or produced by an entity on a list required by Section 2(d)(2)(B) of the UFLPA, are made with forced labor and prohibited from entry under 19 U.S.C. § 1307. *Id*., Section 3(a).

Specifically, under the UFLPA, the Forced Labor Enforcement Task Force (FLETF), an inter-agency task force created pursuant to section 741 of the United States – Mexico – Canada Agreement Implementation Act, was tasked with creating the following lists of entities that meet certain statutory criteria set forth in section 2(d)(2)(B) of the UFLPA (collectively, the UFLPA Entity List):

> (i) a list of entities in the Xinjiang Uyghur Autonomous Region that mine, produce, or manufacture wholly or in part any goods, wares, articles and merchandise with forced labor;
>
> (ii) a list of entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region;
>
> . . .

> (iv) a list of entities that exported products described in clause (iii) from the People's Republic of China into the United States;
>
> (v) a list of facilities and entities, including the Xinjiang Production and Construction Corps, that source material from the Xinjiang Uyghur Autonomous Region or from persons working with the government of the Xinjiang Uyghur Autonomous Region or the Xinjiang Production and Construction Corps for purposes of the "poverty alleviation" program or the "pairing-assistance" program or any other government labor scheme that uses forced labor;

P.L. 177-18, Section 2(d)(2)(B). The statute requires the FLETF to update the UFLPA Entity List at least annually. *Id.*, Section 2(e)(3). Section 3 of the UFLPA requires U.S. Customs and Border Protection (CBP) to apply a rebuttable presumption that goods produced by a listed entity are prohibited under 19 U.S.C. § 1307 and not entitled to entry into the United States unless the exception set forth in section 3(b) of the UFLPA is satisfied.

The FLETF is chaired by the Department of Homeland Security (DHS) and is made up of seven member agencies: DHS, the U.S. Trade Representative, and the Departments of Justice, Labor, State, Treasury and Commerce.[1] *See* 19 U.S.C. § 4681; Exec. Order 13923, 85 Fed. Reg. 30587 (May 15, 2020). Following review of a FLETF member agency's recommendation to add an entity to the UFLPA Entity List, the decision to add an entity is made by majority vote of the FLETF member agencies. 88 Fed. Reg. 38080, 38081-82 (June 12, 2023). In addition to the seven member agencies, there are also six observer agencies that are part of the FLETF: the Departments of

---

[1] DHS, as FLETF Chair, has the authority to invite representatives from other agencies to participate. Exec. Order 13923; 88 Fed. Reg. 38081. The Department of Commerce was invited to be a member by the FLETF Chair. 88 Fed. Reg. 38081.

Energy and Agriculture, U.S. Agency for International Development, the National Security Counsel, U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement Homeland Security Investigations.  *See* Exec. Order 13923; 88 Fed. Reg. 38081.

Ninestar Corporation and seven of its affiliated entities (plaintiffs) bring this suit unrelated to a particular entry of merchandise, but rather to challenge the fact of their addition to the UFPLA Entity List.[2]  As set forth in plaintiffs' complaint, on June 9, 2023, the FLETF announced that it would add plaintiffs to the UFLPA Entity List, and, on June 12, 2023, the decision was published in the Federal Register.  88 Fed. Reg. 38080.  Specifically, the Federal Register notice stated that Ninestar Corporation and its affiliated entities were added to the "[l]ist of entities working with the Government of Xinjiang to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of Xinjiang."  *Id.* at 38082; *see* UFLPA, section 2(d)(2)(B)(ii).

On August 22, 2023, more than two months after being placed on the UFLPA Entity List, plaintiffs filed their complaint, invoking this Court's jurisdiction under 28 U.S.C. § 1581(i).  In their complaint, plaintiffs challenge a decision of the FLETF, made pursuant to the UFLPA, to add plaintiffs to the UFLPA Entity List.  In addition, plaintiffs filed a motion for a preliminary injunction asking this Court to stay the listing decision and prevent CBP "from taking any action against importation of plaintiffs' goods predicated on the" UFLPA Entity List inclusion.  Pl. Mot. at 17.

---

[2] In their Complaint, plaintiffs claim that one of the entities listed in the Federal Register Notice – Zuhai Pu-Tech Industrial Co., Ltd. – is not affiliated with Ninestar Corporation and is therefore not a party to this action.  Compl., ¶ 39.

