**IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE
Hon. Gary. S. Katzmann, Judge**

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Case No. 23-00182 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE TIME TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs respectfully oppose the Government's request, ECF No. 21 ("Motion"), for an additional 41 (for a total of 62) days to file its opposition to Plaintiffs' Motion for a Preliminary Injunction, ECF Nos. 9, 13-1 ("PI Motion").  The Motion fails to demonstrate good cause for the extension.  The Government nowhere explains why delay is necessary to address even one element of the preliminary injunction test.  The sole basis tendered for delay—the need to gather the Administrative Record—is irrelevant to the legal question before the Court, which is whether the Administrative Procedure Act obliged the Government to publicly explain its actions.  Rather, the Motion appears intended to improperly backfill *post hoc* the missing agency justification.  Far from supporting delay, good cause here supports denying the motion.  As explained in the PI Motion, Plaintiffs continue daily to suffer irreparable financial and reputational harm.  ECF No. 13-1 at 20–23.  Preliminary injunctive relief serves to preserve the *status quo ante* while litigation proceeds.  The PI Motion should be brought on for adjudication promptly, and the litigation can follow apace.

> **A.   Defendants Have Not Demonstrated Good Cause to Justify an Extension.**

The Court may extend deadlines established by rule upon a showing of "good cause."  CIT Rule 6(b)(1).  "Good cause," in turn, "requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule."  *Aspects Furniture Int'l, Inc. v. United States*, 469 F. Supp. 3d 1359, 1364 (Ct. Int'l Trade 2020) (citing *HighPoint Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013)); *see also* Mot., ECF No. 21 at 7.  Defendants have not met that test.

The Complaint pleads a single claim, that Defendants violated the APA when they added Plaintiffs to a UFLPA list without providing *any* "adequate, public explanation."  *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1331 (Ct. Int'l Trade 2020).  See

Complaint, ECF No. 8 ¶¶ 57–62.  In the PI Motion, we argue that Plaintiffs are likely to succeed on the merits of that claim, are suffering irreparable harm, that the balance of hardships favors relief, and that preliminary injunctive relief would favor the public interest.  *See* ECF No. 13-1, *generally*.

The Government fails to explain how delay is necessary for it to address any of these factors.  Starting with likelihood of success, the question before the Court is straightforward: was the Government required to provide some public explanation.  *See id.* at 16–19; *see also* ECF No. 8 ¶¶ 57–62.  The Government does not explain why it needs 41 additional days to answer that question.  In fact, having decided to place Plaintiffs on a UFLPA list, and as the party constrained to comply with the APA, the Government ought be able to answer that question today.  So too the Government nowhere explains why it needs additional time to address whether Plaintiffs have properly alleged irreparable harm.  That issue simply turns on the harms alleged in the Complaint and the PI Motion, and in fact in its Motion the Government offers arguments on that issue.  *See* Mot., ECF No. 21 at 9–10.  Nor does the Government explain why it needs more time to address either of the other two factors, the balance of harms and the public interest.

**B.      Gathering the Administrative Record Does Not Justify Delay.**

The Government's sole proffered basis for delay is its need to gather the Administrative Record.  *See* Mot. at 5-7.  That is, of course, something the Government must do in every APA case, as it must turn over the Administrative Record, if any, within 40 days of the filing of the Complaint.  28 U.S.C. § 2635(d)(1).

Here, the Government asserts that "to prepare its response to the preliminary injunction, the Government needs to gather the administrative record."  Motion, ECF No. 21 at 8.  Yet beyond that single-sentence *ipse dixit*, the Motion nowhere explains why.  *Cf.* CIT Rule 6(b)(1).

3

Nor could it. The legal question before the Court is whether the APA obliged Defendants to offer any public explanation at all. ECF No. 8 ¶¶ 57–62. This claim follows from the "foundational principl[e] of administrative law" that an agency "may not simply provide a conclusion" for its decision, no matter how morally wise and technically expert its decision may be. *Invenergy II*, 476 F. Supp. 3d at 1332; *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1325 (Fed. Cir. 2017). In other words, the Administrative Procedure Act requires the agency to "set forth its reasons for decision." *Tourus Recs., Inc. v. DEA*, 259 F.3d 731, 737 (D.C. Cir. 2001). Providing the Court with "all documents and materials directly or indirectly considered by agency decisionmakers"—*i.e.*, the Administrative Record—has no bearing on whether Defendants failed to provide an adequate, contemporaneous explanation for the Listing Decision. Motion, ECF No. 21 at 7 (quoting *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999)).[1]

To be sure, the Administrative Record can in some cases be relevant to a preliminary discussion of the merits, specifically where the plaintiff challenges the sufficiency of the agency record. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). But that is not this case. Plaintiffs are not and cannot yet challenge the bases for the Government's actions because the Government has never explained those bases. *See Tourus Recs.*, 259 F.3d at 737 (requirement that the agency explain its action "gives parties the opportunity to apprise the agency of any errors it may have made and, if the agency persists in its decision, facilitates judicial review"). Instead, consistent with well-established principles of administrative law, Plaintiffs are challenging the Government's total failure to provide *any*

---

[1] If anything, the fact that the government needs six more weeks to assemble any kind of rationale for the Listing Decision demonstrates that Defendants provided Plaintiffs "no explanation whatsoever" at the time of the decision. *Clarke v. CFTC*, 74 F.4th 627, 641 (5th Cir. 2023).

