UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, <br><br>　　　　　　Defendants. | Before: Gary S. Katzmann, Judge <br> Court No. 23-00182 |

**ORDER**

Dated: <u>September 11, 2023</u>

Plaintiffs Ninestar Corporation and its affiliates bring this action against Defendants the United States and component agencies and officials to challenge a decision by the Forced Labor

Enforcement Task Force ("FLETF") to add Plaintiffs to an entity list created by the Uyghur Forced Labor Prevention Act ("UFLPA"). The UFLPA was enacted in December 2021 "to strengthen the prohibition against the importation of goods made with forced labor, including by ensuring that the Government of the People's Republic of China does not undermine the effective enforcement of section 307 of the Tariff Act of 1930 (19 U.S.C. § 1307)." UFLPA, Pub. L. 177-78, § 1(1), 135 Stat. 1525, 1525 (2021). Plaintiffs filed a motion for preliminary injunction, see Mot. for Prelim. Inj., Aug. 22, 2023, ECF No. 9 ("PI Motion"), to which Defendants were required to respond by September 12, 2023, see USCIT R. 7(d). Defendants request a forty-one-day extension of time to respond to the PI Motion, see Defs.' Mot. to Extend Time, Sept. 6, 2023, ECF No. 21, which Plaintiffs oppose, see Pls.' Opp. to Defs.' Mot., Sept. 8, 2023, ECF No. 22. Defendants' Motion to Extend Time is granted in part, and the response deadline is extended to October 3, 2023.

Plaintiffs challenge Defendants' actions under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702–706, and plead jurisdiction under 28 U.S.C. § 1581(i). See Compl. ¶¶ 22–23, Aug. 22, 2023, ECF No. 8. The APA requires the court to "review the whole record and those parts of it cited by a party" when evaluating agency action. 5 U.S.C. § 706. That obligation to review the administrative record also applies when considering a motion for preliminary injunction.[1] And in this case, where judicial review involves an agency record, the agency must

---

[1] See Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 404 (1971) (remanding to the district court because its judgment denying preliminary injunction and granting summary judgment were based on litigation affidavits and not the full administrative record); Am. Bioscience, Inc. v. Thompson, 243 F.3d 579, 579, 582 (D.C. Cir. 2001) (vacating the denial of a preliminary injunction because "the administrative record was never filed in court" and the D.C. Circuit could not "tell on what basis the [agency] took the agency action the plaintiff seeks to enjoin"); E. Bay Sanctuary Covenant v. Trump, 354 F. Supp. 3d 1094, 1107 (N.D. Cal. 2018) ("[T]o the extent practicable, a court should determine a plaintiff's likelihood of success on the merits of such a challenge based on the administrative record."), aff'd, 950 F.3d 1242 (9th Cir. 2020), aff'd sub

Court No. 23-00182                                                                                                                             Page 3

file the record within forty days after the date of service of the summons and complaint upon the agency, regardless of whether a motion for preliminary injunction was filed. See 28 U.S.C. § 2635(d)(1). Not formally asking for an extension of this requirement, Defendants instead frame its request as an extension of time to file a response to the PI Motion. See Defs.' Mot. to Extend Time at 1.

      The court may extend deadlines for "good cause." USCIT R. 6(b)(1). "Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule." Aspects Furniture Int'l, Inc. v. United States, 47 CIT __, __, 469 F. Supp. 3d 1359, 1364 (2020) (citing HighPoint Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1319 (Fed. Cir. 2013)). The administrative difficulties associated with developing a record from the seven component agencies of the FLETF, reviewing any sensitive information, and drafting a response to the PI Motion constitute good cause. See Defs.' Mot. to Extend Time at 5–6. But those reasons for extension must be balanced against the requirement that "[m]otions seeking . . . preliminary injunctive relief will be . . . expedited in every way," USCIT R. 65(e), and the need to review the "whole record," 5 U.S.C. § 706.[2] Instead of the forty-one-day extension requested by Defendants, the court will align the response deadline with the current due date of the administrative record on

---

nom. E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640 (9th Cir. 2021); Nat'l Urb. League v. Ross, No. 20-CV-05799-LHK, 2020 WL 5578931, at *1 (N.D. Cal. Sept. 17, 2020) (extending a temporary restraining order and ordering the agency to produce a stipulated partial administrative record after the agency did not timely produce the whole record before the TRO's expiration).

[2] The court expresses no views on the parties' other arguments for and against the extension of time that rely on legal conclusions relevant to the PI Motion. See Defs.' Mot. to Extend Time at 7; Pls.' Opp. at 4–7. The court will address those arguments only after completed briefing, a review of the record, and a potential hearing.

Court No. 23-00182 Page 4

October 3, 2023, which is forty days after service of the Summons and Complaint. See 28 U.S.C. § 2635(d)(1); Certificate of Service, Aug. 24, 2023, ECF No. 12.

The court strongly urges all relevant parties to act with expediency in meeting the below deadlines. Cf. USCIT R. 65(e). A second motion for extension of time will not be presumptively granted but may be considered only if the administrative issues or other extraordinary circumstances causing further delay are presented to the court. It is hereby:

**ORDERED** that Defendants' Motion to Extend Time is **GRANTED** in part; and it is further

**ORDERED** that Defendants will file their response to the PI Motion by Tuesday, October 3, 2023; and it is further

**ORDERED** that Defendants' deadline to file the administrative record remains on Tuesday, October 3, 2023.

/s/   Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: September 11, 2023
       New York, New York