# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.

*Plaintiffs*,

v.

UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,

*Defendants*.

Case No. 23-182

**Plaintiffs' Expedited Motion to Amend Scheduling Order**

**PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs (collectively, Plaintiffs or "Ninestar") respectfully move the Court to amend the scheduling order, ECF No. 26, by (1) establishing an earlier and separate date for Plaintiffs to

file a reply in support of their pending motion for a preliminary injunction, (2) setting a date to hear that motion promptly, and (3) staying the date for Plaintiffs to respond to Defendants' motion to dismiss. The United States opposes the relief requested.

**BACKGROUND**

As described in the PI Motion, Defendants' Listing Decision causes Plaintiffs irreparable harm daily. To mitigate those injuries, and to preserve the *status quo ante* while pressing their rights, Plaintiffs moved for preliminary injunctive relief. *See* ECF No. 9 ("PI Motion") (Aug. 22, 2023). In response, Defendants sought a lengthy delay, asking for 62 days to oppose, making their brief due at the same time as their Rule 12 motion. *See* ECF No. 21 (Sept. 6, 2023). Defendants based that delay on the need to gather, review, and process the Administrative Record. *Id.* at 7–9. Opposing the request, we noted the prejudice that would result from months of additional delay, and forecast the Government's likely strategy of rushing past the predicate APA issues to instead have the Court bless the merits of the Listing Decision. *See* ECF No. 22 at 5–7 (Sept. 8, 2023).

The Court rebuffed Defendants' attempted delay. ECF No. 23. Acknowledging the need to gather the Administrative Record, but also the requirement that "preliminary injunctive relief will be … expedited in every way," the Court required Defendants to file their opposition *and* the Administrative Record by October 3. *Id.* at 3. The Court urged both parties "to act with expediency in meeting the[se] deadlines." *Id.* at 4.

Despite the Court's clear direction to file a "response to the PI Motion," Defendants instead filed an entirely new motion, a Motion to Dismiss, into which they tucked a few pages addressing the PI Motion. ECF No. 25. at 3, 42–52. Docketed as a new and dispositive Rule 12 motion, rather than as an opposition to ECF No. 9, the Motion to Dismiss triggered Rule 7(d)'s

2

35-day response and 21-day reply deadlines.  The Court subsequently uncoupled the Government's bicephalic filing, granted Plaintiffs leave to file a reply in support of the PI Motion separate from their Opposition to the Motion to Dismiss, and noted that it would take up both motions after they were fully briefed, "unless further modified by court order on motion of a party."  ECF No. 26 (Oct. 4, 2023).  Plaintiffs respectfully accept the Court's invitation, and move for the schedule to be modified in several respects.

## DISCUSSION

Plaintiffs move the Court to (1) grant Plaintiffs leave to file a reply in support of their PI Motion by <u>October 13, 2023</u>, (2) set the PI motion for a hearing no later than <u>October 20, 2023</u>, and (3) stay briefing on Defendants' Motion to Dismiss.  Good cause supports each of these modifications.

*First*, with the filing of Plaintiffs' reply in support of the PI Motion, that motion will be fully briefed.  There is no need to wait nearly two more months to address that request for preliminary relief.  As the Court itself noted previously, the Court's rules call for such motions to be expedited "in every way."  ECF No. 23 at 3 (quoting USCIT R. 65(e)).  The only ground the Government offered previously for delay was its need to gather the Administrative Record.  *See* ECF No. 21 at 8.  And, notwithstanding the Government's worrying over how long that would take, *id.*, it has now been filed, ECF Nos. 24-1, 25-1.  The Government has offered no other basis for delay.

*Second*, continued delay prejudices Ninestar.  For the same reasons we opposed the Government's prior extension request, and as detailed in the PI Motion, Ninestar is suffering substantial and irreparable injury daily.  Notwithstanding the Government's insistence that the Listing Decision is not an "embargo," ECF No. 24 at 29–30, the barrier it erects to the entry of

3

Ninestar goods has already wreaked irreparable financial, reputational, and other harm on Ninestar.[1]  These are precisely the sorts of harms that warranted preliminary injunctive relief in *Xiaomi Corp. v. Department of Defense*, No. 21-280, 2021 WL 950144, at *8–12 (D.D.C. Mar. 12, 2021).  Goods have been returned; orders have been cancelled; business opportunities have been withdrawn; and every day Ninestar remains tagged with the loathsome title of "human trafficker."  ECF No. 20 at 12–14.  Such irreparable injuries are precisely why the Court normally "expedite[s]" PI motions "in every way."  USCIT R. 65(e).

