UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., | |
| Plaintiffs, | |
| v. | Court No. 23-00182 |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, | |
| Defendants. | |

**[PROPOSED] ORDER**

Upon reading plaintiffs' expedited motion to amend the scheduling order and defendants' opposition thereto, and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that plaintiffs' motion be, and hereby is, DENIED.

_____
GARY S. KATZMANN, JUDGE

Dated: _____, 2023
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., | |
| Plaintiffs, | |
| v. | Court No. 23-00182 |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER**

Defendants, United States *et al.*, respectfully submit this memorandum in opposition to plaintiffs' expedited motion to amend the scheduling order. ECF no. 27.

Plaintiffs Ninestar Corporation, and seven of its affiliates, (collectively Ninestar or plaintiffs), filed suit to challenge the determination by the Forced Labor Enforcement Task Force

1

(FLETF) to add Ninestar to the list of entities described in section 2(d)(2)(B) of the Uyghur Forced Labor Prevention Act (UFLPA).  *See* P.L. 117-78.

On October 4, 2023, the Court entered a scheduling order governing the briefing for defendants' motion to dismiss and plaintiffs' motion for a preliminary injunction, including *sua sponte* granting plaintiffs permission to file a reply brief in support of their motion for a preliminary injunction.  ECF no. 26.  By their new motion, plaintiffs seek to modify that scheduling order by "(1) establishing an earlier and separate date for Plaintiffs to file a reply in support of their pending motion for a preliminary injunction, (2) setting a date to hear that motion promptly, and (3) staying the date for Plaintiffs to respond to Defendants' motion to dismiss."  Pls' Mot. at 1-2.

On October 10, 2023, the Court entered an order granting "Plaintiffs' request for leave to file a reply in support of the Motion for Preliminary Injunction by October 13, 2023," and further ordered defendants to "respond, with proposed dates if applicable, to the Motion to Amend by October 13, 2023, insofar as the Motion to Amend relates to Plaintiffs' requests to (2) set a hearing on the Motion for Preliminary Injunction no later than October 20, 2023, and (3) stay briefing on the Motion to Dismiss."  Order, ECF no. 28, at *2.  This response by the Government follows.

The Government opposes plaintiffs' request that the defendants' pending motion to dismiss be "held in abeyance[.]"  ECF no. 27, Proposed Order.  The government has moved to dismiss this case for lack of jurisdiction and failure to state a claim.  ECF no. 24.  "Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998)).  "[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."  *View*

*Engineering, Inc. v. Robotic Vision Systems, Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997). Before the Court may turn to the merits of the plaintiffs' case here, the "court must satisfy itself that it has jurisdiction to hear and decide a case[.]" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)).

In fact, in the context of a motion for a preliminary injunction, it is reversible error for the Court to delay consideration of its jurisdiction until after ruling on the motion for a preliminary injunction. *See U.S. Ass'n of Importers of Textiles and Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1348 (Fed. Cir. 2005) (in similar circumstances where the trial court declined to rule on the defendant's motion to dismiss, the Court stated that "[w]e disagree, however, that the jurisdictional arguments could be ignored in ruling on the Association's preliminary injunction motion. The question of jurisdiction closely affects the Association's likelihood of success on its motion for a preliminary injunction. Failing to consider it was legal error."). Plaintiffs' request to hold the motion to dismiss in abeyance contravenes this well-settled law and could potentially result in the Court entering a "drastic and extraordinary remedy[,]" *i.e.*, a preliminary injunction, in a case where it lacks jurisdiction to take any action. *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993).

Plaintiffs argue that "the Court need not postpone ruling on the PI Motion to accommodate the Motion to Dismiss" because, in their view, "the motions present distinct legal standards: the former asks whether, based on the record laid before the Court, the movant's likelihood of success and irreparable injuries warrant temporary equitable relief, *Winter v. NRDC*, 555 U.S. 7, 20, 24 (2008); the latter inquires whether the complaint is legally sufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." Pls' Mot. at 4, ECF no. 27.

3

This argument misses the mark for two reasons.  First, the question of the sufficiency of the complaint relates solely to the motion to dismiss for failure to state a claim upon which relief may be granted, not to the motion to dismiss for lack of subject matter jurisdiction, and plaintiffs fail to cite any case law that would permit the Court to enter a preliminary injunction without first considering the question of jurisdiction.

Second, considering the motion to dismiss for failure to state a claim concurrently with the motion to dismiss for lack of subject matter jurisdiction will conserve judicial resources, as either motion could result in the dismissal of the case and obviate the need for the Court to wade into the question of the merits of plaintiffs' request for injunctive relief.  Plaintiffs fail to cite any precedent showing an example of where a court has stayed a pending motion to dismiss for failure to state a claim in favor of considering a motion for a preliminary injunction.  Because the government's pending motion to dismiss for failure to state a claim may result in the complete dismissal of the case, it would be both judicially inefficient and inequitable to potentially grant a preliminary injunction that would stay the FLETF's listing decision and application of the UFLPA rebuttable presumption, thereby allowing the plaintiffs to import merchandise otherwise presumed to be prohibited from entry pursuant to the UFLPA, only to later dismiss the case.

To the extent that plaintiffs desire to file their response and reply briefs on an expedited schedule, the government has no objection.  The government asks only to be given reasonable time to file its reply brief in support of its pending motion to dismiss.  Finally, with respect to plaintiffs' request that a hearing be set for plaintiffs' motion for a preliminary injunction, the government defers to the sound discretion of the Court as to whether and when to hold a hearing; but, because the Court must decide the issue of its jurisdiction first, any hearing should take place after briefing on defendants' motion to dismiss is complete.

Finally, we are presently working on a motion to amend the operative protective order to clarify the definition of confidential information by noting that information designated as confidential cannot be shared with plaintiffs. Should the Court grant our forthcoming request and enter the amended protective order, the Government will then file a confidential version of the record with additional portions of the record unredacted.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiffs' expedited motion to amend the schedule.

            Respectfully submitted,

            BRIAN M. BOYNTON
            Principal Deputy Assistant Attorney General
            Civil Division

            PATRICIA M. McCARTHY
            Director

            CLAUDIA BURKE
            Deputy Director

            /s/ Justin R. Miller
      By: JUSTIN R. MILLER
            Attorney-In-Charge
            International Trade Field Office

            /s/ Monica P. Triana
            MONICA P. TRIANA
            Senior Trial Counsel

            /s/ Guy Eddon
            GUY EDDON
            Trial Attorney
            Department of Justice, Civil Division
            Commercial Litigation Branch
            26 Federal Plaza – Room 346
            New York, New York 10278
            Tel. (212) 264-9240 or 9230
Date: October 13, 2023    *Attorneys for Defendants*