UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

---

NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.,

          Plaintiffs,

v.

UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force,

          Defendants.

Court No. 23-00182

---

**MOTION FOR THE ENTRY OF**
**AN AMENDED PROTECTIVE ORDER**

    Defendants respectfully request that the Court enter the attached amended protective order governing the treatment of confidential information included in the Administrative Record for this case.  On October 13-15, 2023, counsel for the Government conferred with counsel for plaintiffs regarding whether plaintiffs agree to the proposed changes to the current protective order.  Counsel for plaintiffs indicated, on October 15th, that they cannot join with this motion and that they would file an opposition.

    Aware that the Government intended to file a confidential version of the Record with

significant portions of the current redactions removed, plaintiffs prematurely filed a motion to compel production of the entire record.  The filing of the confidential version of the Administrative Record – which will include only limited redactions to protect the identity of a confidential source – will obviate the majority of plaintiffs' motion, as we demonstrate below.

As this Court is aware, this action involves a challenge made by plaintiffs Ninestar Corporation and seven of its affiliates (collectively Ninestar or plaintiffs), asserting that the determination of the Forced Labor Enforcement Task Force (FLETF) to add them to the list of entities described in section 2(d)(2)(B) of the Uyghur Forced Labor Prevention Act (UFLPA), *see* P.L. 117-78 (Dec. 23, 2021), was without a "reasoned explanation" and therefore arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(a).  *See* Compl. ¶ 6.

On October 3, 2023, the Government filed the Administrative Record with the Court. *See* ECF No. 24(1) and 25(1).  Certain portions of the Record were redacted pursuant to Government privileges.  As we explained in our motion to dismiss, the Government is entitled to rely on privileged information, including confidential sources and other law enforcement sensitive material, to make listing decisions.  Indeed, the receipt of information from a confidential source served as the basis for the FLETF's decision to add plaintiffs to the UFLPA Entity List.  The imprudent release of information, particularly if it could identify confidential sources, could prove dangerous to those sources.  In the People's Republic of China (PRC), there are few individuals or entities in a position to know and share information about government-run labor programs.  Because the PRC employs pervasive surveillance that can combine with seemingly innocuous information to lead to the identification of sources, the United States must take particular care to preserve any information that could reveal source identity.  Revealing a source could prove extraordinarily dangerous to that source, potentially subjecting that source to

retribution. *China 2022 Human Rights Report*[1] at *1, Country Reports on Human Rights Practices for 2022, United States Department of State, Bureau of Democracy, Human Rights and Labor (noting that "Genocide and crimes against humanity occurred during the year against predominantly Muslim Uyghurs and members of other ethnic and religious minority groups in Xinjiang.  These crimes were continuing and included: the arbitrary imprisonment or other severe deprivation of physical liberty of more than one million civilians; forced sterilization, coerced abortions, and more restrictive application of the country's birth control policies; rape and other forms of sexual and gender-based violence; torture of a large number of those arbitrarily detained; and persecution including forced labor and draconian restrictions on freedom of religion or belief, freedom of expression, and freedom of movement.").  For these reasons, any disclosure requires significant scrutiny and extreme care.

      To allow for the greater exchange of information with plaintiffs' counsel and the Court, in particular of record information that is law enforcement sensitive, the Government seeks to amend the protective order that is currently on file with the Court to clarify the definition of confidential information to include law enforcement sensitive information or other similarly sensitive government information, including information designated as "for official use only."  We also wish to amend the protective order to make clear that information designated as confidential cannot be shared with plaintiffs.  Ninestar views the terms of the current protective order to already contain this limitation.  *See* Pls. Mot. to Compel at 3, CM/EFC Doc. No. 33.  In this respect, this proposed amendment does not change the material terms of the present protective order, but provides the necessary clarity.  Should the Court grant our request and enter the amended protective order, the Government will file a confidential version of the record with more portions of the record unredacted.  This less redacted record may very well address

---

[1] Available at, https://www.state.gov/wp-content/uploads/2023/03/415610_CHINA-2022-HUMAN-RIGHTS-REPORT.pdf.

Ninestar's concerns articulated in its motion to compel.[2]

In summary, to allow for additional information to be exchanged confidentially with plaintiffs' counsel and the Court, the Government respectfully requests that the Court enter the attached amended protective order.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        PATRICIA M. McCARTHY
        Director

        CLAUDIA BURKE
        Deputy Director

By:   /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Monica P. Triana
       MONICA P. TRIANA
       Senior Trial Counsel

       /s/ Guy Eddon
       GUY EDDON
       Trial Attorney
       Department of Justice, Civil Division
       Commercial Litigation Branch
       26 Federal Plaza – Room 346
       New York, New York 10278
       Tel. (212) 264-9240 or 9230
       *Attorneys for Defendants*

Dated:  October 18, 2023

---

[2] To the extent that there remains any live issue in Ninestar's motion to compel, we will respond to Ninestar's motion in the time allowed by the Court's rules.