UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, <br><br> Defendants. | Before: Gary S. Katzmann, Judge <br> Court No. 23-00182 |

**ORDER**

    Plaintiffs Ninestar Corporation and its affiliates bring this action against Defendants the

United States and component agencies and officials to challenge a decision by the Forced Labor

Enforcement Task Force ("FLETF") to add Plaintiffs to an entity list created by the Uyghur Forced

Labor Prevention Act ("UFLPA"). The UFLPA was enacted in December 2021 "to strengthen the prohibition against the importation of goods made with forced labor, including by ensuring that the Government of the People's Republic of China does not undermine the effective enforcement of section 307 of the Tariff Act of 1930 (19 U.S.C. § 1307)." UFLPA, Pub. L. 177-78, § 1(1), 135 Stat. 1525, 1525 (2021). Plaintiffs filed a motion for preliminary injunction, see Mot. for Prelim. Inj., Aug. 22, 2023, ECF No. 9, to which Defendants responded in opposition and moved to dismiss the case, see Defs.' Mot. to Dismiss, Oct. 3, 2023, ECF No. 25, and Plaintiffs filed a reply in support of the preliminary injunction, see Pls.' Reply, Oct. 13, 2023, ECF No. 30.

The court having held a status conference today at which all parties were represented, see Status Conference, Oct. 24, 2023, ECF No. 38; it is hereby:

**ORDERED** that Defendants' Motion for the Entry of an Amended Protective Order, Oct. 18, 2023, ECF No. 34, is **GRANTED**. The Amended Protective Order ("APO"), Oct. 18, 2023, ECF No. 34-1, is deemed filed. Such order and filing are without prejudice to the parties' rights to petition the court to further modify the terms of the APO, see id. ¶¶ 3, 15, or the parties' rights to challenge the designation of materials as confidential under the APO or as privileged, see id. ¶¶ 1–3; and it is further

**ORDERED** that Defendants file an updated confidential version of the Administrative Record, which will be governed by the terms of the now-filed APO, by 11:59 p.m. ET today, October 24, 2023, as represented by Defendants at today's Status Conference; and it is further

**ORDERED** that Defendants file a privilege log, satisfying the requirements of USCIT R. 26(b)(5)(A),[1] of all information withheld in the updated confidential version of the Administrative Record by 5 p.m. ET on Thursday, October 26, 2023; and it is further

---

[1] U.S. Court of International Trade Rule 26(b)(5)(A) reads in relevant part:

**ORDERED** that Plaintiffs' Motion to Compel the Unredacted Administrative Record, Oct. 17, 2023, ECF No. 33, is **DISMISSED AS MOOT**, without prejudice to filing a renewed motion to compel upon consultation with Defendants and after Defendants' production of the privilege log; and it is further

**ORDERED** that any party offering additional documents or exhibits that are not already filed or in the record must identify and file such documents or exhibits by Monday, October 30, 2023, cf. USCIT R. 26(a)(3)(A)(iii), 37(c)(1), in advance of the hearing scheduled for Thursday, November 2, 2023, at 10 a.m. ET in Courtroom No. 1, see Order, Oct. 16, 2023, ECF No. 32, on Plaintiffs' Motion for Preliminary Injunction, Aug. 31, 2023, ECF No. 20.

/s/     *Gary S. Katzmann*
       Judge

Dated: October 24, 2023
       New York, New York

---

(5) Claiming Privilege or Protecting Trial-Preparation Materials.

(A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.