## UNITED STATES COURT OF INTERNATIONAL TRADE

NINESTAR CORPORATION, ZHUHAI
NINESTAR INFORMATION
TECHNOLOGY CO., LTD., ZHUHAI
PANTUM ELECTRONICS CO., LTD.,
ZHUHAI APEX MICROELECTRONICS
CO., LTD., GEEHY SEMICONDUCTOR
CO., LTD., ZHUHAI G&G DIGITAL
TECHNOLOGY CO., LTD., ZHUHAI
SEINE PRINTING TECHNOLOGY CO.,
LTD., and ZHUHAI NINESTAR
MANAGEMENT CO., LTD.,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA;
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES CUSTOMS
AND BORDER PROTECTION; FORCED
LABOR ENFORCEMENT TASK FORCE;
ALEJANDRO MAYORKAS, in his official
capacity as the Secretary of the Department
of Homeland Security; TROY A. MILLER,
in his official capacity as the Senior Official
Performing the Duties of the Commissioner
for U.S. Customs and Border Protection; and
ROBERT SILVERS, in his official capacity
as Under Secretary for Office of Strategy,
Policy, and Plans and Chair of the Forced
Labor Enforcement Task Force,

        Defendants.

Before:  Gary S. Katzmann, Judge
Court No. 23-00182

## <u>ORDER</u>

The court having received Defendants' Privilege Log, <u>see</u> Privilege Log, Oct. 26, 2023,

ECF No. 43, and noting the parties' obligations under 28 U.S.C. § 2635(d) and USCIT

Court No. 23-00182                                                                                      Page 2

Administrative Order 21-01 (Jan. 29, 2021) (attached), and as well as the potential for <u>in camera</u>

review by the court, <u>see</u> 28 U.S.C. § 2635(d)(2)[1]; it is hereby:

      **ORDERED** that, pursuant to the procedures outlined in Administrative Order 21-01,

Defendants deliver five paper copies of a motion to treat certain portions of the administrative

record as highly sensitive documents[2] and file a public version of that motion on CM/ECF in

accordance with the court's rules; and it is further

      **ORDERED** that, by attachment to the paper motion only, Defendants deliver five paper

copies of the fully unredacted administrative record[3]; and it is further

      **ORDERED** that the five paper copies of the motion and fully unredacted administrative

record are delivered to the Clerk of the Court, U.S. Court of International Trade, One Federal

Plaza, New York, NY 10278, following the double packaging and labeling instructions set forth

in USCIT Administrative Order 02-01 § 7(e) with labels addressed only to the court, by Monday,

October 30, 2023, at 1 p.m. ET.

<u>/s/     Gary S. Katzmann</u>
Judge

---

[1] "The agency shall identify and transmit under seal to the clerk of the court any document, comment, or other information that was obtained on a confidential basis and that is required to be transmitted to the clerk under paragraph (1) of this subsection. . . . The confidential <u>or privileged</u> status of such material shall be preserved in the civil action, but the court may examine such material in camera and may make such material available under such terms and conditions as the court may order." <u>Id.</u> § 2635(d)(2) (emphasis added).

[2] <u>See</u> Admin. Order 21-01, at 1.

[3] A public version of the administrative record has already been filed with the court via CM/ECF, Non-Conf. Admin. R., Oct. 3, 2023, ECF No. 24-1, in a manner consistent with the court's rules on electronic filing, <u>see</u> USCIT R. 5(d)(3), 5(g). Nothing in this order will be construed to prejudice the parties' rights to petition the court to further modify the terms of the Amended Protective Order ("APO"), <u>see</u> APO ¶¶ 3, 15, Oct. 18, 2023, ECF No. 34-1, or the parties' rights to challenge the designation of materials as confidential under the APO or as privileged, <u>see id.</u> ¶¶ 1–3; <u>see also</u> Order, Oct. 24, 2023, ECF No. 39.

Dated: <u>October 27, 2023</u>
          New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

IN RE:
FILING AND SERVICE OF
HIGHLY SENSITIVE
DOCUMENTS ON PAPER
AND
CI AND BPI DOCUMENTS ON
THE CM/ECF SYSTEM

## ADMINISTRATIVE ORDER 21-01

In response to recent disclosures of breaches of both private sector and government computer systems, federal courts are adopting new security procedures pertaining to court filings of documents containing "highly sensitive" information (hereinafter "HSDs"). This Order takes precedence over any previous notices or orders by the Court (although not orders by individual judges) with which it is inconsistent.

Effective immediately, the Court's January 8, 2021, Notice instructing parties not to file documents containing confidential information ("CI") or Business Proprietary Information ("BPI") on the Court's Case Management/Electronic Case Files system ("CM/ECF") is hereby rescinded. Also effective immediately, the Court reinstates all previous procedures for the filing of CI and BPI on CM/ECF, with an exception requiring the paper filing of HSDs as provided herein.

HSDs are limited to documents containing information that has such a high level of sensitivity as to present a clear and compelling need to avoid filing on the existing CM/ECF system, such as certain privileged information or information the release of which could pose a danger of physical harm to any person. The Court has very rarely received filings qualifying as HSDs; therefore, it is anticipated that most, if not all, documents containing CI and BPI may continue to be filed under seal in the Court's CM/ECF system. This new exception does not alter current policies or procedures regarding public access to Court records because sealed records are not available to the public.

**Page 2**

HSDs must be filed in paper format. HSDs may not be uploaded to CM/ECF. To file a proposed HSD, a party must file a motion, in paper format with five (5) copies, explaining why the document should be accorded HSD treatment, and attach to the motion five (5) copies of the proposed HSD, submitted in paper format.  Such motion must be filed no later than the deadline for filing the proposed HSD.  If the highly sensitive information in such filing appears on five (5) pages or fewer, then the proposed HSD submission may consist solely of those pages containing the highly sensitive information (five copies of such pages for the Court).

The proposed HSD submission shall be delivered to the Clerk of the Court, United States Court of International Trade, One Federal Plaza, New York, New York 10278–0001, following the double packaging and labeling instructions set forth in USCIT Admin. Order No. 02-01 at 7(e). Submission of the motion and attachment must otherwise comply with the rules of the Court. A public version of the submission must be filed on CM/ECF in accordance with the Court's rules.

Upon filing, a party shall serve the motion with the proposed HSD pursuant to Rule 5 of the Court's rules and shall file proof of service on CM/ECF.  See USCIT R. 5(f). Whether a document is an HSD shall be resolved by the presiding Judge or, if the case is unassigned, the Motion Part Judge.

Any non-public filings that were due in the period from, and including, January 8, 2021, through the effective date of this Order shall be filed on CM/ECF or pursuant to the HSD procedures within 7 days of the effective date of this Order, unless the Court provides another date.  Filing on CM/ECF or pursuant to the HSD procedures is required even in individual cases in which the Judge required filings in paper format.

IT IS SO ORDERED.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: January 29, 2021
New York, New York