**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Before: Gary S. Katzmann, Judge<br>Case No. 23-00182 |

## JOINT STATUS REPORT

The parties respectfully submit this status report regarding their progress working on a path towards a non-litigated resolution of this matter.

As noted in the November 13, 2023 status report, the parties have continued to negotiate a process for FLETF's consideration of a request for removal from the UFLPA entity list by Ninestar. *See* ECF No. 55. To facilitate those discussions, the Court postponed the hearing on Plaintiffs' motion for a preliminary injunction to December 7; extended the due date for Plaintiffs' response to Defendants' motion to dismiss until December 12; and ordered the parties to file a status report regarding their efforts by December 4. ECF No. 56.

The parties have not reached an agreement on a mutually acceptable protocol.

## PLAINTIFFS' POSITION

Plaintiffs state that they remain open to ongoing discussions with Defendants to resolve this matter expeditiously and without unnecessary litigation. However, given the parties' inability to agree on a mutually agreeable resolution process and in view of the serious, ongoing, and irreparable harm they are suffering daily on account of the listing decision, they can no longer delay this litigation to facilitate those negotiations. Plaintiffs thus intend on proceeding with the hearing on Plaintiffs' motion for a preliminary injunction and briefing on Defendants' motion to dismiss as currently scheduled by the Court. Plaintiffs also anticipate filing a motion seeking to unseal and unredact additional portions of the Administrative Record and a motion seeking leave to add several claims to their complaint.

## DEFENDANTS' POSITION

Defendants state that, although the parties have engaged in discussions as to a possible non-litigation alternative, the parties have not reached an agreement. Plaintiffs have represented to us that they intend to move to amend their complaint to add three claims by which they will

challenge the substance of the determination made by the FLETF to add Ninestar and its subsidiaries to the UFLPA Entity List. Specifically, plaintiffs have stated that they will seek, in an amended complaint, to assert that the FLETF determination was arbitrary and capricious and contrary to statutory authority.

Absent such an amendment, the sole substance of plaintiffs' claim—and the sole basis for plaintiffs' preliminary injunction motion—is a procedural challenge to the FLETF's determination to add them to the UFLPA Entity List. That is, plaintiffs contend that they were not provided with a "reasoned explanation" for their addition to the UFLPA Entity List. *See* Compl., ¶ 6, Prayer for Relief, ¶ (1). Defendants have since provided the administrative record which includes the factual bases supporting the FLETF's determination. In this status report, plaintiffs claim that they are injured irreparably "on account of the listing decision" itself, and not due to the previously argued procedural basis. Accordingly, it would be inefficient both for the Court and the parties to hold a preliminary injunction hearing solely on the procedural claims before the Court rules on plaintiffs' motion to amend their complaint. Therefore, the Government respectfully requests that the hearing scheduled for December 7, 2023 be canceled and that the Court instead hold a status conference to discuss further proceedings in the case, including whether plaintiffs intend to proceed expeditiously to a motion for judgment on the agency record.

**PLAINTIFFS' RESPONSE**

Because Defendants have chosen to offer substantive arguments and to seek relief in this "status report," *see* ECF No. 56, Plaintiffs offer this brief response.

The Government once again seeks delay. The Government claims first that Plaintiffs are newly contending that the listing decision itself, rather than Defendants' procedural errors,

causes their harm.  That is false; we have argued consistently that "[a]s a result *of the Listing Decision*, Ninestar has suffered substantial, irreparable injuries."  ECF No. 9 at 12 (Aug. 22, 2023) (emphasis added); *see also* ECF No. 8 ¶¶ 57–62 (Aug. 22, 2023) (seeking vacatur of the listing decision).  Plaintiffs have also been consistent that with more facts they would add more claims.  *See* ECF No. 58 at 9–10 (citing ECF No. 8 ¶ 46).

The Government's bid for postponement is dilatory.  This Status Report introduces nothing new, and the Government could have moved at any point in the last five weeks.  Indeed, the Government has previously argued that the preliminary-injunction hearing should be delayed, ECF No. 29 at 4, which request the Court has rejected repeatedly, *see, e.g.*, ECF No. 32.  Nor does the prospect of an amended complaint warrant delay.  For one thing, the pending motion stands on its own regardless of what additional claims Plaintiffs may add.  For another, these new claims are being added only now because of the Government's decision to conceal most of the record.[1]  And in any event, Plaintiffs gave Defendants the draft amended complaint on November 20, yet until 5:23 PM today they said nothing of delay.

The preliminary injunction hearing should proceed on the date this Court set three weeks ago—December 7.  That motion—including the very issue Defendants' identify, the legal effect of the filing of the Administrative Record—is fully briefed and ripe for decision at Thursday's hearing.  *See* ECF No. 25 at 41 ("The Filing Of The Administrative Record Has Mooted Plaintiffs' Claims."); ECF No. 30 at 15–19 (explaining why filing of Administrative Record has not mooted claim).  The Government's argument goes only to the *provision* of an explanation, not whether it was *legally adequate*.  *See* ECF No. 9 at 16.  And, as the Court weighs the preliminary injunction criteria on a sliding scale, the Government's claims would at most impact

---

[1] Plaintiffs also held off seeking leave to amend their Complaint and seeking to unseal the record while the parties attempted to negotiate a delisting process.

the balancing, not determine the outcome.  *Id.* at 15–16.  To the extent the parties or the Court believe Plaintiffs' forthcoming amendment impacts the merits of the preliminary-injunction calculus, the parties can simply submit supplemental briefing.

Dated:  December 4, 2023

           Respectfully submitted,

           */s/ Gordon D. Todd*

           MICHAEL E. MURPHY
           GORDON D. TODD
           MICHAEL E. BORDEN
           CODY M. AKINS
           SIDLEY AUSTIN LLP

           1501 K Street, N.W.
           Washington, D.C. 20005
           (202) 736-8760
           gtodd@sidley.com

           *Counsel for Plaintiffs*


           BRIAN M. BOYNTON
           Principal Deputy Assistant Attorney General
           Civil Division

           PATRICIA M. McCARTHY
           Director

           CLAUDIA BURKE
           Deputy Director

           */s/ Justin R. Miller*
By:    JUSTIN R. MILLER
           Attorney-In-Charge
           International Trade Field Office

           */s/ Monica P. Triana*
           MONICA P. TRIANA
           Senior Trial Counsel

                /s/ Guy Eddon
                GUY EDDON
                Trial Attorney
                Department of Justice, Civil Division
                Commercial Litigation Branch
                26 Federal Plaza – Room 346
                New York, New York 10278
                Tel. (212) 264-9240 or 9230
                *Attorneys for Defendants*