

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8760
GTODD@SIDLEY.COM

December 6, 2023

**Via CM/ECF**

The Honorable Gary S. Katzmann
U.S. Court of International Trade
1 Federal Plaza
New York, New York 10278

      Re:    Preliminary Injunction Hearing Scheduled for Dec. 7
                *Ninestar et al. v. United States et al.*, No. 23-00182

Dear Judge Katzmann,

      Plaintiffs Ninestar Corporation and affiliates respectfully submit this letter to further address the issue discussed during yesterday's status conference, specifically whether the Court should proceed with the hearing on Plaintiffs' motion for a preliminary injunction scheduled for December 7, 2023. For the following reasons, the hearing should proceed as scheduled, with supplemental briefing to follow as necessary.

      The Government's recommendation that the hearing be taken off the calendar turns on the contention that Plaintiffs' existing claim under 5 U.S.C. § 706(2)(A) relates *exclusively* to whether the Government has produced any explanation for its listing decision, and that this claim has been fully remediated by production of the Administrative Record. Neither is accurate.

      First, the Government's argument that its filing of the record qualifies as an explanation of any sort (let alone an adequate and reasoned one) elides the threshold question of whether the UFLPA allows the Government to supply its explanation *post hoc*, in part, and under seal, or whether the UFLPA requires an adequate, reasoned, contemporaneous, and public explanation. This issue is briefed and ready for disposition on Thursday, *see* PI Motion, ECF No. 20, at 17–18; Response, ECF No. 25, at 36–38; Reply, ECF No. 30, at 13–15, and is unaffected by the filing of the Administrative Record. *See* Reply at 15–16 (arguing agency's "explanation must be 'made available to the parties or to the public at large'" (quoting *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1346 (Ct. Int'l Trade 2020))).

      Second, assuming *arguendo* that the Government may cure its failure to provide a public explanation by filing the Administrative Record, it remains to be determined whether the record filed in this case actually constitutes an adequate and reasoned explanation. Again, this issue has been fully briefed and remains unresolved. The government contends that the Administrative

# SIDLEY

Page 2

Record filed on October 3 gave Plaintiffs "th[e] explanation" their "sole claim" sought, Response at 42, while Plaintiffs counter that the heavily redacted October 3 Administrative Record "simply do[es] not provide an adequate explanation." Reply at 16. The Government argued during Tuesday's status conference that if the hearing moves forward, Plaintiffs should be restricted to issues raised in the briefing. In the event the Court adopts that approach, it should be applied evenly to also prevent the Government from relying on its later-filed, less redacted record as a basis for a reasoned explanation.

Third, even if the Court does take into account the later-filed and less redacted confidential record, that still does not fully resolve Plaintiffs' claim. As an initial matter, as illustrated by our pending motion to unseal the record, ECF No. 60, the Government continues to withhold improperly large portions of the record from the very party to which the APA requires a reasoned and adequate explanation, our clients. Moreover, this argument rests on the incorrect contention that Ninestar is seeking only an explanation of any sort, as opposed to substantive relief from the Government's listing decision. In both the Joint Status Report and again during yesterday's conference, the Government repeatedly misrepresented Plaintiffs' § 706 claim. From the beginning, Plaintiffs' have protested both FLETF's failure to explain itself to Ninestar and the *adequacy* of FLETF's explanation. *See, e.g.*, Compl., ECF No. 19, at ¶ 62 (alleging listing decision was "arbitrary and capricious" because FLETF both "failed to provide an adequate explanation" and "failed to provide *any* explanation"); PI Motion at 17 (same). That issue is also ready for decision on Thursday.

During the status conference, the Government worried that Defendants would be raising issues based on the later-disclosed record going beyond the briefing, which the Government has not had a chance to address. There is great irony in this, as the Government is itself holding out that later-disclosed record as grounds to moot the hearing entirely. But in any event, to the extent the hearing includes argument based on the later disclosed record, the Government has no one to blame but itself. It was the Government, not Ninestar, that ignored this Court's procedures regarding filing the Administrative Record, and met the Court's October 3 deadline by filing a mostly redacted confidential record.

