## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Before: Gary S. Katzmann, Judge<br>Case No. 23-00182 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED SCHEDULE**

Plaintiffs Ninestar Corporation and affiliates (collectively "Ninestar") respectfully respond to Defendants' Proposed Schedule. ECF No. 66.[1] Plaintiffs oppose Defendants' Proposed Schedule for the following reasons:

(1) Plaintiffs' pending motion for preliminary injunctive relief is not moot for the reasons stated in Plaintiffs' letter filed separately today. ECF No. 65. Plaintiffs submitted that letter pursuant to the Court's invitation for such filings at yesterday's status conference. Plaintiffs asked for Defendants' position on the request in that letter prior to filing, but Defendants did not respond.

(2) The schedule makes no allowance for expedited briefing on a renewed motion for preliminary injunctive relief.

(3) Further delay of preliminary injunctive relief magnifies the harm to Ninestar.

(4) The proposed schedule has Ninestar briefing judgment on the record prior to resolution of the pending motion to unseal and unredact the record, meaning Ninestar's counsel will still not have the full record and will still be unable to consult with their client as to the accuracy of the record.

(5) The schedule makes no allowance for a motion to supplement the record, which could address *inter alia* the record's failure to include foundational documents and inclusion of incorrect translations.

(6) The proposal has the parties briefing a motion for preliminary relief, a motion for judgment, a motion to dismiss, and the motion to unseal simultaneously, all on a compressed and unrealistic timeframe. Even if this schedule was plausible, which it is not, Ninestar would continue to suffer irreparable harm into at least April and

---

[1] For convenience, Plaintiffs asked that this statement be included with Defendants' filing, but Defendants declined.

2

possibly further. *But see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

Plaintiffs welcome expedited resolution of this matter, but that should start with a hearing on the pending motion for preliminary relief. Once the Court decides whether to continue with tomorrow's hearing, Plaintiffs would be glad to propose an alternative schedule or work with the Government on a mutually agreeable schedule.

Dated: December 6, 2023

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*