UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., | : | |
|  | Plaintiffs, | |
|  | v. | Court No. 23-00182 |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, | : | |
|  | Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' LETTER BRIEF OF DECEMBER 6th**

Pursuant to the Court's order of December 6, 2023 (ECF no. 68), defendants respectfully provide this short response to plaintiffs' letter brief filed this day (ECF no. 65), which plaintiffs initially submitted without requesting this Court's leave. Although Plaintiffs' letter brief is primarily focused on arguing that the preliminary injunction hearing "should proceed as scheduled," Pls' Letter Br. at 4, the Court's order postponing the hearing has now rendered that issue obsolete. The Court further directed plaintiffs to propose an alternative schedule or work with the Government on a mutually agreeable schedule for further proceedings in light of the

plaintiffs' amended complaint. Order, ECF no. 68. The Government stands ready to work with plaintiffs to reach a mutually agreeable schedule that accounts for the briefing of anticipated dispositive motions as well as the resolution of any record issues. *Id.*

The question until today was whether there was any utility in going forward with a preliminary injunction hearing when the plaintiffs have received an explanation for the FLETF's listing decision—an explanation that plaintiffs did not have when they filed their original complaint. This is a critical change to the case. Plaintiffs' amendment of their complaint confirms that the now-postponed injunction hearing would have addressed the wrong issues had it been held tomorrow—at least on the likelihood of success on the merits.

As for the other injunction factors, plaintiffs' position in their letter brief and subsequent opposition (ECF no. 67) to the Government's proposed briefing schedule, all filed the same day, do nothing to upset the significant weight in our favor. On the one hand, in their letter brief, plaintiffs contend that "Ninestar continues to suffer daily and grievous injury," and therefore demand a "timely hearing on its motion [for a preliminary injunction]." Letter Br. at 3-4. At the same time, plaintiffs opposed the Government's proposed briefing schedule because "[t]he proposal has the parties briefing a motion for preliminary relief, a motion for judgment, a motion to dismiss, and the motion to unseal simultaneously, all on a compressed and unrealistic timeframe." Pls' Resp. to Defs' Proposed Schedule at 2 (ECF no. 67). Plaintiffs' counsel agree that they "have had plenty of time to review the Confidential Administrative Record and assess whether it meets the APA's reasoned-explanation requirement," Letter Br. at 3, but nevertheless contend that the record is incomplete and potentially inaccurate. Pls' Resp. to Defs' Proposed Schedule at 2.

Our position is, and always has been, that any discussion of injunctive relief—an extraordinary and disfavored remedy—be based upon the actual live issues before the Court, and not issues that have been superseded by amended pleadings. Rather than be required to

adjudicate a flurry of overlapping motions on new and old claims, the parties should move expeditiously towards a final resolution of this matter. The Court should adjudicate any record issues, after which the parties should file dispositive motions.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General
          Civil Division

          PATRICIA M. McCARTHY
          Director

          CLAUDIA BURKE
          Deputy Director

By:   /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Monica P. Triana
       MONICA P. TRIANA
       Senior Trial Counsel

       /s/ Guy Eddon
       GUY EDDON
       Trial Attorney
       Department of Justice, Civil Division
       Commercial Litigation Branch
       26 Federal Plaza – Room 346
       New York, New York 10278
       Tel. (212) 264-9240 or 9230
       *Attorneys for Defendants*

Dated: December 6, 2023