UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Before: Gary S. Katzmann, Judge<br>Case No. 23-00182 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED SCHEDULE**

The Ninestar Plaintiffs respectfully object to the Government Defendants' revised proposed schedule, ECF No. 75, on the following grounds:

1. The Government's proposal to limit supplemental briefing on Ninestar's preliminary injunction (PI) motion to Claims 2, 3, and 4 would prevent the parties from addressing how the later-filed Administrative Record bears on Claim 1. *See* ECF No. 65. PI briefing concluded on October 13, *see* ECF No. 30, but the Government did not file the current Administrative Record until October 24, *see* ECF No. 41. As the Government admits, that filing was "a critical change to the case," ECF No. 70, and the parties should address how it affects the pending motion.

2. The Government's proposal denies Ninestar a supplemental reply in support of the PI motion. As the briefing will address new claims and a vastly expanded Administrative Record, a reply would be of assistance to the Court.

3. The Government delays its response to Ninestar's motion to unseal and unredact the Administrative Record until January 5, which is 10 days later than its existing due date. *See* CIT Rules 6(a)(1), 6(a)(6), & 7(d). It also defers oral argument, and thus disposition, of that motion until after Ninestar files its motion for judgment, depriving Ninestar's counsel of any possibility of consulting with their clients about the Administrative Record or viewing additional unredacted material prior to moving for judgment, creating the risk that Ninestar's briefing on a critical motion will not address the full Administrative Record ultimately before the Court.

4. The Government also denies Ninestar a reply in support of the motion to unseal and unredact the Administrative Record. The Government bears the burden of demonstrating the propriety of its designation of confidential material and its redactions. *See* ECF No. 60 at 5, 14–15. To date, the Government's only explanation appears in its perfunctory privilege log. ECF No. 43. As Ninestar had to move without the benefit any detailed justification, a reply will be necessary to address whatever new arguments the Government tenders.

Dated: December 7, 2023

                                            Respectfully submitted,

                                            */s/ Gordon D. Todd*

                                            MICHAEL E. MURPHY
                                            GORDON D. TODD
                                            MICHAEL E. BORDEN
                                            CODY M. AKINS
                                            SIDLEY AUSTIN LLP

                                            1501 K Street, N.W.
                                            Washington, D.C. 20005
                                            (202) 736-8760
                                            gtodd@sidley.com

                                            *Counsel for Plaintiffs*