UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. GARY S. KATZMANN

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Before: Gary S. Katzmann, Judge<br>Case No. 23-00182 |

## ANSWER TO AMENDED COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, Defendants respond to the allegations of plaintiffs' Amended Complaint as follows:

1

The unnumbered introductory paragraph identifies the parties, and constitute plaintiffs' characterization of their case, to which no response is required.

1. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent a response is required, denies.

2. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the Uyghur Forced Labor Prevention Act (UFLPA), *see* P.L. 117-78 (Dec. 23, 2021), otherwise denies.

3. Admits the allegations contained in this paragraph to the extent supported by the Federal Register Notice, *Notice Regarding the Uyghur Forced Labor Prevention Act Entity List*, 88 Fed. Reg. 38,080 (June 12, 2023), otherwise denies. The remaining allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required. To the extent a response is required, denies.

4. Admits the allegations in the first sentence of this paragraph to the extent supported by the Federal Register Notice, *Notice Regarding the Uyghur Forced Labor Prevention Act Entity List*, 88 Fed. Reg. 38,080 (June 12, 2023), otherwise denies. The remaining allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required. To the extent a response is required, denies.

5. Admits the allegation in the first sentence of this paragraph to the extent supported by the Administrative Record, otherwise denies. The allegations contained in the second sentence constitute characterizations of plaintiffs' case and conclusions of law to which no response is required. To the extent they are deemed allegations of fact, denies.

6. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

7. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

8. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

9. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

10. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

11. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

12. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

13. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

14. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

15. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

16. Admits that the Department of Homeland Security (DHS) is a federal agency headquartered in the District of Columbia.  Admits that Robert Silvers is the DHS Under Secretary for Strategy, Policy, and Plans and the chair of the FLETF, otherwise denies.

17. Admits.

18. These allegations consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the referenced laws, otherwise denies.

19. Admits that Alejandro Mayorkas is the Secretary of Homeland Security and that he has the ultimate responsibility for the activities of DHS and CBP. The remaining allegations consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies.

20. Admits that Troy A. Miller is the Senior Official Performing the Duties of the Commissioner of CBP and that he maintains an office at 1300 Pennsylvania Avenue, N.W., Washington, D.C., 20229. The remaining allegations consist of legal arguments and/or conclusions of law to which no response is required.

21. Admits that Robert Silvers is the DHS Under Secretary for Strategy, Policy, and Plans and the chair of the FLETF. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

22. This allegation consists of legal argument and/or conclusions of law to which no response is required.

23. This allegation consists of legal argument and/or conclusions of law to which no response is required.

24. This allegation consists of legal argument and/or conclusions of law to which no response is required.

25. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the referenced law, otherwise denies.

26. These allegations consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits to the extent supported by the referenced laws and executive order, otherwise denies.

27. These allegations consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits the first sentence to the extent supported by the United States-Mexico-Canada Agreement Implementation Act, Pub. L. No. 116-113, 134 Stat. 11 (2020) and Executive Order 13923, *Establishment of the Forced Labor Enforcement Task Force Under Section 741 of the United States-Mexico-Canada Agreement Implementation Act*, 85 Fed. Reg. 30,587 (May 15, 2020), otherwise denies.  Admits the second sentence.

28. These allegations consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits to the extent supported by the referenced laws, otherwise denies.

29. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the UFLPA, otherwise denies.

30. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the UFLPA, otherwise denies.

31. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent it is deemed an allegation of fact, admits to the extent supported by the Administrative Record, otherwise denies.

32. This allegation consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits to the extent supported by the UFLPA, otherwise denies.

33. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the UFLPA, otherwise denies.

34. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the referenced website, otherwise denies.

35. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

36. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

37. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

　　i. Admits the allegations in this subparagraph to the extent supported by the Administrative Record, otherwise denies.

　　ii. Admits the allegations in this subparagraph to the extent supported by the Administrative Record, otherwise denies.

　　iii. Admits the allegations in this subparagraph to the extent supported by the Administrative Record, otherwise denies.

　　iv. Admits the allegations in this subparagraph to the extent supported by the Administrative Record, otherwise denies.

　　v. Admits the allegations in this subparagraph to the extent supported by the Administrative Record, otherwise denies.

38. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

39. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

40. Admits the first sentence.  Admits the second sentence to the extent supported by the Federal Register Notice, *Notice Regarding the Uyghur Forced Labor Prevention Act Entity List*, 88 Fed. Reg. 38,080 (June 12, 2023), otherwise denies.

41. Admits the allegations in the first sentence of this paragraph to the extent supported by the Federal Register Notice, *Notice Regarding the Uyghur Forced Labor Prevention Act Entity List*, 88 Fed. Reg. 38,080 (June 12, 2023), otherwise denies.  Admits the allegations in this paragraph to the extent supported by the docket, otherwise denies.

42. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

43. Admits the allegations in this paragraph to the extent supported by the Administrative Record, otherwise denies.

44. Denies the allegation in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

45. Admits the allegations in this paragraph to the extent supported by the Federal Register Notice, *Notice Regarding the Uyghur Forced Labor Prevention Act Entity List*, 88 Fed. Reg. 38,080 (June 12, 2023), otherwise denies.

46. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent they are deemed allegations of fact, denies.

47. Denies the allegation in the first sentence of this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.  The allegation contained in the second

sentence of this paragraph is a conclusion of law to which no response is required; to the extent it is deemed an allegation of fact, denies.

48. The allegation in this paragraph constitutes plaintiffs' characterization of their case and conclusion of law to which no response is required; to the extent it is deemed an allegation of fact, denies.

49. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

50. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

51. The allegation in this paragraph constitutes plaintiffs' characterization of their case, legal argument and/or a conclusion of law to which no response is required; to the extent a response is necessary, denies.

52. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent a response is required, admits that some entries involving merchandise manufactured by Ninestar have been detained on the basis of the listing decision, otherwise denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

53. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

54. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

55. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

56. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

57. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent a response is required, denies.

58. The allegations in this paragraph constitute plaintiffs' characterizations of their case and conclusions of law to which no response is required; to the extent a response is required, denies.

59. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

60. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

61. Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 60 of the Amended Complaint, as if fully set forth herein.

62. This allegation consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required for this legal argument, denies.  To the extent it is deemed an allegation of fact, admits to the extent supported by the Administrative Record, otherwise denies.

63. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

64. This allegation consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits to the extent supported by the referenced law, otherwise denies.

65. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the referenced cases, otherwise denies.

66. These allegations consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required for this legal argument, denies. To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

67. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for this legal argument, denies. To the extent it is deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

68. These allegations consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required to this legal argument, denies. To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

69. Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 68 of the Amended Complaint, as if fully set forth herein.

70. These allegations consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is necessary, admits to the extent supported by the referenced cases, otherwise denies.

71. These allegations consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required to this legal argument, denies. To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

72. Defendants incorporates by reference their responses to the allegations in paragraphs 1 through 71 of the Amended Complaint, as if fully set forth herein.

73. These allegations consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits to the extent supported by the referenced cases, otherwise denies.

74. These allegations consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required to this legal argument, denies.  To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

75. These allegations consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required to this legal argument, denies.  To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

76. Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 75 of the Amended Complaint, as if fully set forth herein.

77. These allegations consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is necessary, admits to the extent supported by the referenced laws and cases, otherwise denies.

78. This allegation consists of legal argument and/or conclusions of law to which no response is required.  To the extent it is deemed an allegation of fact, admits to the extent supported by the Administrative Record, otherwise denies.

79. These allegations consist of legal arguments and/or conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, admits to the extent supported by the Administrative Record, otherwise denies.

**PRAYER FOR RELIEF**

This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, denies that plaintiffs are entitled to the relief requested.

**WHEREFORE**, defendants respectfully requests that judgment be entered dismissing this action, sustaining the decision of the Forced Labor Enforcement Task Force with respect to the decision to add plaintiffs to the UFLPA Entity List, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

By:   /s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel

/s/ Guy Eddon
GUY EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9240 or 9230

Date:  December 22, 2023            *Attorneys for Defendants*