# EXHIBIT B

PUBLIC VERSION

UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., | |
| Plaintiffs, | |
| v. | Court No. 23-00182 |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, | |
| Defendants. | |

**DECLARATION**

I, Christa Brzozowski, hereby state as follows:

1. I am the Acting Assistant Secretary for Trade and Economic Security, Office of Strategy, Policy, and Plans, Department of Homeland Security (DHS). The Assistant Secretary for Trade and Economic Security is the DHS official responsible for co-chairing the Uyghur Forced Labor Prevention Act (UFLPA) Entity List subcommittee, reviewing all UFLPA

1

Entity List recommendations prior to circulation to FLETF principals for review, reviewing the UFLPA Strategy and annual updates, reviewing all congressional correspondence related to the UFLPA and the FLETF, and coordinating with FLETF Member Agency counterparts on UFLPA Entity List recommendations as needed. I have held the position of Acting Assistant Secretary for Trade and Economic Security since November 2023. Prior to that date, I worked in the private sector and served as the Deputy Assistant Secretary for Foreign Investment and Trade Policy, Office of Strategy, Policy, and Plans, DHS.

2. Section 741 of the United States-Mexico-Canada Agreement Implementation Act established the Forced Labor Enforcement Task Force (FLETF) to monitor United States enforcement of the prohibition under section 307 of the Tariff Act of 1930, as amended (19 U.S.C. § 1307). The DHS Under Secretary for Strategy, Policy, and Plans serves as Chair of the FLETF, an interagency task force that includes the Department of Homeland Security, the Office of the U.S. Trade Representative, and the Departments of Labor, State, Justice, the Treasury, and Commerce (member agencies). In addition, the FLETF includes six observer agencies: the Departments of Energy and Agriculture, the U.S. Agency for International Development, the National Security Council, U.S. Customs and Border Protection (CBP), and U.S. Immigration and Customs Enforcement Homeland Security Investigations.

3. Congress passed and the President signed the UFLPA to strengthen the existing prohibition against the importation of goods into the United States made wholly or in part with forced labor and to end the systematic use of forced labor in the Xinjiang Uyghur Autonomous Region (Xinjiang). The UFLPA requires, among other things, that the

FLETF develop and maintain a list of entities described in section 2(d)(2)(B) of the UFLPA (the "UFLPA Entity List").

4. The UFLPA Entity List is a consolidated register of the four lists described in section 2(d)(2)(B) of the UFLPA: (1) a list of entities in Xinjiang that mine, produce, or manufacture wholly or in part any goods, wares, articles, and merchandise with forced labor; (2) a list of entities working with the government of Xinjiang to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or member of other persecuted groups out of Xinjiang; (3) a list of entities that exported products made by entities in lists 1 and 2 from the People's Republic of China into the United States; and (4) a list of facilities and entities, including the Xinjiang Production and Construction Corps, that source material from Xinjiang or from persons working with the government of Xinjiang or the Xinjiang Production and Construction Corps for purposes of the "poverty alleviation" program or the "pairing-assistance" program or any other government-labor scheme that uses forced labor.  In accordance with section 3(e) of the UFLPA, the importation of goods produced by entities identified on the UFLPA Entity List is presumed to be in violation of 19 U.S.C. § 1307 and prohibited from entry to the United States.

5. As the Acting Assistant Secretary for Trade and Economic Security, I am familiar with DHS and the FLETF's efforts to implement and enforce the UFLPA.  This declaration is based on my personal knowledge and information I have obtained in the course of my official duties and responsibilities.  I am aware that Ninestar Corporation and seven of its affiliates (collectively, "Ninestar"), have filed an action in the United States Court of

International Trade to challenge the determination by the FLETF to add Ninestar to the UFLPA Entity List.

6. I have personally reviewed the factual background of this case, including the information that has been designated attorney's eyes only that is contained in the following four documents in the government's administrative record:

    a. Attachment 1 to the Memorandum for the FLETF Member Agencies – UFLPA Entity List Package 23-002 and the attachments thereto;

    b. Ninestar Corporation and its Eight Zhuhai-Based Subsidiaries and Facilities: Uyghur Forced Labor Prevention Act – Forced Labor Enforcement TF Entity List Allegation Summary;

    c. Zhuhai-Based Subsidiaries of Ninestar and Overall Trade Impact; and

    d. UFLPA Entity List Recommendation: Ninestar Corporation.

7. I have personally reviewed the information that has been designated attorneys' eyes only in the four documents listed above and determined that this information, when considered as a whole, is law-enforcement-sensitive information, the disclosure of which would be contrary to the public interest and would impede the Department and the FLETF's efforts under the UFLPA to prevent the importation of goods made with forced labor. The compilation of this information reveals how the FLETF researches and develops recommendations for the UFLPA Entity List. The disclosure of such information would provide a road map to companies and the PRC government on how to continue to engage in forced labor practices while avoiding scrutiny from the FLETF's civil investigations in an effort to avoid placement on the UFLPA Entity List.

8. The law-enforcement-sensitive information may generally be described as follows: memoranda, documents, and a PowerPoint presentation that reveal how the FLETF develops and prepares UFLPA Entity List packages for inclusion on the UFLPA Entity List.

9. The law-enforcement-sensitive information listed above includes open-source documents, information that a confidential source provided to CBP and that CBP shared with the FLETF[1], details of CBP's communications with the confidential source, CBP's analysis of information provided by the confidential source and assessment that Ninestar meets the UFLPA Entity List criteria, and internal FLETF analysis of the evidence gathered. If disclosed, the information would reveal the FLETF's sources, methods, and significant insights into how it conducts investigations. It would also reveal the FLETF's judgments and decision-making, including the facts and evidence the FLETF or its members deem credible and relevant when making UFLPA Entity List determinations. Accordingly, and particularly when taken as a whole, disclosure of this information would allow the PRC government and corporations that engage in forced labor practices to evade FLETF investigations and undermine the FLETF's mission.

