# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>       *Plaintiffs*,<br><br> v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>       *Defendants*. | Case No. 23-182<br><br>**Plaintiffs' Expedited Motion for Leave to File a Reply in Support of Motion to Unseal and Unredact the Administrative Record** |

## PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO UNSEAL AND UNREDACT THE ADMINISTRATIVE RECORD

Plaintiffs respectfully move for leave to file by January 15 a reply of no more than 2,500 words to the Government's response to Ninestar's motion to unseal and unredact the administrative record.  The Government's response requires a reply because it is the first time the Government has attempted to carry its burden of demonstrating both the propriety of its confidential-information designations and its privilege claims.  Ninestar moved without the benefit of any detailed justification from the Government.  A reply is necessary to allow Ninestar to rebut the arguments in the Government's response, which it has never previously had an opportunity to address.  Specifically, a reply would provide the court complete briefing on at least the following assertions made for the first time in the Government's response: (1) the seal issue is governed by the legal standard for claims of law-enforcement-sensitive privilege, rather than interpretation of the protective order, ECF No. 85 at 3–4; (2) disclosing FLETF's use of public websites will cause censorship of those sites, *id.* at 10–11; (3) disclosing FLETF's summative memoranda will provide a "roadmap" for evading UFLPA enforcement, *id.* at 11; and (4) even revealing the dates of the virtual meetings with the confidential source would reveal the source's identity, *id.* at 6.

Ninestar's counsel sought the Government's consent to this motion.  Counsel for the Government responded that Ninestar should include the following statement:

> The Government takes no position on Ninestar's request for leave to file a reply; however, the Government notes that Ninestar's proposed briefing schedule requested a reply for its procedural motion, ECF No. 72 at 2; ECF No. 76-1 at ¶ 4, but the Court declined to allow Ninestar a reply in the schedule that it ordered, *see* ECF No. 77.  The proper time to revisit the request for a reply would have been immediately after the Court ordered this expedited schedule, not a month afterward.  Furthermore, should the Court be inclined to allow Ninestar a reply despite rejecting its prior request for one, the Government asks that such reply be filed by

January 12th at the latest, so that the parties can adequately prepare for the hearing scheduled for January 18, 2024.

The Court however directed in its scheduling order that "[p]arties wishing to file a reply brief on … nondispositive motions [other than the preliminary-injunction motion] are directed to explain, in a motion for leave to file that is *submitted shortly after the response brief*, why the response requires a reply." ECF No. 77 at 3 (emphasis added). And we note that counsel for the Government did not even inquire about, let alone offer to condition its consent on, a January 12 due date. Given the Government's intransigence, however, and in view of the novelty and seriousness of the issues newly raised in the Government's opposition, Ninestar seeks leave to file a reply by January 15.

Dated: January 9, 2024

                                            Respectfully submitted,

                                            */s/ Gordon D. Todd*

                                            MICHAEL E. MURPHY
                                            GORDON D. TODD
                                            MICHAEL E. BORDEN
                                            CODY M. AKINS
                                            SIDLEY AUSTIN LLP

                                            1501 K Street, N.W.
                                            Washington, D.C. 20005
                                            (202) 736-8760
                                            gtodd@sidley.com

                                            *Counsel for Plaintiffs*

IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>       *Plaintiffs*,<br><br> v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>       *Defendants*. | Case No. 23-182<br><br>**Proposed Order Granting Plaintiffs' Expedited Motion for Leave to File a Reply in Support of Motion to Unseal and Unredact the Administrative Record** |

  Plaintiffs' expedited motion for leave to file a reply in support of their motion to unseal an unredact the record, ECF No. 87, is **GRANTED**. It is hereby:

1

**ORDERED** that Plaintiffs' may file a reply, not to exceed 2,500 words, no later than January 15, 2024.

Dated: _____
      New York, New York

_____
Gary S. Katzmann, Judge