## IN THE UNITED STATES
## COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>                    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>                    *Defendants*. | Case No. 23-182<br><br>**Plaintiffs' Expedited Motion for Leave to Disclose Non-Confidential Information** |

**PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO
DISCLOSE NON-CONFIDENTIAL INFORMATION**

Plaintiffs respectfully request leave for Ninestar's counsel to be able to share with their clients those portions of the Administrative Record that the Government no longer seeks to keep confidential. Time is of the essence and no reasonable justification remains for preventing this reasonable and common sense step.

Throughout this litigation the Government has fought at every step to resist disclosure of the vast majority of the Administrative Record, from Ninestar, from Ninestar's counsel, and even from the Court. Despite that history, in its response to our motion to unseal and unredact the administrative record, and only two weeks before Ninestar's Motion for Judgment on the Administrative Record is due, the Government in significant part relents. Specifically, in its brief in opposition, filed January 8, the Government states that, "as to the portions of the record that have not been redacted on the basis of the informer's privilege and are not listed in the table appended at Attachment A, the United States request that the Court order them 'unsealed' such that they remain nonpublic but Ninestar itself may review them." ECF No. 85 at 7.

Ninestar's counsel have consistently sought disclosure of the Administrative Record so that their clients can know the bases for the listing decision and defend themselves. We will continue to press our motion to unseal and unredact as to those materials the Government continues to withhold. But as to that portion of the Administrative Record the Government no longer seeks to keep from Ninestar, Ninestar respectfully moves the Court to enter an order allowing those materials to be shared as expeditiously as possible. Prompt disclosure will ensure that Ninestar is more fully prepared to present the issues to the Court at the January 18 hearing and in its forthcoming motion for judgment, due January 22.

Ninestar's counsel sought the Government's consent to this motion, which counsel expected to receive in light of the Government's acquiescence. Counsel for the Government, however, responded that Ninestar should include the following statement:

> The Government cannot consent to the request for counsel to share certain law enforcement sensitive information with Ninestar as it is procedurally premature. Ninestar's motion to unredact and unseal certain portions of the administrative record is still pending, and neither the judicial protective order nor the administrative record itself has been modified to account for the changes in designations that the Government proposed in response to Ninestar's motion. Modifications to each would be required before these documents could be shared with Ninestar.

With all due respect to counsel for the Government, these objections are makeweight. No modifications to the protective order or administrative record are necessary. It is well within the Court's power to allow the sharing of these specific materials notwithstanding the protective order. The Court's order could include terms, like those in the attached proposed order, to ensure adequate protection of this information. Alternatively, the Court could order that the protective order is thereby amended to account for the now-permitted disclosure. To the extent the Court believes changes to the protective order or administrative record are necessary, Ninestar respectfully requests that the Court allow disclosure to Ninestar itself pending finalizing of those amendments. Given the slender record tendered in this case, Government counsel should be able to make any modifications they believe necessary in short order.

For these reasons, Ninestar respectfully requests that the Court grant Ninestar's counsel leave to share with Ninestar pages AR17–81, AR86–115, and AR168–187 of the Administrative Record.

Dated: January 9, 2024

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>                        *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>                        *Defendants*. | Case No. 23-182<br><br>**Proposed Order Granting Plaintiffs' Expedited Motion for Leave to Disclose Non-Confidential Information** |

      Plaintiffs' expedited motion for leave to disclose non-confidential information, ECF No. 88, is **GRANTED**.  It is hereby:

1

2

**ORDERED** that Ninestar's counsel may share with Ninestar Corporation and the other listed plaintiff companies pages AR17–81, AR86–115, and AR168–187 of the Administrative Record; and it is further

**ORDERED** that any person receiving information pursuant to this Order may not disclose it to anyone outside of Ninestar or the other listed plaintiff companies.

Dated: _____

New York, New York

_____

Gary S. Katzmann, Judge