UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, <br><br> Defendants. | Court No. 23-00182 |

**NOTICE OF DEFENDANTS' PROPOSED CHANGES
TO THE AMENDED PROTECTIVE ORDER**

Pursuant to this Court's January 10, 2024 Order, ECF No. 90, and the provisions of Administrative Order 02-01, defendants submit this proposed second amended protective order concerning the handling, safeguarding, and disposal of, and restricting the disclosure of, Confidential Information and Ninestar Confidential Information produced in connection with this action.

Counsel for defendants consulted with counsel for plaintiffs regarding this proposed second amended protective order, but counsel for plaintiffs did not consent. Plaintiffs' proposal, ECF No. 94-1, differs from defendants' in that it includes "employees" of plaintiffs among the individuals authorized to access the Ninestar Confidential Information, identifies particular pages of the Administrative Record as Ninestar Confidential Information, and states that this "shall not prejudice Ninestar's right to argue that those pages should be disclosed to the public."

First, we object to Ninestar's inclusion of "employees." Such an expansive definition of individuals authorized to access the Ninestar Confidential Information which exceeds Ninestar's executive leadership unnecessarily risks the disclosure of this law-enforcement-sensitive information beyond Ninestar.

Second, we object to specifying particular pages of the Administrative Record as Ninestar Confidential Information and including the statement quoted above. The corresponding re-designated Administrative Record reflects the Government's designations for Ninestar Confidential Information. Furthermore, the issue of whether certain documents in the Administrative Record can be shared with Ninestar is currently the subject matter of a disputed motion before the Court, and Ninestar has not made any argument in support of public disclosure in its reply in support of that motion.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

        CLAUDIA BURKE
        Deputy Director

        <u>/s/ Justin R. Miller</u>
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        <u>/s/ Monica P. Triana</u>
        MONICA P. TRIANA
        Senior Trial Counsel

        <u>/s/ Luke Mathers</u>
        GUY EDDON
        LUKE MATHERS
        Trial Attorneys
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        (212) 264-9236
Dated: January 16, 2024      *Attorneys for Defendants*