UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force,<br><br>      Defendants. | Before: Gary S. Katzmann, Judge<br>Court No. 23-00182 |

**ORDER**

      The court having reviewed Plaintiffs' Motion to Amend the Protective Order, Jan. 16, 2024, ECF No. 94; Defendants' Notice of Proposed Changes to the Amended Protective Order, Jan. 16, 2024, ECF No. 95; and Defendants' Confidential Administrative Record as Re-Designated

for Disclosure Pursuant to "Ninestar Confidential Information," Jan. 16, 2024, ECF No. 96; it is hereby:

**ORDERED** that Defendants' Notice of Proposed Changes to the Amended Protective Order, ECF No. 95, is **GRANTED**. The Second Amended Protective Order, Jan. 16, 2024, ECF No. 95-1 ("APO"), is deemed as filed. Plaintiffs' Motion to Amend the Protective Order, Jan. 16, 2024, ECF No. 94, is **DENIED**, without prejudice to the parties' rights to propose further modification of the terms of the APO or to challenge the designation of materials as "Confidential Information" or "Ninestar Confidential Information" under the APO or as privileged, see id. ¶¶ 2, 20–22; and it is further

**ORDERED** that Defendants' Confidential Administrative Record as Re-Designated for Disclosure Pursuant to "Ninestar Confidential Information," Jan. 16, 2024, ECF No. 96 ("CAR"), is deemed as filed as the operative administrative record in this case, without prejudice to the parties' rights to challenge the designation of materials as "Confidential Information" or "Ninestar Confidential Information" under the APO or as privileged, see APO ¶¶ 2, 20–22; and it is further

**ORDERED** that Plaintiffs' counsel may disclose the portions of the CAR labeled "Ninestar Confidential Information" to the officers or directors of Plaintiffs pursuant to the APO,[1] see APO ¶ 7, and that such portions of the CAR may not be further disclosed beyond the terms of the APO, see id. ¶¶ 7–11.

**SO ORDERED.**

---

[1] Plaintiffs requested that the "Ninestar Confidential Information" designation be applied to CAR 17, 19, 21, 23–78, 80, 87–112, 114, 169–75, 177–82, 184–86, and 220–28. See Pls.' Proposed Second Am. Protective Order ¶ 8, Jan. 16, 2024, ECF No. 94-1. But the Administrative Record filed by Defendants does not designate CAR 220–28 as "Ninestar Confidential Information." See CAR 220–28. To the extent the parties dispute the designation of AR 220–28, the court will resolve that question in its decision on Plaintiffs' Motion to Unredact and Unseal the Administrative Record, Dec. 4, 2023, ECF No. 60.

                                                    /s/     Gary S. Katzmann
                                                          Judge

Dated: January 16, 2024
       New York, New York