

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8760
GTODD@SIDLEY.COM

January 25, 2024

**Via CM/ECF**

The Honorable Gary S. Katzmann
U.S. Court of International Trade
1 Federal Plaza
New York, New York 10278

      Re:    Authorities Cited at January 18, 2024 Hearing
                *Ninestar et al. v. United States et al.*, No. 23-00182

Dear Judge Katzmann,

      Pursuant to the Court's order at the January 18, 2024 hearing in this this matter, Plaintiffs Ninestar Corporation and affiliates respectfully submit this letter listing, with explanatory parentheticals, additional authorities relevant to the Court's questions and issues discussed during the hearing, which did not appear in the briefs. *See* ECF No. 99.

Exhaustion: Foreclosed under APA

- *Martinez v. United States*, 333 F.3d 1295, 1305 (Fed. Cir. 2003) (in APA suits "courts may not require exhaustion of administrative remedies … except where exhaustion is expressly required by statute or rule.").

- *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145 (Fed. Cir. 2013) (reviewing "discretionary" exhaustion under 28 U.S.C. § 2637(d) for abuse of discretion).

- *Agro Dutch Indus. Ltd. v. United States*, 508 F.3d 1024, 1029 (Fed. Cir. 2007) (exhaustion under § 28 U.S.C. § 2637(d) is discretionary).

- *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007) (§ 2637(d)'s "statutory injunction is not absolute").

- *Consol. Bearings Co. v. United States*, 166 F. Supp. 2d 580, 586 (C.I.T. 2001) (§ 2637(d) "vest[s] discretion" to require exhaustion).

- *Shakeproof Assembly Components Div. of Ill. Tool Works v. United States*, 29 C.I.T. 1516, 1519 (2005) (describing § 2637(d) as a "prudential consideration" and declining to require exhaustion).

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

Exhaustion: Prudential

- *Gerber Food (Yunnan) Co. v. United States*, 33 C.I.T. 186, 193 (2009) ("a lack of timely access to the confidential record" warrants waiver of exhaustion).

- *Ta Chen Stainless Steel Pipe, Ltd. v. United States*, 342 F. Supp. 2d 1191, 1206 n.18 (C.I.T. 2004) (lack of "timely access to the confidential administrative record" is an "established exception" to exhaustion).

- *Sigma Corp. v. United States*, 17 C.I.T. 1358, 1365 (1993) ("[I]f a party does not have access to the confidential record … , then a plaintiff is not required to exhaust its administrative remedies.").

- *Philipp Bros., Inc. v. United States*, 10 C.I.T. 76, 80 (1986) (exhaustion not required where plaintiff "could not know" the "basis" for its argument).

- *Coit Indep. Joint Venture v. Fed. Sav. & Loan Ins. Corp.*, 489 U.S. 561, 587 (1981) (plaintiff "cannot be required to exhaust" agency procedure that "d[id] not place a reasonable time limit on … consideration of claims").

- *B-West Imps., Inc. v. United States*, 19 C.I.T. 303, 306–07 (1995) (declining to require exhaustion where the administrative procedure failed to indicate "any time frame," and where the plaintiffs were "challenging a significant agency action"—"the import embargo"—with no "clearly delineated" administrative remedies).

- *Fieldston Clothes, Inc. v. United States*, 19 C.I.T. 1181, 1185 (1995) (declining to require exhaustion where it was "not clear" how long it would take to resolve the matter administratively and where "delay would be prejudicial").

Likelihood of Success on the Merits: Retroactivity

- *Vartelas v. Holder*, 566 U.S. 257, 266 (2012) (reciting the "classic formulation Justice Story penned" for retroactivity: a law that attaches a "new disability" to "transactions or considerations already past")

Likelihood of Success on the Merits: Remedy

- *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action. In rare cases, however, we do not vacate the action but instead remand for the agency to correct its errors." (citation omitted)).

- *Invenergy Renewables LLC v. United States*, 552 F. Supp. 3d 1382, 1404 (C.I.T. 2021) (recognizing that action taken without "statutory or delegated authority … requires vacatur").

# SIDLEY

Page 3

<u>Informant Privilege</u>

- *United States v. Zubaydah*, 595 U.S. 195, 207 ("reasonable explanation" necessary to justify privilege claim).

- *United States v. Greenlight Organic, Inc.*, 279 F. Supp. 3d 1317, 1320 (C.I.T. 2017) (party claiming executive privilege "must" provide "detailed explanation" of why privilege applies to particular document).

- *McCray v. Illinois*, 386 U.S. 300, 312–13 (1967) (limits on informant privilege stem from federal common law, not the Due Process Clause or the Confrontation Clause).

- *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 769–70 (D.C. Cir. 1965) (*Roviaro* analysis applies equally in civil and criminal cases).

Sincerely,

Gordon D. Todd
*Counsel for Plaintiffs*