UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Before: Gary S. Katzmann, Judge<br>Case No. 23-00182 |

# SUPPLEMENTAL AUTHORITY

Pursuant to the Court's January 18, 2024 order, ECF No. 99, the Government provides the following list of supplemental authority identified during oral argument on January 18, 2024, broken down by topic:

- Authority of U.S. Customs and Border Protection to review and inspect merchandise at entry

    - 19 U.S.C. § 1499 (statutory authority for Customs to inspect, examine or appraise imported merchandise).

    - 19 C.F.R. § 151 (regulatory authority permitting the examination, sampling, and testing of merchandise).

- List of Withhold Release Orders

    - Available on the website of U.S. Customs and Border Protection at https://www.cbp.gov/trade/forced-labor/withhold-release-orders-and-findings (identifying a list of current withhold release orders, the oldest of which has been active since 1991).

- Proper Certification to Declaration

    - 28 U.S.C. § 1746(1) (requiring that a declaration executed outside of the United States include the following language: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct . . .").

- Irreparable Harm

    - *Trudeau v. Federal Trade Comm'n,* 384 F. Supp. 2d 281, 297 (D.D.C.2005), *aff'd*, 456 F.3d 178 (D.C. Cir.2006) (Although "reputational injury can be used to establish irreparable harm in certain circumstances . . . as with all other forms of irreparable harm, the showing of reputational harm must be concrete and corroborated, not merely speculative.")

    - *Corus Group PLC v. Bush*, 217 F. Supp. 2d 1347 (Ct. Int'l Trade 2002) (refusing a *per se* application of irreparable harm noting that "to find irreparable harm here [where the action resulted in payment of antidumping duties] would effectively create a *per se* irreparable harm rule in similar challenges—a result likely contrary to the extraordinary nature of the remedy.")

- *Save Jobs USA v. DHS*, 105 F. Supp. 3d 108, 114 (D.D.C. 2015) (holding that, "[w]here a movant makes a strong showing that the economic loss would significantly damage its business above and beyond a simple diminution in profits, or demonstrates that the loss would cause extreme hardship to the business, or even threaten destruction of the business, irreparable harm may be established. For economic harm to constitute irreparable injury, however, Plaintiffs must adequately describe and quantify the level of harm its members face." (internal quotation marks and citations omitted)).

- *CannaKorp, Inc. v. United States,* 234 F. Supp. 3d 1345, 1356 (Ct. Int'l Trade 2017) (holding that "[t]he fact that economic losses may be unrecoverable does not absolve the movant from its considerable burden of proving that those losses are certain, great and actual.") (internal quotation marks and citation omitted).

- *Air Transport Ass'n of America, Inc. v. Export-Import Bank of the U.S.*, 840 F. Supp. 2d 327, 335 (D.D.C. 2012) (holding that it is not *per se* irreparable harm where the suit is against a defendant with sovereign immunity, noting instead that the harm must be "significant.")

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel

/s/ Guy Eddon
GUY EDDON
LUKE MATHERS
Trial Attorneys
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9240 or 9230
*Attorneys for Defendants*

Dated: January 25, 2024