**IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD. | |
| *Plaintiffs*, | |
| v. | Case No. 23-182 |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*, | |
| *Defendants*. | |

**PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's April 2 Order, ECF No. 135, Plaintiffs submit this status report respecting their previously-stated intention to file a delisting petition with FLETF.

1

Plaintiffs remain intent on submitting a delisting petition to FLETF.  Plaintiffs are working on that petition expeditiously but cannot at this time commit to filing by a particular date.

Until Plaintiffs file their delisting petition, it would be premature to stay the litigation.  The Court has to date made every effort to move this litigation expeditiously, and there is no need to pause the litigation while Plaintiffs prepare their petition.  Plaintiffs therefore respectfully request that the Government's oppositions be placed back on the calendar.  Those oppositions were originally due just two days after the Court stayed briefing, *see* ECF Nos. 111, 125, so the Government should not need substantial additional time to finalize those filings.  Completing briefing on those motions will position the Court to be able to rule on those motions expeditiously in the event the case comes back to the Court in one form of another following the delisting petition process.  Additionally, as the Government's forthcoming briefs in opposition will elaborate on the Government's views of the facts and law supporting FLETF's original listing decision, seeing those oppositions will assist Ninestar's counsel in preparing a more focused and hopefully effective delisting petition.

While briefing on the motion for judgment and motion to complete the record resume, the Court may—but need not—rule on the pending motion to unseal and unredact the administrative record.  Any additional information made available to counsel would again aid in the preparation of a fulsome delisting petition.  But, as noted, such a ruling is not necessary if the Court is not so inclined.

Once Plaintiffs file their delisting petition, they will not oppose staying the litigation. During any such stay the parties should file regular status reports to apprise the Court of FLETF's progress.

Dated:  April 12, 2024

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*