UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

———————————————————————— :
                                                      :
NINESTAR CORPORATION, ZHUHAI NINESTAR      :
INFORMATION TECHNOLOGY CO., LTD., ZHUHAI   :
PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX  :
MICROELECTRONICS CO., LTD., GEEHY          :
SEMICONDUCTOR CO., LTD., ZHUHAI G&G        :
DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE :
PRINTING TECHNOLOGY CO., LTD., and ZHUHAI  :
NINESTAR MANAGEMENT CO., LTD.,             :
                                                      :
                        Plaintiffs,        :
                                                      :       Court No. 23-00182
            v.                             :
                                                      :
UNITED STATES OF AMERICA; DEPARTMENT OF    :
HOMELAND SECURITY; UNITED STATES           :
CUSTOMS AND BORDER PROTECTION; FORCED      :
LABOR ENFORCEMENT TASK FORCE;              :
ALEJANDRO MAYORKAS, in his official capacity as :
the Secretary of the Department of Homeland Security; :
TROY A. MILLER, in his official capacity as the Senior :
Official Performing the Duties of the Commissioner for :
U.S. Customs and Border Protection; and    :
ROBERT SILVERS, in his official capacity as Under :
Secretary for Office of Strategy, Policy, and Plans and :
Chair of the Forced Labor Enforcement Task Force, :
                                                      :
                        Defendants.        :
———————————————————————— :

# ADMINISTRATIVE RECORD

PUBLIC

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD., | : : : : : : : : : | |
| Plaintiffs, | : : | Court No. 23-00182 |
| v. | : : | |
| UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force, | : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

**CERTIFICATION OF ADMINISTRATIVE RECORD**

My name is Tasha Hippolyte. I am the Deputy Assistant Secretary, Trade Policy and Economic Competitiveness, Office of Policy, Strategy, and Plans, U.S. Department of Homeland Security (DHS). I have held this position since December 18, 2022.

I certify, to the best of my knowledge, information, and belief, that the documents listed in the attached index comprise the non-privileged documents that were submitted by DHS to the

voting Member Agencies of the Forced Labor Enforced Task Force (FLETF) in support of DHS's recommendation to add Ninestar and its subsidiaries (Ninestar) to the Uyghur Forced Labor Prevention Act (UFLPA) Entity List and which reflect the FLETF Member Agencies final vote and decision to add Ninestar to the UFLPA Entity List.

Therefore, I certify, to the best of my knowledge, information, and belief, that the documents listed in the attached index comprise all of the documents constituting the administrative record for the above-captioned case.

I also include the standard operating procedures adopted by the FLETF. Although this document was not submitted by DHS to the FLETF as part of the decision-making process for Ninestar, it reflects the procedures the FLETF followed in its decision to add Ninestar to the UFLPA Entity List.

Executed this 3rd day of October, 2023 in Washington, DC.

*Tasha Reid Hippolyte*

Tasha Hippolyte
Deputy Assistant Secretary, Trade Policy and
Economic Competitiveness
Department of Homeland Security

UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

_____
                                                        :
NINESTAR CORPORATION, ZHUHAI NINESTAR         :
INFORMATION TECHNOLOGY CO., LTD., ZHUHAI      :
PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX     :
MICROELECTRONICS CO., LTD., GEEHY             :
SEMICONDUCTOR CO., LTD., ZHUHAI G&G           :
DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE    :
PRINTING TECHNOLOGY CO., LTD., and ZHUHAI     :
NINESTAR MANAGEMENT CO., LTD.,                :
                                                        :
                        Plaintiffs,                     :
                                                        :    Court No. 23-00182
                v.                                      :
                                                        :
UNITED STATES OF AMERICA; DEPARTMENT OF       :
HOMELAND SECURITY; UNITED STATES              :
CUSTOMS AND BORDER PROTECTION; FORCED         :
LABOR ENFORCEMENT TASK FORCE;                 :
ALEJANDRO MAYORKAS, in his official capacity as :
the Secretary of the Department of Homeland Security; :
TROY A. MILLER, in his official capacity as the Senior :
Official Performing the Duties of the Commissioner for :
U.S. Customs and Border Protection; and       :
ROBERT SILVERS, in his official capacity as Under :
Secretary for Office of Strategy, Policy, and Plans and :
Chair of the Forced Labor Enforcement Task Force, :
                                                        :
                        Defendants.                     :
_____:


**ADMINISTRATIVE RECORD**


PUBLIC

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

**Department of Homeland Security – Ninestar UFLPA Listing Submissions to FLETF**
**Administrative Record Index**

| | Records Submitted by DHS to FLETF | Starting Bates Number |
|---|---|---|
| 1. | Memorandum from Robert Silvers, Under Sec'y of Homeland Sec., Off. of Strategy, Policy, and Plans, *Forced Labor Enforcement Task Force Addition of Ninestar Corporation and its Eight Zhuhai-Based Subsidiaries to the Uyghur Forced Labor Prevention Act Entity List* (May 24, 2023). | AR000001 |
| 2. | Uyghur Forced Labor Prevention Act (UFLPA) Entity List Package 23-002 from U.S. Dep't of Homeland Sec. to Forced Labor Enforcement Task Force.<br><br>  - **Attachment A:** ███████████████<br>  - **Attachment B:** ████████████████<br>  - **Attachment C:** ██████████████ ███████████<br>  - **Attachment D:** █████████████<br>  - **Attachment E:** ██████████████ ████████████████<br>  - **Attachment F:** ██████████<br>  - **Attachment G:** ███████████████ █████████<br>  - **Attachment H:** ████████████ ████<br>  - **Attachment I:** ████████████ ████<br>  - **Attachment J:** ████████████████ | AR000003 |

