IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE

NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.

*Plaintiffs*,

v.

UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,

*Defendants*.

Case No. 23-182

**PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's July 10 Order, ECF No. 163, Plaintiff Ninestar entities respectfully submit this status report and proposed schedule to govern subsequent proceedings in this case.

1

Yesterday, July 18, 2024, Ninestar submitted to FLETF its request for removal from the UFLPA Entity List.

Contrary to the Government's representation in its just-filed status report, ECF 169 at 2, Plaintiffs *do not agree* that a decision on Ninestar's delisting request necessarily moots the pending case. Indeed, disagreement on this point is why the parties are filing separate, rather than a joint, status report. Ninestar's delisting request raises a different issue, and seeks different relief, than the instant action. In the delisting request, Ninestar does not ask FLETF to reverse its prior listing decision *ab initio*. Rather, Ninestar demonstrates to FLETF that no *current* basis exists to maintain the listing. If FLETF denies Ninestar's delisting request, FLETF will have taken a new final agency action based on a new administrative record that can be challenged separately before this court. Such a ruling would not moot or in any way impact Ninestar's pending claims challenging FLETF's original listing decision on the grounds already asserted.

That said, it is also the case that if FLETF grants Ninestar's delisting request, that will have the effect of mooting Ninestar's existing claims for injunctive relief. In view of that, Plaintiffs believe that a continued temporary stay of this matter is appropriate. As the delisting proceeding before FLETF concerns a different agency action on a different question and based on a different record, an open-ended stay is not appropriate. As noted, Ninestar's rights and claims in its pending action are not at issue in the delisting process. Moreover, as Ninestar has noted previously, while a number of listed entities have apparently sought delisting since the UFLPA's enactment (with 3 such requests currently pending with FLETF[1]), not a single entity has *ever* been delisted. If FLETF

---

[1] *See* Dept. of Homeland Security, *2024 Updates to the Strategy to Prevent the Importation of Goods Mined, Produced, or Manufacturer with Forced Labor in the People's Republic of China*, Report to Congress, July 9, 2024 at 13 ("Removal from the UFLPA Entity List may be initiated through a recommendation by a FLETF member agency or by a request from an entity named on the UFLPA Entity List. To date, no FLETF member agency has initiated a recommendation to

approaches Ninestar's petition in that same matter, an open-ended stay would unduly and improperly prejudice Ninestar's rights and claims.

Accordingly, Ninestar proposes that the Court extend its temporary stay for two months, at which time Defendants will submit a status report updating the Court as to their consideration and processing of the delisting petition. Plaintiffs will thereafter promptly file any necessary response. At that time, for good cause shown, Defendants may ask the Court for a further two month extension, and so forth. Two months is an appropriate time period for periodic check-ins. FLETF made its initial listing decision in approximately two months. *See* ECF 24-1 at 6-7 (Materials submitted to FLETF on March 3, 2023, and listing decision taken on May 15, 2023). And, in any event, without regular reports back from Defendants, the Court and Plaintiffs will have no basis to evaluate whether a continued stay of distinct legal claims is appropriate.

Dated: July 19, 2024

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*

---

remove an entity from the UFLPA Entity List. The FLETF is currently evaluating three removal requests formally submitted by entities currently on the UFLPA Entity List.") (available at: https://www.dhs.gov/uflpa-strategy).