# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Case No. 23-182<br><br>**Plaintiffs' Reply to Defendants' Response to Plaintiffs' Status Report** |

1

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFFS' STATUS REPORT**

The Court should reject the Government's request (via a status report) for dismissal of this action or a lengthy four-month stay. In support of its request, the Government says that by filing a request for removal from the UFLPA Entity List, Ninestar is now attempting to "exhaust its remedies before the FLETF." ECF No. 171 at 2. That is not correct. Ninestar's request for removal "is not asking FLETF to revisit [the original listing decision]," but rather asks FLETF to take a new agency action, based on a different legal standard and a different evidentiary record. ECF No. 168-1 at 5. Accordingly, regardless of how FLETF disposes of Ninestar's request for removal, FLETF's original listing decision remains "final agency action" that is "subject to judicial review" in this Court. 5 U.S.C. § 704.

The Government also contends that Ninestar's pending motions attacking the legality of the original listing decision "will become moot" as soon as FLETF makes a decision on Ninestar's request for removal. ECF No. 171 at 2. That is also not correct. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). That plainly will not be the case if FLETF *denies* Ninestar's delisting request: Ninestar would still be on the UFLPA Entity List, so this Court would still be able to grant effectual relief by vacating the initial listing decision or enjoining Defendants to remove Ninestar from the list. Unless and until FLETF *grants* Ninestar's request and removes it from the list, this case is not moot, and there is no basis for dismissal.[1]

---

[1] Moreover, Ninestar's complaint expressly seeks all "other relief as the Court deems just and proper," ECF No. 71 at 22, and as Ninestar noted in its motion for a preliminary injunction, ECF No. 9 at 12 n.3, 28 U.S.C. § 2643(a) authorizes the Court of International Trade to "enter a money judgment … against the United States in any civil action commenced under section 1581." *See also* Slip Op. 23-169 at 3 (holding that this Court likely has jurisdiction under § 1581(i)). Ninestar's claim for damages predicated on the initial listing decision will remain live regardless of whether FLETF grants or denies Ninestar's request for removal. *See Mission Prod. Holdings,*

The Government next asserts that Ninestar has taken inconsistent positions on how this litigation should proceed. ECF No. 171 at 3. This too is not correct. Ninestar previously said that "[o]nce Plaintiffs file their delisting petition, they will not oppose staying the litigation." ECF No. 143 at 2. Having now "file[d] their delisting petition," *id.*, Ninestar "proposes that the Court extend its temporary stay for two months," ECF No. 168, which could then be revisited and extended as appropriate in a regular and orderly manner. The Government apparently believes Ninestar agreed to a *permanent* stay of the litigation, but it tellingly cites no support for that belief.

The Government then asserts that Ninestar "has taken over one year since its initial listing to prepare its short request for removal." ECF No. 171 at 3. That's wrong too. As this Court has already recognized, pursuing "FLETF's removal procedure" shortly after the listing decision would have been a "necessarily speculative, illogical, and useless task" because FLETF gave Ninestar no insight into the basis for its decision. Slip Op. 24-24 at 23–25. But even once Ninestar's counsel gained some insight into the basis for the listing, Ninestar's ability to craft an effective request for removal remained hampered by the lack of information. As just one example, because the Government has refused to identify which "third-party agency" provided the alleged critical link between Ninestar and the Xinjiang government, Ninestar was forced to survey its corporate records for every such agency it had worked with in recent years (dozens); cull that list down to potentially culpable agencies based solely on the timing between their contract with Ninestar and the listing decision; then ensure all ties were cut with the potentially culpable agencies by either allowing the contract to expire or, in some cases, terminating the contract early. This entailed significant time and expense. Because the continued lack of transparency from the

---

*Inc. v. Tempnology, LLC*, 587 U.S. 370, 377 (2016); *see also Chafin*, 568 U.S. at 174 (rejecting argument that case was moot because court lacked authority to award relief sought, which "confuses mootness with the merits").

3

Government has forced Ninestar to continue "speculat[ing]," *id.* at 25, compiling its request for removal has been no simple task.

    Finally, the Government asserts that "FLETF should be afforded at least as much time—*i.e.*, over a year—to consider Ninestar's delisting request. ECF No. 171 at 3. But FLETF has already demonstrated that it can act far more quickly. Just over two months passed between circulation to the FLETF member agencies of DHS's recommendation to list Ninestar and the final vote. In light of that track record, a two-month stay with potential extensions for good cause is warranted.

Dated: July 26, 2024

                                                  Respectfully submitted,

                                                  */s/ Gordon D. Todd*

                                                  MICHAEL E. MURPHY
                                                  GORDON D. TODD
                                                  MICHAEL E. BORDEN
                                                  CODY M. AKINS
                                                  SIDLEY AUSTIN LLP

                                                  1501 K Street, N.W.
                                                  Washington, D.C. 20005
                                                  (202) 736-8760
                                                  gtodd@sidley.com

                                                  *Counsel for Plaintiffs*