4

By this motion, the Government seeks an extension of time to respond to plaintiffs' motion for a preliminary injunction to and including October 23, 2023, the same date the Government is required to respond to plaintiffs' complaint.

## ARGUMENT

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act.  USCIT Rule 6(b)(1)(A).  "Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule."  *See Mondiv, Division of Lassonde Specialties Inc. v. United States*, 16-00038, Dkt. 28 (*citing HighPoint Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013)).

Good cause exists for the relief requested.  The scope of this Court's review for actions brought pursuant to § 1581(i) is limited to the administrative record developed before the agency – or in this case the FLETF.  *See* 5 U.S.C. § 706 (In making a determination under section 706, "the court shall review the whole record or those parts of it cited by a party . . . .").  This type of record comprises the items enumerated in subsections (1) through (4) of USCIT R. 73.3(a), if they exist, and "'all documents and materials directly or indirectly considered by agency decisionmakers and includes evidence contrary to the agency's position.'"  *See Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999) (citations omitted).

In their complaint and accompanying motion, plaintiffs assert that the FLETF's decision to add Ninestar Corporation and its affiliates to the UFLPA Entity List was

arbitrary and capricious and in violation of the APA.  In response to the complaint, the Government anticipates filing a motion to dismiss.

The Government is in the process of working with the FLETF to gather the administrative record.  In addition to the challenge of coordinating among seven administrative agencies that comprise the FLETF, it will also be necessary, particularly given the sensitive nature of the information, to closely review the record documents for confidentiality, privilege, law enforcement sensitive and classified information, a task that will take additional time, particularly given the number of Government agencies involved.

A response to the preliminary injunction is currently due on September 12, 2023, and a response to the complaint is currently due on October 23, 2023.  In order to prepare its response to the preliminary injunction, the Government needs to gather the administrative record.  To allow the FLETF member agencies time to gather and finalize the administrative record and to likewise provide for the orderly administration of this matter, we are seeking an extension of time to respond to the motion for a preliminary injunction until the time in which the Government is required to respond to plaintiffs' complaint, *i.e.,* October 23, 2023.  Accordingly, the extension is requested to allow the Government time to gather the administrative record and to consult with the FLETF member agencies with respect to privilege, sensitive and confidentiality matters necessary to prepare the record for filing with the Court.  For these reasons, we respectfully request that the Court grant our motion for an extension.

On September 6, 2023, Gordon Todd, Esq., from Sidley Austin LLP, counsel for plaintiffs, indicated that plaintiffs do not consent to the relief requested and will file an opposition to the motion.

In reply to plaintiff's opposition, we respectfully ask that the Court grant our requested extension because there are no exigent circumstances that warrant a more immediate time frame. In the nearly three months since plaintiffs were placed on the UFLPA Entity List, plaintiffs have failed to take any administrative steps to seek either removal from the list or an exception for the entry of specific merchandise not connected with forced labor. The Court should consider the fact that plaintiffs have not sought any administrative relief as an indication that time is not of the essence here. Plaintiffs' merchandise – mostly consisting of printer consumables and related items – is not perishable and can be entered at a later date, if the plaintiffs are removed from the UFLPA Entity List through either administrative or judicial review. To the extent plaintiffs' oppose our request for additional time on the basis of an alleged financial harm, the Court repeatedly has declined to find irreparable harm based merely on claims of financial losses. *See*, *e.g.*, *Corus Grp. PLC v. Bush,* 217 F. Supp. 2d 1347, 1355 (Ct. Int'l Trade 2002) (threat of "economic injury" does not constitute irreparable harm).

WHEREFORE, defendants respectfully requests that their motion be granted.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General
          Civil Division

          PATRICIA M. McCARTHY
          Director

          CLAUDIA BURKE
          Deputy Director

          /s/ Justin R. Miller
By:  JUSTIN R. MILLER
          Attorney-In-Charge
          International Trade Field Office

          /s/ Monica P. Triana
          MONICA P. TRIANA
          Senior Trial Counsel

          /s/ Guy Eddon
          GUY EDDON
          Trial Attorney
          Department of Justice, Civil Division
          Commercial Litigation Branch
          26 Federal Plaza – Room 346
          New York, New York 10278
          Tel. (212) 264-9240 or 9230
Date:  September 6, 2023    *Attorneys for Defendants*