4

contemporaneous explanation for the Listing Decision. *See* ECF No. 13-1 at 18–19 (stating "FLETF's failure to provide any kind of explanation whatsoever for its conduct is textbook arbitrary and capricious agency conduct" and collecting cases).

Rather than justify delay, the Government's focus on the Administrative Record advances an improper purpose, backfilling *post hoc* the missing agency rationale. The Complaint asks the Court to vacate the Listing Decision, which would return the issue to FLETF. ECF No. 8 ¶ 6 & p. 17. The agency could, if it wants, take the issue up again, and Plaintiffs for their part could submit information for the agency to consider on the record. And, if FLETF decides to reissue the listing, this time with a proper public explanation, Plaintiffs could then challenge that final agency action on the merits. *See* 5 U.S.C. § 704.

The Government appears intent on skipping over those procedural inconveniences and instead leaping directly to asking this Court bless its conduct.[2] By delaying proceedings while assembling a record, and by tying the PI Motion to its forthcoming motion to dismiss, *see* Mot., ECF No. 21 at 8,[3] the Government doubtless hopes to saturate the Court with confidential information—which Plaintiffs themselves will be unable to view—in an effort to justify its listing decision. But rationales quietly offered in court are no substitute for the contemporaneous and public explanation required by the Administrative Procedure Act. "Adequate explanation of the agency's decision has to be made public somewhere or in some manner allowing interested parties to review and scrutinize it." *Invenergy II*, 476 F. Supp. 3d at 1347. And just as a post-

---

[2] To be clear, this is not the idle speculation of counsel but rather reflects the representations of government counsel as to their need for the Administrative Record during the parties' September 6 meet-and-confer on the requested extension, which bolstered Plaintiffs' decision to oppose the motion. *See* Mot., ECF No. 21 at 9 (discussing parties' meet-and-confer).

[3] Seeking delay for delay's sake does not constitute good cause. *See United States v. Grado*, 956 F.2d 279 (10th Cir. 1992) (Mem.).

hoc rationalization cannot cure an arbitrary agency decision, the post-hoc provision of the agency's explanation cannot cure an agency's failure to provide one at the time of its decision. *See SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943).

### C. Granting the Extension will Compound the Irreparable Harm Plaintiffs are Suffering

The Government's Motion also brushes aside the purpose of a preliminary injunction, to preserve the *status quo ante*. *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (cleaned up). This, of course, is why irreparable harm is a touchstone for such relief. *Invenergy I*, 422 F. Supp. 3d at 1292 ("A PI is therefore needed to maintain the status quo and avoid the losses in connection with a lack of business certainty that may cause irreparable harm.").

As the PI Motion chronicles, Plaintiffs are suffering numerous irreparable harms, which will continue to accumulate during any extension.[4] Order cancellations and embargoed goods will continue to pile up. ECF No. 13-1 at 20. The Listing Decision—which accuses Plaintiffs of aiding and abetting human trafficking—continues to negatively affect Plaintiffs' reputation, goodwill, and ability to build or take advantage of business opportunities. *Id.* at 21–22. And Plaintiffs also face the ongoing harm to their APA rights. *Id* at 22–23 (citing *Invenergy I*, 422 F. Supp. 3d at 1290–91). Such severe costs to Plaintiffs are not justifiable, particularly given that Defendants' extension request would in no way further Defendants' ability to brief the motion.

---

[4] In its Motion, the Government asks for 41 additional days. If, however, it successfully ties the PI Motion to its forthcoming Motion to Dismiss, its requested 41 day extension could effectively become a multi-month extension. So too, if gathering the Administrative Record is sufficient grounds for delay, the Government will have every incentive to take its time gathering the record. Without the availability of damages, every day unlawful conduct persists is a "win" for the Government.

The Government asserts that this Court should ignore claims of financial loss. Mot., ECF No. 21 at 9. But in an APA case such as this, because Defendants "are cloaked in sovereign immunity" and therefore not susceptible to money damages, each additional day of delay imposes an irreparable and unrecoverable financial cost. *Canadian Lumber Trade All. v. United States*, 441 F. Supp. 1259, 1265 (Ct. Int'l Trade 2006). The Government's contention that Plaintiffs can simply import their non-perishable goods later if they prevail is likewise facile. Mot., ECF No. 21 at 9. Importing goods later will not recoup the value of contracts filled by competitors, additional shipping and storage costs, or the loss of contracts. And in any event, the tarnishing of Plaintiffs' reputation and goodwill, the continued deprivation of business opportunities, and the deprivation of Plaintiffs' procedural rights all counsel in favor of taking up the PI Motion promptly. *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930–31 (Fed. Cir. 2012); *Invenergy I*, 422 F. Supp. at 1290–91.

Lastly, the Government's urging the Court to "consider the fact that plaintiffs have not sought any administrative relief as an indication that time is not of the essence here" is wrought with irony and underscores why Plaintiffs brought this case. Mot., ECF No. 21 at 9. Plaintiffs *cannot* meaningfully seek administrative relief from the Listing Decision because such relief is available only when a listed entity "provide[s] information that demonstrates that the entity no longer meets or does not meet the [listing] criteria." 88 Fed. Reg. at 38,082. But in order to provide such information, a party must first know why it was listed. Plaintiffs cannot prove a negative, and Plaintiffs certainly should not be punished with delayed relief because Plaintiffs have not undertaken that dead-end endeavor.

Accordingly, Plaintiffs respectfully oppose the motion.

Dated: September 8, 2023

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*