*Third*, the Court need not postpone ruling on the PI Motion to accommodate the Motion to Dismiss.  As a threshold matter, the motions present distinct legal standards: the former asks whether, based on the record laid before the Court, the movant's likelihood of success and irreparable injuries warrant temporary equitable relief, *Winter v. NRDC*, 555 U.S. 7, 20, 24 (2008); the latter inquires whether the complaint is legally sufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This Court's determination of the former question will not prejudice the latter, legally or factually.  *See Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1578 (Fed. Cir. 1983) (explaining that the preliminary injunction remedy exists to "protec[t] the respective rights of the parties pending final disposition of the litigation"); *accord Abbott Lab'ys v. Sandoz, Inc.*, 544 F.3d 1341, 1344 (Fed. Cir. 2008).  And to the extent there are overlapping issues (*e.g.*, this Court's jurisdiction), Plaintiffs are prepared to address those matters on the expedited schedule proposed above, as is the standard procedure for preliminary-injunction motions.

*Fourth*, and in any event, the Motion to Dismiss should be held in abeyance as Defendants have flouted their obligations to properly produce the Administrative Record.

---

[1] Among the few snippets of the Administrative Record left unredacted is the Government's own characterization of FLETF's proposed action as "an import prohibition from the named parties," ECF No. 24-1 at 215—in other words, an embargo.

4

Defendants were required to gather the Administrative Record and transmit any confidential information to the clerk under seal.  *See* 28 U.S.C. § 2635(d)(1), (d)(2).  "[T]he court," in turn, "may make such material available under such terms and conditions as the court may order."  *Id.*  The Court did so, entering a Joint Protective Order directing what information was to be treated as confidential, restricting its use, and subject to those restrictions allowing counsel to have "access to and retain for the duration of this litigation (including any remand and appeals therefrom) all materials released under this Protective Order."  ECF No. 18 ¶ 4.

Notwithstanding this Order, the Government has filed an Administrative Record that is almost entirely redacted, including any and all facts underlying the Government's Listing Determination.[2]  The JPO already specifies that information subject to "directives from the Government concerning classified or other similarly sensitive information" and information in the confidential Administrative Record shall be deemed "confidential information" thereunder and provided accordingly.  ECF No. 18 ¶¶ 1, 3.  Yet the Government is apparently of the view that notwithstanding the JPO, it can invoke a law enforcement interest and refuse to provide further materials to Plaintiffs or the Court at all.

That position will have to be tested.  In their Motion to Dismiss, Defendants repeatedly invoke the information purportedly considered by FLETF member agencies, and argue those materials amply support the Listing Decision and moot Plaintiffs' claim.  *E.g.*, ECF No. 24 at

---

[2] The Government has filed a Public and a Private Administrative Record.  The foregoing describes the Public Record.  The Court, which is privy to the Private filing, can see for itself the extent to which, if any, the Private Record expands the record underlying the Government's action.

5

41–42. If the Government plans to rely on the Administrative Record in support of its defense, it must produce the record as required by the JPO. Otherwise, its assertions cannot be tested.[3]

Plaintiffs will confer with the Government concerning its obligations to properly disclose the full Administrative Record to Plaintiffs, and if necessary will bring a motion to compel that result. That discussion and motions practice will necessarily delay Plaintiffs' ability to respond to the Motion to Dismiss. This supports both holding in abeyance the Motion to Dismiss, and moving forward promptly with the PI Motion.[4]

For all the foregoing reasons, Plaintiffs respectfully request that the Court modify the schedule as set forth above.

---

[3] As explained in our papers opposing Defendants prior request for an extension, ECF No. 22, the Administrative Record is not relevant to the question whether Defendants were required to provide an explanation for their decision. In their Motion to Dismiss, Defendants offer the strawman argument that they were not required to make publicly an "immediate release of the complete rationale for the decision at the time of its determination." *Id.* at 44 (relying on *Strait Shipbrokers PTE. LTD v. Blinken*, 560 F. Supp. 3d 81, 94 (D.D.C. 2021)). Ninestar made no such argument, nor is that the test. Rather, Defendants were required to offer a reasoned and sufficient explanation of the bases for their action in an appropriate manner, which requires more than simply "parrot[ing] the language of a statute." *Xiaomi Corp*, 2021 WL 950144, at *5; *see* ECF No. 8 at 15–16 (Complaint); ECF No. 9 at 16–20 (PI Motion).

[4] To be clear, the Court need not await resolution of whether the Government's copious redactions of the Administrative Record are proper before taking up the PI Motion. The Government contends that what is available in the current Administrative Record satisfies its explanatory burden. ECF No. 24 at 41–42. Plaintiffs disagree. The Court should evaluate the likelihood of success based on what the Government has placed before it.

Dated: October 6, 2023

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*

IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Case No. 23-182<br><br>**Proposed Order Granting Plaintiffs' Expedited Motion to Amend Scheduling Order** |

1

Plaintiffs' motion to amend the scheduling order (ECF No. \_\_) is **GRANTED**. It is hereby:

**ORDERED** that Plaintiffs will file their reply brief regarding Plaintiffs' motion for a preliminary injunction by October 13, 2023; it is further

**ORDERED** that a hearing on Plaintiffs' motion for a preliminary injunction is set for October \_\_\_, 2023; and it is further

**ORDERED** that Plaintiff's opposition to Defendants' Motion to Dismiss is held in abeyance until further order of the Court.

Dated: _____
New York, New York

_____
Gary S. Katzmann, Judge