In any event, any additional points would still fit comfortably within the claim pleaded in the operative complaint. Our Complaint alleged both failure to provide an explanation at all and failure to provide an adequate, reasoned explanation. *E.g.*, Compl. ¶ 61 ("The requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result."); *accord id.* ¶¶ 57–62 & Prayer for Relief. As courts have noted, an adequate, reasoned explanation must rationally relate the facts found to the decision made, cannot be based on rumor or speculation, and may not omit important and conspicuous issues. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Invenergy Renewables v. United States*, 552 F. Supp. 3d 1382, 1402–03 (Ct. Int'l Trade 2021). The

# SIDLEY

Page 3

Government now points to the later-filed Administrative Record as satisfying or rebutting those arguments, and Plaintiffs should be allowed to respond to explain why the record does not do so.

Defendants cannot be heard to point to their own shortcoming as a basis for depriving Ninestar of a timely hearing on its motion. This is particularly the case when the Government could have raised this argument at any time after filing the mostly unredacted record, but instead waited until the eve of the hearing. The Government has not identified any credible claim of undue prejudice. Plaintiffs' counsel and the Government have had plenty of time to review the Confidential Administrative Record and assess whether it meets the APA's reasoned-explanation requirement. Additional facts in the record go solely to the "likelihood of success" inquiry, and to the extent the Court deems it useful, the parties can timely file targeted, supplemental briefing after the hearing.

Finally, the Government contends that the hearing should be postponed or cancelled on account of Plaintiffs' contemporaneously filed Amended Complaint. Again, this request is misplaced and reflects a lack of understanding of the different APA theories at issue. Plaintiffs' existing claim challenges the sufficiency of the government's explanation; Plaintiffs' additional claims will challenge the Listing Decision as contrary to law and not supported by substantial evidence. While to be sure these claims rely on similar factual predicates, they are legally distinct.

At the status conference, counsel for the Government repeatedly characterized our existing claim challenging the listing decision as arbitrary and capricious for failure to provide an adequate and reasoned decision as purely "procedural." That is wrong. Agency action can be insufficient in this regard *either* because it is not "reasonable" *or* because it is not "reasonably explained." *See FCC v. Prometheus Radio Proj.*, 141 S. Ct. 1150, 1158 (2021). If an agency offers a cogent explanation for an ultimately unreasonable decision, then it must be set aside. *See Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 745 F.2d 677, 683–84 (D.C. Cir. 1984) (Scalia, J.). And if an agency makes a reasonable decision without any explanation for its choice, then it too must be set aside. *See Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1325 (Fed. Cir. 2017). Either way, the agency's action is unlawful.

Plaintiffs newly-pled Counts 2, 3 and 4 challenge not the adequacy of the explanation but rather plead that the Listing Decision was contrary to law and not supported by substantial evidence. While these additional claims rely on many of the same facts, they are legally distinct. An example from Ninestar's proposed amended complaint helps illustrate the point. The amended complaint alleges that FLETF's reliance on stale evidence renders the listing decision unlawful. This fact supports three distinct legal bases for infirmity: first, FLETF *exceeded its statutory authority* in adding Ninestar to the entity list based on pre-UFLPA conduct because the UFLPA does not apply retroactively; second, FLETF acted arbitrary and capriciously because, to the extent it relied on evidence of past conduct to make a finding about present conduct, it *failed to adequately explain* that link; and third, FLETF acted arbitrarily and capriciously because its conclusion that

# SIDLEY

Page 4

Ninestar violated the UFLPA in 2023 is *not supported by substantial evidence*. These claims are factually related, but each provides a legally independent basis for concluding that the listing decision is unlawful.

Plaintiffs' appreciate the commitment counsel for the Government made at the status conference to the "most expeditious" resolution of the substance of Ninestar's claims. And, Plaintiffs agree that this matter should most likely be resolved on motions for judgment on the record. That, however, will still take significant time. Precisely what constitutes the record, and how much of it must be disclosed, remain to be determined. Plaintiffs may have to seek to supplement the record in some critical respects. And cross-motions for judgment will alone take months. All the while, Ninestar continues to suffer daily and grievous injury. Preliminary injunctive relief exists to redress precisely such a situation—to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The hearing should proceed as scheduled.

Sincerely,

Gordon D. Todd
*Counsel for Plaintiffs*