10. The possible harms to the FLETF's investigatory efforts are underscored by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In the UFLPA enforcement context, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] I understand that a declaration relating to the confidential source and the information and documents protected by the informant's privilege will be submitted separately.

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████ The documents at AR82, 84-85, 116-167, and 188-201 contain information that the FLETF relied upon, in part, to add Ninestar to the UFLPA Entity List. The specific identification and disclosure of these documents would create a risk that ████████████████████████████ ██████████████████████████████████████ ████████████████████████

11. ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████ The document at AR 188-201 contains information that the FLETF relied upon, in part, to add Ninestar to the UFLPA Entity List. ████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ███████████████████████████████

12. The document at AR 06-16 is a portion of UFLPA Entity List Package 23-002. The document sets forth the basis for adding Ninestar to the UFLPA Entity List. The attorneys'-eyes-only portion of the document contains the underlying information that the FLETF relied upon, including details regarding CBP's communications with a confidential

6

informant and specific documents that would be vulnerable to the PRC's general control of information, to place Ninestar on the UFLPA Entity List. The attorneys'-eyes-only portion of the document, if released, would harm future FLETF efforts to add entities to the UFLPA Entity List by compromising one of the only avenues to uncover information regarding entities operating in the PRC due to the control that the PRC government has over information. In particular, the attorneys'-eyes-only portion of the document includes ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, its disclosure would impede future FLETF investigations of Ninestar or other Chinese entities. Due to the harm that would be caused to the FLETF's investigatory efforts by releasing this information, the attorneys'-eyes-only information is law enforcement sensitive.

13. The document at AR 202-209 is a Ninestar Entity List Allegation Summary prepared by the CBP Office of Trade. The attorneys'-eyes-only portion of the document details CBP's communications with a confidential informant and information that the confidential informant disclosed to CBP. The attorneys'-eyes-only portion of the document, if released, would harm future FLETF efforts to engage with confidential informants to receive information about entities engaged in forced labor practices in the PRC. This concern is exacerbated by the threat of PRC-sponsored transnational repression efforts. Due to the harm that would be caused to the FLETF's investigatory efforts and to informants by

7

releasing this information, the attorneys'-eyes-only information is law enforcement sensitive.

14. The document at AR 210-212 contains information about Zhuhai Based Subsidiaries of Ninestar and an Overall Trade Impact prepared by the CBP Office of Trade. The attorneys'-eyes-only portion of the document describes CBP's analysis and verification of allegations provided by a confidential informant. The "BUSINESS CONFIDENTIAL INFORMATION" redactions contain trade impact information that would result from the addition of Ninestar to the UFLPA Entity List. The document also contains redactions for the informant's privilege, which is addressed in a separate declaration. The attorneys'-eyes-only portion of the document, if released, would harm future FLETF efforts to engage with confidential informants and add entities to the UFLPA Entity List. Due to the harm that would be caused to the FLETF's investigatory efforts and to informants by releasing this information, the attorneys'-eyes-only information is law enforcement sensitive.

15. The document at AR 213-219 is a CBP Office of Trade PowerPoint presentation to the FLETF. The document summarizes information from UFLPA Entity List Package 23-002, which sets forth the basis for adding Ninestar to the UFLPA Entity List. The attorneys'-eyes-only portion of the document describes the underlying information that the FLETF relied upon to add Ninestar to the UFLPA Entity List, including information obtained from a confidential informant and specific documents that would be vulnerable to the PRC's control. The document also contains redactions for the informant's privilege, which is addressed in a separate declaration. The attorneys'-eyes-only portion of the document, if released, would harm future FLETF efforts to add entities to the UFLPA Entity List by comprising one of the limited ways in which the FLETF can obtain information about

entities operating in the PRC. Due to the harm that would be caused to the FLETF's investigatory efforts by releasing this information, the attorneys'-eyes-only information is law enforcement sensitive.

16. PRC laws require PRC companies to assist and support state-sponsored intelligence activities. For example, all PRC organizations and citizens are required to "support, assist, and cooperate with national intelligence efforts" under the PRC National Intelligence Law, adopted in 2017. The PRC's 2021 Data Security Law provides greater authority to the state over collection and use of data in the PRC, particularly with regard to sanctions or other discriminatory or restrictive measures of a foreign government, such as trade or investment. The PRC's 2021 Anti-Foreign Sanctions Law prohibits any actions to assist in the implementation of a foreign sanction deemed discretionary or restrictive, requiring companies to comply with Chinese demands for data relevant to the UFLPA. The result is that the PRC maintains significant control over PRC-based companies and information deemed useful to the state is at significant risk of being turned over under PRC legislation.

17. As set forth herein, and in addition to the other justifications for withholding certain information as described above, the disclosure and identification of the privileged information the FLETF relied on in its decision to add Ninestar to the UFLPA Entity List, particularly when the universe of this information is taken as a whole, would reveal its techniques, methods, and sources and provide significant insight into the internal workings of the FLETF's investigations. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

.

18. The disclosure of information contained in the four documents listed in paragraph 6 will significantly impede the FLETF's ability to enforce the UFLPA and add entities to the UFLPA Entity List. Withholding this information serves the public interest and furthers DHS and the FLETF's ability to effectively implement the UFLPA.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this 8 day of January, 2024.

/s/ _C. Brzozowski_

Christa Brzozowski
Acting Assistant Secretary for Trade and Economic Security
Office of Strategy, Policy, and Plans
U.S. Department of Homeland Security