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



| | | | |
|---|---|---|---|
| | █████████████████████ | | |
| | - **Attachment K:** ████████████████████████ ████████████████████ | | |
| | - **Attachment L:** ████████████████████████ ███████████████████████ | | |
| | - **Attachment M:** ████████████████████████ ███████████████████████ | | |
| | - **Attachment N:** ████████████ | | |
| | - **Attachment O:** ████████████████ | | |
| | - **Attachment P:** ███████████████████ | | |
| | - **Attachment Q:** ████████████████████████ | | |
| 3. | U.S. Dep't of Homeland Sec., U.S. Customs & Border Prot., Off. of Trade, *Ninestar Corporation and its Zhuhai-based Subsidiaries and Facilities: Uyghur Forced Labor Prevention Act – Forced Labor Enforcement TF Entity List Allegation Summary* (Jan. 26, 2023). | | AR000202 |
| 4. | U.S. Dep't of Homeland Sec., U.S. Customs & Border Prot., Off. of Trade, *Zhuhai-Based Subsidiaries of Ninestar and Overall Trade Impact* (May 4, 2023). | | AR000210 |
| 5. | Presentation by U.S. Dep't of Homeland Sec., U.S. Customs & Border Prot., Off. of Trade, to Forced Labor Enforcement Task Force, *UFLPA Entity List Recommendation: Ninestar Corporation* (March 7, 2023). | | AR000213 |
| | **Addendum** | | **Starting Bates Number** |
| 6. | U.S. Dep't of Homeland Sec., Off. of Strategy, Policy, & Plans, *Forced Labor Enforcement Task Force Standard Operating Procedures, Uyghur Forced Labor Prevention Act Entity List* (July 2022). | | AR000220 |

UNCLASSIFIED // FOR OFFICIAL USE ONLY



U.S. Department of Homeland Security
Washington, DC 20528

Homeland
Security

May 24, 2023

MEMORANDUM FOR THE FORCED LABOR ENFORCEMENT TASK FORCE
MEMBER AGENCIES

FROM:          Robert Silvers
               Under Secretary for Strategy, Policy, and Plans
               Forced Labor Enforcement Task Force Chair

SUBJECT:       **Forced Labor Enforcement Task Force Addition of Ninestar**
               **Corporation and its Eight Zhuhai-Based Subsidiaries to the Uyghur**
               **Forced Labor Prevention Act Entity List**

(U//FOUO) On March 3, 2023, the U.S. Department of Homeland Security submitted Uyghur
Forced Labor Prevention Act (UFLPA) Entity List Package 23-002 (Package 23-002) to the
Forced Labor Enforcement Task Force (FLETF).  Package 23-002 proposed adding Ninestar
Corporation and its eight Zhuhai-based subsidiaries to include Zhuhai Ninestar Information
Technology Co. Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Apex Microelectronics Co.,
Ltd., Geehy Semiconductor Co., Ltd., Zhuhai Pu-Tech Industrial Co., Ltd., Zhuhai G&G Digital
Technology Co., Ltd., Zhuhai Seine Printing Technology Co., Ltd., and Zhuhai Ninestar
Management Co., Ltd. (collectively "Ninestar") to the Entity List described in Section
2(d)(2)(B)(ii) of the UFLPA; i.e., "a list of entities working with the government of the Xinjiang
Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or
Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur
Autonomous Region."

(U//FOUO) Package 23-002 explains that Ninestar, headquartered in Zhuhai, Guangdong
Province, is one of the top 500 listed companies in the People's Republic of China (PRC) and is
one of the four largest laser printer manufacturers in the world.  Ninestar's products include laser
printers, general printing consumables, and integrated circuit chips, some of which are imported
into the United States.

(U//FOUO) The information in Package 23-002 demonstrates that Ninestar has worked with the
government of the Xinjiang Uyghur Autonomous Region through a third-party agency to recruit,
transport, transfer, and receive Uyghur laborers out of the Xinjiang Uyghur Autonomous Region
to work in its manufacturing facilities in ███████████████████████████████ vince.
Package 23-002 references an allegation ████████████████████████████ PRC
government documents, Ninestar's comp████████████████ te that
Ninestar is participating in the PRC government's "poverty alleviation" programs transferring
laborers from "remote and underdeveloped areas" to its facilities.  This information reasonably
indicates that these workers from the Xinjiang Uyghur Autonomous Region were coerced to enter
state-sponsored labor transfer programs and are unable to leave voluntarily once they begin
working in the facilities, which are thousands of miles away from their hometowns in the Xinjiang
Uyghur Autonomous Region.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000001

(U//FOUO) After DHS submitted Package 23-002 to the FLETF on March 3, 2023, FLETF Member Agencies had the opportunity to review the information, submit questions to DHS, provide any relevant information in their control regarding Package 23-002, and prepare to vote on the disposition of Package 23-002. Following review and consideration of the information provided by DHS in Package 23-002, FLETF Member Agencies found that there was reasonable cause to believe, based on specific and articulable information, that Ninestar works with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor, or receive Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region.

(U//FOUO) Accordingly, on May 15, 2023, FLETF Member Agencies voted unanimously to add Ninestar Corporation to the Entity List described in Section 2(d)(2)(B)(ii) of the UFLPA. Six of the FLETF Member agencies voted to add the eight Zhuhai-based subsidiaries of Ninestar Corporation, which include Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Apex Microelectronics Co., Ltd., Geehy Semiconductor Co., Ltd., Zhuhai Pu-Tech Industrial Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Seine Printing Technology Co., Ltd., and Zhuhai Ninestar Management Co., Ltd. to this same list and one FLETF Member Agency abstained as the vote pertained to the eight Zhuhai-based subsidiaries:

1. U.S. Department of Homeland Security (Chair) - **Yes**
2. The Office of the United States Trade Representative - **Yes**
3. U.S. Department of Labor - **Yes**
4. U.S. Department of Commerce - **Yes**
5. U.S. Department of the Treasury - **Yes**
6. U.S. Department of State - **Yes**
7. U.S. Department of Justice - **\*Yes to add Ninestar Corporation. Abstention on adding its eight Zhuhai-based subsidiaries.**

Attachment:
  1. (U//FOUO) UFLPA Entity List Package 23-002 (Ninestar Corporation and its Eight Zhuhai-Based Subsidiaries)

AR000002

UNCLASSIFIED // FOR OFFICIAL USE ONLY

**UYGHUR FORCED LABOR PREVENTION ACT (UFLPA) ENTITY LIST
PACKAGE 23-002**

**ACTION**

1. **Name of Submitting FLETF Agency:**

   U.S. Department of Homeland Security (DHS)

2. **FLETF Agency Point of Contact:**

   Bridget McGovern
   Acting Assistant Secretary
   Trade and Economic Security, Office of Strategy, Policy, and Plans
   U.S. Department of Homeland Security

3. **Action (select one):**

   ☒ Addition to List        ☐ Removal from List        ☐ Technical Correction

4. **Entity Identifying Information:**

   Ninestar Corporation and its eight Zhuhai-based subsidiaries. In this package, "Ninestar" refers to Ninestar Corporation and its eight Zhuhai-based subsidiaries, which include Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Apex Microelectronics Co., Ltd., Geehy Semiconductor Co., Ltd., Zhuhai Pu-Tech Industrial Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Seine Printing Technology Co., Ltd., and Zhuhai Ninestar Management Co., Ltd.

   Ninestar Corporation
   No. 3883 Zhuhai Avenue, Xiangzhou District
   Zhuhai, Guangdong 519075
   https://www.ninestargroup.com/

   纳思达股份有限公司
   中国广东珠海市香洲区珠海大道 3883 号
   邮编：519075

   Ninestar is one of the top 500 listed companies in the PRC and has become one of the four largest laser printer manufacturers in the world.  Ninestar has been listed on the Shenzhen

UNCLASSIFIED // FOR OFFICIAL USE ONLY

AR000003

UNCLASSIFIED // FOR OFFICIAL USE ONLY

Stock Exchange since 2014.  In 2021, there were 21,787 employees at Ninestar with an operating revenue of CNY 22.792 billon.[1]

5. **UFLPA Entity List for Addition, Removal, or Correction (select one or more applicable list):**

☐ *Section 2(d)(2)(B)(i) – Entities in the Xinjiang Uyghur Autonomous Region that mine, produce, or manufacture wholly or in part any goods, wares, articles, and merchandise with forced labor.*

☒ *Section 2(d)(2)(B)(ii) – Entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region.*

☐ *Section 2(d)(2)(B)(iv) – Entities that exported products mined, produced, or manufactured wholly or in part by entities on the list required by clause (i) or (ii) from the People's Republic of China into the United States.*

☐ *Section 2(d)(2)(B)(v) – Facilities or entities, including the Xinjiang Production and Construction Corps, that source material from the Xinjiang Uyghur Autonomous Region or from persons working with the government of the Xinjiang Uyghur Autonomous Region or the Xinjiang Production and Construction Corps for purposes of the "poverty alleviation" program or the "pairing-assistance" program or any other government labor scheme that uses forced labor.*

6. **Scope:**

Ninestar Corporation 纳思达股份有限公司 (Ninestar), both the parent company and its Zhuhai subsidiaries, is reported to have worked with the government of the Xinjiang Uyghur Autonomous Region (XUAR) through a third-party agency to recruit, transport, transfer, and receive Uyghur laborers out of the XUAR to work in its manufacturing facilities in the city of Zhuhai, located in the Guangdong Province of PRC.  All sources – including an allegation filed ███████████████████████████████ PRC government documents, Ninestar's company documents, and media reports – corroborate that Uyghur laborers working at Zhuhai Ninestar facilities were recruited, transferred, and are presently still monitored by the officials of the XUAR government.  Such information reasonably indicates that these workers from the XUAR were coerced to enter state-sponsored labor transfer programs and are unable to leave voluntarily once they begin working in the facilities, which are thousands of miles away from their

---

[1] Ninestar. (2021). 2021 *Environmental, Social, and Governance Report*. Zhuhai. Retrieved from Ninestar: https://en.ninestargroup.com/investor12.html

UNCLASSIFIED // FOR OFFICIAL USE ONLY

AR000004

hometowns in the XUAR.  Ninestar products include laser printers, general printing consumables, and integrated circuit chips,[2] some of which are imported into the United States.

## 7.  Basis:

### 7a. Basis - general description for public release:

Ninestar Corporation 纳思达股份有限公司 (Ninestar) is reported to have worked with the government of the Xinjiang Uyghur Autonomous Region (XUAR) through a third-party agency to recruit, transport, transfer, and receive Uyghur laborers out of the XUAR to work in its manufacturing facilities in the city of Zhuhai, located in the Guangdong Province of the People's Republic of China (PRC).  Ninestar's corporate headquarters and eight subsidiaries in Zhuhai (Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Apex Microelectronics Co., Ltd., Geehy Semiconductor Co., Ltd., Zhuhai Pu-Tech Industrial Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Seine Printing Technology Co., Ltd., and Zhuhai Ninestar Management Co., Ltd.) are all located in the city of Zhuhai, in the Guangdong Province of the PRC.

Sources – including, but not limited to, PRC government documents, Ninestar's company documents, and media reports – corroborate that Uyghur laborers working at Zhuhai Ninestar facilities were recruited, transferred, and are presently still monitored by officials of the XUAR government.  Such information provides evidence that workers from the XUAR were coerced to enter state-sponsored labor transfer programs and are unable to leave voluntarily once they begin working in the facilities, which are thousands of miles away from their hometowns in the XUAR.  Ninestar's products include laser printers, general printing consumables, and integrated circuit chips, some of which are imported into the United States.

### 7b. Standard

Under the UFLPA Entity List Standard Operating Procedures (SOP), entities may be added to the UFLPA Entity List described in Section 2(d)(2)(B)(ii) if "there is reasonable cause to believe, based on specific and articulable information, that . . . [they are] working with the government of [Xinjiang] to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of [Xinjiang]."  SOP at Sec. I(C)(2)(a).

### 7c. Basis

This package to add Ninestar Corporation and its subsidiaries in Zhuhai (Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Pantum  Electronics  Co. Ltd., Zhuhai Apex Microelectronics Co., Ltd., Geehy Semiconductor Co., Ltd., Zhuhai Pu-Tech Industrial Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Seine Printing Technology Co., Ltd., and Zhuhai Ninestar Management Co., Ltd.) to the UFLPA Entity List is based on a reasonable belief

---

[2] Ninestar. Ninestar Products. Retrieved from Ninestar: https://en.ninestargroup.com/products.html

AR000005

INFORMANT PRIVILEGE

UNCLASSIFIED // FOR OFFICIAL USE ONLY

of Ninestar's participation in state-sponsored coercive labor transfer programs. Credible information of Ninestar's participation comes from several sources: an allegation from a credible ▆▆▆▆, PRC government documents, Ninestar's corporate documents, PRC state media reports, and ▆▆▆▆▆▆▆▆▆▆ that document the presence of Uyghur workers at Ninestar facilities in Zhuhai that are unable to leave. Ninestar's company documents disclose its participation in the "poverty alleviation" programs sponsored by the Guangdong provincial government. Such information is further supported, both directly and circumstantially, by PRC government agencies and state media reports

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION                AR000006

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

UNCLASSIFIED // FOR OFFICIAL USE ONLY

UNCLASSIFIED // FOR OFFICIAL USE ONLY

AR000007

INFORMANT PRIVILEGE

UNCLASSIFIED // FOR OFFICIAL USE ONLY



UNCLASSIFIED // FOR OFFICIAL USE ONLY

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000008

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

UNCLASSIFIED // FOR OFFICIAL USE ONLY



UNCLASSIFIED // FOR OFFICIAL USE ONLY

AR000009

INFORMANT PRIVILEGE

UNCLASSIFIED // FOR OFFICIAL USE ONLY

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000010



THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000011



AR000012



AR000013

UNCLASSIFIED // FOR OFFICIAL USE ONLY



UNCLASSIFIED // FOR OFFICIAL USE ONLY

AR000014

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

UNCLASSIFIED // FOR OFFICIAL USE ONLY



UNCLASSIFIED // FOR OFFICIAL USE ONLY

UNCLASSIFIED // FOR OFFICIAL USE ONLY



AR000016

UNCLASSIFIED // FOR OFFICIAL USE ONLY



AR000017

# ATTACHMENT A

AR000018

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



# ATTACHMENT B

AR000020

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

# ATTACHMENT C

AR000022

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000023



AR000024

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000025

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION





AR000027



AR000028







AR000031



AR000032



AR000033



AR000034



AR000035







AR000038

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION





AR000040







AR000043



AR000044

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION





AR000046



AR000047





AR000049



AR000050

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION** AR000051



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000052

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION AR000053

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000055





AR000057



AR000058



AR000059







AR000062





THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000064





AR000066





AR000068



AR000069



AR000070





AR000072

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000073



AR000074



AR000075



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000077

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000078

# ATTACHMENT D

AR000079



AR000080

# ATTACHMENT E

AR000081

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000082

# ATTACHMENT F

AR000083

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000084

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

# ATTACHMENT G

AR000086

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000088

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000089

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000090

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION  AR000091

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000092

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000093

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION AR000094

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000095

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000096



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000097

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION   AR000098

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000099

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000100

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000101

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000102

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION AR000103

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000104

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000105

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000106

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000107

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION   AR000108

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000109

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000110

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION AR000111

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION AR000112

# ATTACHMENT H

AR000113



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

# ATTACHMENT I

AR000115

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000116



THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000117

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000118

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000119

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000120

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000121

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000122

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000123

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION   AR000124

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION   AR000125

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000126

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

# ATTACHMENT J

AR000128

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000130

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000131

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000132

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000133

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000134

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000135

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000136

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000137

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000138

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000139

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000140

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000141

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000142

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000143

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000144

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000145

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000146

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000147

# ATTACHMENT K

AR000148

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000149

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000152

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000153

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000154

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000155

# ATTACHMENT L

AR000156

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000157

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000158

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**    AR000159

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000161

# ATTACHMENT M

AR000162

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000163

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000164

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION AR000165

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000166

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION    AR000167

# ATTACHMENT N

AR000168



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000169



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION AR000170



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION    AR000171



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR0 0172

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

# ATTACHMENT O

AR000176

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000177



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000182

# ATTACHMENT P

AR000183

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



# ATTACHMENT Q

AR000187

THIS ENTIRE PAGE CONTAINS
CONFIDENTIAL INFORMATION

THIS ENTIRE PAGE CONTAINS
CONFIDENTIAL INFORMATION

AR000189

THIS ENTIRE PAGE CONTAINS
CONFIDENTIAL INFORMATION

AR000190

THIS ENTIRE PAGE CONTAINS
CONFIDENTIAL INFORMATION

AR000191



**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000193
THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION



**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000194

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION



**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000196

THIS ENTIRE PAGE CONTAINS
CONFIDENTIAL INFORMATION

THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000198

THIS ENTIRE PAGE CONTAINS
CONFIDENTIAL INFORMATION

AR000199

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000200

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

INFORMANT PRIVILEGE

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

# THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

**Ninestar Corporation and its Zhuhai-based Subsidiaries and Facilities**

**Uyghur Forced Labor Prevention Act – Forced Labor Enforcement TF**

**Entity List Allegation Summary**: 26 January 2023

**(FOUO) Entity Identifying Information.**

> Ninestar Corporation and its Zhuhai-based subsidiaries and facilities
> No. 3883 Zhuhai Avenue, Xiangzhou District
> Zhuhai, Guangdong 519075
> https://www.ninestargroup.com/
>
> 纳思达股份有限公司
> 中国广东珠海市香洲区珠海大道3883号
> 邮编：519075



**(FOUO//LES) Allegation.** ███ ████████████████████████████ contacted U.S. Customs and Border Protection (CBP) through email correspondence that Ninestar uses laborers obtained through state-sponsored labor transfer programs through a third-party agency to recruit, transport, transfer, and receive Uyghur laborers out of the XUAR to work in its facilities in the city of Zhuhai, located in the Guangdong Province of the PRC. ███████████

**(FOUO//LES) Assessment Methodology.** In assessing the allegation, the agency conducted interviews of confidential human sources, email correspondence, and independent research to validate a reasonable level of suspicion that Ninestar participated in state sponsored labor transfer programs. The basis for this review is from the *UFLPA Section 2(d)(2)(B)(ii) – Entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members*

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**INFORMANT PRIVILEGE**

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**
**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

*of other persecuted groups out of the Xinjiang Uyghur Autonomous Region.* This review process is specific to allegations received for additions to the UFLPA Entity List and the evidentiary standards established in statute and the Forced Labor Enforcement Task Force.



**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**INFORMANT PRIVILEGE**
**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**



**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

ENFORCEMENT PRIVILEGE

FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE
**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**



**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000205

INFORMANT PRIVILEGE

FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE



FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000206

# INFORMANT PRIVILEGE

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**



**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION** AR000207

# INFORMANT PRIVILEGE

## FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE
## THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



## FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

# INFORMANT PRIVILEGE

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**



# THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

**FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE**

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

FOR OFFICIAL USE ONLY / LAW ENFORCEMENT SENSITIVE
BUSINESS CONFIDENTIAL INFORMATION

To support FLETF Recommendation 23-002 (Ninestar), the following includes information on Zhuhai Based Subsidiaries of Ninestar, the evidence of the subsidiaries' connection to Ninestar, and the Overall Trade Impact resulting from an import prohibition from the named parties.

- (**FOUO**) **Company Names of Subsidiaries of Ninestar in Zhuhai**
    - Zhuhai Ninestar Information Technology Co., Ltd.
    - Zhuhai Pantum Electronics Co., Ltd.
    - Zhuhai Apex Microelectronics Co., Ltd.
    - Geehy Semiconductor Co., Ltd.
    - Zhuhai Pu-Tech Industrial Co., Ltd.
    - Zhuhai G&G Digital Technology Co., Ltd.
    - Zhuhai Seine Printing Technology Co., Ltd.
    - Zhuhai Ninestar Management Co., Ltd.



FOR OFFICIAL USE ONLY / LAW ENFORCEMENT SENSITIVE
BUSINESS CONFIDENTIAL INFORMATION



FOR OFFICIAL USE ONLY / LAW ENFORCEMENT SENSITIVE
BUSINESS CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

FOR OFFICIAL USE ONLY / LAW ENFORCEMENT SENSITIVE
BUSINESS CONFIDENTIAL INFORMATION

AR000212



UFLPA Entity List Recommendation:

Ninestar Corporation

FOR OFFICIAL USE ONLY

Ninestar is one of the world's largest producers of laser printers. The company's products also include, printing components, and integrated circuit chips, some of which are imported to the U.S.

IF ASKED: Ninestar and their subsidiaries' exports of printer units and printer parts account for a small percentage (under 3%) of US imports of printer units and printer parts globally

AR000213



**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**



**INFORMANT PRIVILEGE**

**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000215



**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

AR000216



**THIS ENTIRE PAGE CONTAINS CONFIDENTIAL INFORMATION**

 Sufficient reasonable cause to believe that Ninestar and its Zhuhai subsidiaries should be added to the UFLPA Entity List

➢ Multiple primary and secondary sources serve to corroborate Ninestar's involvement with the Government of Xinjiang Uyghur Autonomous Region to recruit, transfer, harbor, or receive Uyghurs out of Xinjiang to work at Ninestar facilities in Zhuhai.

➢ Ninestar and its eight Zhuhai-based subsidiaries export printer units and printer parts to the United States.

FOR OFFICIAL USE ONLY
NOT FOR DISTRIBUTION

Section 2(d)(2)(B)(ii) of the act. Uyghurs AND forced labor

AR000218



AR000219

FOR OFFICIAL USE ONLY

**Forced Labor Enforcement Task Force Standard Operating Procedures**
**Uyghur Forced Labor Prevention Act Entity List**
*(July 2022)*

I. GENERAL

    A. Purpose

        1. This Forced Labor Enforcement Task Force (FLETF) Standard Operating Procedure (SOP) outlines the FLETF's process for adding entities to and removing entities from the Uyghur Forced Labor Prevention Act (UFLPA) Entity List, as required under Section 2(d)(2)(B) of the UFLPA (P.L. No. 117-78).

    B. Definitions

        1. UFLPA Entity List: A consolidated register of the four lists required by clauses (i), (ii), (iv), and (v) of Section 2(d)(2)(B) of the UFLPA.

        2. FLETF: The FLETF is the Forced Labor Enforcement Task Force, which is chaired by the Secretary of the Department of Homeland Security (DHS) or designee, and is made up of member agencies and observer agencies.

        3. FLETF Member Agencies: The Department of Homeland Security, the Office of the U.S. Trade Representative, the Department of Labor, the Department of State, the Department of Treasury, the Department of Justice, and the Department of Commerce (invited by the Chair of the Task Force).

        4. FLETF Observer Agencies: Non-FLETF member agencies, invited by the FLETF Chair to participate. Observer agencies do not have voting rights.

        5. FLETF Chair: The Department of Homeland Security official responsible for carrying out the duties necessary to manage the work of the FLETF, including but not limited to distributing UFLPA Entity List recommendations to FLETF member agencies, convening meetings of the FLETF, setting agendas for FLETF meetings, and drafting FLETF decision memoranda and other related documentation to implement FLETF decisions.

        6. Technical Correction: A change to an UFLPA Entity List entry that does not alter the scope or impact of the entry, i.e., a non-substantive change such as correction of a misspelling or citation.

    C. Scope

        1. The FLETF is composed of representatives from seven voting member agencies (Department of Homeland Security, Department of State, Department of

1
FOR OFFICIAL USE ONLY

AR000220

FOR OFFICIAL USE ONLY

Commerce, Department of Treasury, Department of Justice, Department of Labor, and the U.S. Trade Representative) and six observer agencies (Department of Energy, Department of Agriculture, and U.S. Agency for International Development, the National Security Council, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement).

2. Criteria for Adding Entities to, Removing Entities from, or Making a Technical Correction to the UFLPA Entity List:

   a. When there is reasonable cause to believe, based on specific and articulable information, that entities meet the criteria described in clauses (i), (ii), (iv), or (v) of Section 2(d)(2)(B) of the UFLPA, outlined below, those entities shall be added to the UFLPA Entity List pursuant to the procedures defined in section II of this SOP.
      - Section 2(d)(2)(B)(i) – Entities in the Xinjiang Uyghur Autonomous Region that mine, produce, or manufacture wholly or in part any goods, wares, articles, and merchandise with forced labor.
      - Section 2(d)(2)(B)(ii) – Entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region.
      - Section 2(d)(2)(B)(iv) – Entities that exported products mined, produced, or manufactured wholly or in part by entities on the list required by clause (i) or (ii) from the People's Republic of China into the United States.
      - Section 2(d)(2)(B)(v) – Facilities or entities, including the Xinjiang Production and Construction Corps, that source material from the Xinjiang Uyghur Autonomous Region or from persons working with the government of the Xinjiang Uyghur Autonomous Region or the Xinjiang Production and Construction Corps for purposes of the poverty alleviation program or the pairing-assistance program or any other government labor scheme that uses forced labor.

   b. Entities may be **removed** from the UFLPA Entity List, if there is no longer reasonable cause to believe that they meet the criteria described in clauses (i), (ii), (iv), or (v) of Section 2(d)(2)(B) of the UFLPA, pursuant to the procedures provided in Section II of this SOP.

   c. UFLPA Entity List entities may be subject to **technical correction**, pursuant to the procedures defined in section II of this SOP.

II. PROCESS AND PROCEDURES

AR000221

FOR OFFICIAL USE ONLY

A. Submission of Recommendations to the FLETF Chair and Initial Processing

1. Any FLETF member agency may submit a recommendation to the FLETF Chair to add, remove, or make technical corrections to an entry on the UFLPA Entity List. Such recommendations will be submitted to the FLETF Chair at FLETF.UFLPA.EntityList@hq.dhs.gov using the recommendation questionnaire provided in Annex 1.

2. Whenever possible, the recommending FLETF member agency will include publicly available information to serve as the basis for the recommendation. If an agency is unable to provide publicly available information, the recommending agency will submit to the FLETF Chair the classified or otherwise non-releasable information that serves as the basis for the recommendation. The FLETF Chair will include this supporting information when forwarding the recommendation to the FLETF member and observer agencies.

   a. Regardless of whether the supporting information is releasable, recommending FLETF member agencies will include in the recommendation an unclassified, general description of the basis for its recommendation that is suitable for public release to explain the addition, removal or technical correction to the UFLPA Entity List.

B. FLETF Review

1. The FLETF Chair will circulate recommendations and the underlying information to the FLETF member agencies for formal consideration at least 30 calendar days in advance of a vote on the recommendation. Prior to circulating the recommendation and supporting information to the FLETF member and observer agencies, the FLETF Chair will review the supporting information (addressed in II.A.1 above), and if the supporting information is not provided or is incomplete, the FLETF Chair may request the recommending agency provide additional supporting information, which the recommending agency may provide to the FLETF Chair prior to circulation. Recommendations are not under formal consideration until circulated to the FLETF member agency representatives by the FLETF Chair.

2. The FLETF Chair will provide the following materials to the FLETF member and observer agency representatives for review:

   a. A copy of the recommendation received from the recommending agency; and

   b. Associated supporting information for the recommendation (publicly available and/or classified or sensitive), on the appropriate electronic platform.

3. Within 30 calendar days of receiving a recommendation from the FLETF Chair, unless the FLETF member agencies unanimously agree to postpone

3

FOR OFFICIAL USE ONLY

AR000222

action, the FLETF member agencies will:

   a.  Review the recommendation;

   b.  Submit questions to the recommending FLETF member agency, as necessary;

   c.  Provide any relevant information in their control regarding the recommendation; and

   d.  Prepare to vote on disposition of the recommendation at the next FLETF meeting.

4.   The FLETF observer agencies may provide any relevant information regarding the recommendation to the FLETF member agencies during the review period.

C.  FLETF Meeting and Voting Procedures for UFLPA Entity List Determinations

1.   The FLETF Chair may convene the FLETF on a quarterly basis - in-person, virtually, or through a paper process - or the FLETF Chair may convene meetings other than a quarterly meeting for the purpose of considering the disposition of recommendations circulated pursuant to Part II, Sections A and B of this SOP.

   a.  When convening the FLETF for an in-person or virtual meeting, the FLETF Chair will circulate a FLETF Meeting Agenda to member and observer agencies at least 24 hours in advance of each FLETF meeting. The agenda will include outstanding UFLPA Entity List recommendations under consideration by the FLETF.

   b.  When convening the FLETF for a paper meeting, the FLETF Chair will circulate a paper identifying the issues up for a vote before the FLETF and requesting a written response from each FLETF member agency reflecting its vote on those issues.

   c.  Following an in-person, virtual, or paper meeting, the FLETF Chair will draft and circulate to each FLETF member agency a summary of the meeting, including: decisions reached, follow up actions required of FLETF member agencies, requests for additional information, agency positions articulated at the meeting, and the status of each discussed recommendation.

   d.  The FLETF member agencies may contact the FLETF Chair to request amendments or changes to the summary. The FLETF Chair will take these requests under consideration and provide amended summaries to all the FLETF member and observer agencies, as appropriate.

2.   Voting will take place at FLETF meetings, unless the FLETF member agencies unanimously agree to vote at a different time. The FLETF member agencies will

AR000223

submit their agency's vote to the FLETF Chair, via voice vote, at an in-person or virtual FLETF meeting or via a written response to a paper meeting.

    a.  Decisions to add, remove, or make a technical correction to an entry on the UFLPA Entity List will be made by majority vote of the FLETF member agencies.

    b.  In the event of a tie vote, the FLETF Chair will break the tie vote.

D.  Post-Determination Procedures

    a.  Within seven days of a FLETF vote to add or remove an entity from the UFLPA Entity List, the FLETF Chair will circulate to the FLETF member agencies an UFLPA Entity List Decision Memorandum reflecting the FLETF member agency votes and the FLETF's final decision on the recommendation. This memorandum will specify the applicable section(s) of the UFLPA that provide(s) the basis for the FLETF's determination and a summary of the reasons supporting the determination.

    2.  The FLETF will publish updates, as applicable, to the UFLPA Entity List following FLETF meetings through a Federal Register Notice.

III.  POST-ADDITION REVIEWS

A.  Requests for Removal from an Entity

    1.  An entity listed on the UFLPA Entity List may submit a request for removal from the UFLPA Entity List to the FLETF Chair. The FLETF Chair will refer all such requests and supporting information to the FLETF member agencies. The FLETF member agencies will review and vote on all such requests. The review and voting procedures that govern the FLETF member agency proposals, set forth in Part II, Sections B through D of this SOP, will apply to removal requests. The decision of the FLETF on requests for removal will not be appealable, and any new removal request will require additional information to be provided.

    2.  Once a request for removal has been submitted to the FLETF Chair, only the FLETF Chair, or the Chair's representative, may contact the entity on behalf of the FLETF regarding questions on the submission, including requests for additional information.

    3.  If, after being added to the UFLPA Entity List, an entity (or its designated representative) contacts the FLETF Chair or an individual FLETF member agency to request a meeting regarding the UFLPA Entity List, the FLETF Chair or member agency will respond as follows:

        a.  The FLETF will consider a meeting request only after the entity has

AR000224

FOR OFFICIAL USE ONLY

submitted a request for removal from or technical correction to the UFLPA Entity List to the FLETF Chair.

b. Any such meeting will not occur before FLETF member agencies have reviewed a request for removal. The FLETF will determine, at the conclusion of the review period but before voting on the request for removal, if it will accept the meeting request. The FLETF Chair, or the Chair's representative, will advise the entity in writing whether the FLETF will accept the meeting request. An accepted meeting will be held prior to the FLETF's vote on the request for removal.

4. The FLETF Chair will advise the entity in writing of the FLETF's decision.

B. Annual Reviews

1. The FLETF Chair will coordinate annual updates of the UFLPA Entity List as part of statutorily-prescribed updates to the appropriate congressional committees. The update will include a review of the current UFLPA Entity List, highlighting any additions and removals since the prior year.

IV. Records Management

A. All records concerning the FLETF's review of the UFLPA Entity List, including recommendations and requests for removal, associated supporting documentation, documentation of the FLETF's decisions, and any supplementary information shared with the FLETF, will be withheld from public disclosure unless disclosure is required by law or the information or records are publicly released via the processes identified in this SOP. The FLETF member and observer agencies will apprise DHS, as the FLETF Chair, of any requests for disclosure of records, and DHS will coordinate review of such requests.

B. All Government and/or contract employees assigned to, or working in conjunction with, the FLETF for the purpose of reviewing the UFLPA Entity List are responsible for ensuring the proper handling, storage, and distribution of both electronic and hard copy documents produced and/or maintained for use during the UFLPA Entity List review process. Classified documents must be handled pursuant to U.S. Government requirements.

C. Records concerning the FLETF's review of the UFLPA Entity List that constitute records of the individual member and observer agencies, will be handled in accordance with each agency's existing document retention and disclosure policies.

V. NO PRIVATE RIGHT CREATED. The guidelines set forth in this SOP do not create any right or benefit, substantive or procedural, enforceable by law or party against the United States, its agencies, its officers, or any person.

VI. AMENDMENT. This SOP may be modified on the written mutual consent of the FLETF member agencies.

FOR OFFICIAL USE ONLY

AR000225

FOR OFFICIAL USE ONLY

**Annex 1:**

**UYGHUR FORCED LABOR PREVENTION ACT (UFLPA) ENTITY LIST**

**RECOMMENDATION FOR ACTION**

1. **Name of Submitting FLETF Agency**:

   *Provide the name of the FLETF agency submitting the recommendation.*

2. **FLETF Agency Point of Contact**:

   *Provide the name, email address, and phone number of the agency POC for this recommendation.*

3. **Recommended Action (select one):**

   ☐ *Addition to List*        ☐ *Removal from List*        ☐ *Technical Correction*

4. **Entity Identifying Information**:

   *Provide identifying information of the entities that are the subject of this recommendation, including names, aliases, and addresses. Also include additional information to assist in identifying the entities, if available (e.g., telephone numbers, websites, e-mail addresses, etc.).*

5. **UFLPA Entity List for Addition, Removal, or Correction (select one or more applicable list):**

   ☐ *Section 2(d)(2)(B)(i) – Entities in the Xinjiang Uyghur Autonomous Region that mine, produce, or manufacture wholly or in part any goods, wares, articles, and merchandise with forced labor.*

   ☐ *Section 2(d)(2)(B)(ii) – Entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region.*

   ☐ *Section 2(d)(2)(B)(iv) – Entities that exported products mined, produced, or manufactured wholly or in part by entities on the list required by clause (i) or (ii) from the People's Republic of China into the United States.*

   ☐ *Section 2(d)(2)(B)(v) – Facilities or entities, including the Xinjiang Production and*

7

FOR OFFICIAL USE ONLY

AR000226

FOR OFFICIAL USE ONLY

*Construction Corps, that source material from the Xinjiang Uyghur Autonomous Region or from persons working with the government of the Xinjiang Uyghur Autonomous Region or the Xinjiang Production and Construction Corps for purposes of the "poverty alleviation" program or the "pairing-assistance" program or any other government labor scheme that uses forced labor.*

**6. Scope:**

*For **additions**, provide a short description of any forced labor violations committed or alleged to have been committed by the entity or entities that support their inclusion on one or more of the four entity lists noted above. Additionally, include a description of the product(s) mined, produced, or manufactured wholly or in part by the entity or entities.*

**7. Basis for Recommendation**:

*For **additions** to the UFLPA Entity List, include a narrative explaining in detail why there is reasonable cause to believe that the entity or entities meet the criteria described in clauses (i), (ii), (iv), or (v) of Section (d)(2)(B) of the UFLPA. Include a description of applicable forced labor indicators.[1]*

*For **removal** from the UFLPA Entity List, include an explanation detailing why there is no longer reasonable cause to believe that the entity or entities meet the criteria described in clauses (i), (ii), (iv), or (v) of Section 2(d)(2)(B) of the UFLPA.*

*For **technical corrections**, include full details and justification for the request. Technical corrections are changes to a UFLPA Entity List entry that do not alter the scope of the entry, i.e., a non-substantive change, such as correction of a misspelling or a citation.*

*Please keep the narrative summary to 2-3 pages maximum. Inclusion of report excerpts, figures, pictures, etc. within that page limit is encouraged. Additional supporting documents (such as full reports) that are referenced or cited in the narrative should be submitted as addenda to the recommendation. References from web sources should be provided in a standardized format indicating the website, date accessed, and description of the source.[2] Digital copies (PDFs, HTML, or other standard file format) of such web sources should be*

---

[1] *ILO Indicators of Forced Labour, International Labour Organization, 3 (Oct. 1, 2012), https://www.ilo.org/wcmsp5/groups/public/---ed_norm/---declaration/documents/publication/wcms_203832.pdf.* The ILO has developed 11 forced labor indicators to identify the most common signs that point to the possible existence of forced labor. With respect to PRC's forced-labor schemes (including transfer of workers from Xinjiang), the most common ILO indicators of forced labor are: intimidation and threats; exploitation of a position of dependency and vulnerability; restriction on freedom of movement; isolation; abusive working and living conditions; and excessive hours.

[2] TITLE OF WEBSITE | www.website.com/fullURLinOriginalCapitalization.html | DATE ACCESSED | SOURCEDESCRIPTOR (STATE WHETHER SOURCE IS PUBLIC).

FOR OFFICIAL USE ONLY

AR000227

FOR OFFICIAL USE ONLY

*included as addenda. Classified sources must be referenced in accordance with Intelligence Community Directive Number 206 (ICD 206),[3] as updated on January 22, 2015.*

8. **Supporting Information**:

*Provide any supporting information not covered in the sections above that would bolster the case for the recommendation. If the agency will be submitting classified information to support the recommendation, please note that here as well.*

---

[3] Office of the Director of National Intelligence, *Sourcing Requirements for Disseminated Analytic Products,* ICD 206 (Jan. 2015), https://www.dni.gov/index.php/what-we-do/ic-related-menus/ic-related-links/intelligence-community-directives.

FOR OFFICIAL USE ONLY

AR000228