UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, in his official capacity as the Secretary of the Department of Homeland Security; TROY A. MILLER, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection; and ROBERT SILVERS, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force,<br><br>    Defendants. | Before: Gary S. Katzmann, Judge<br>Court No. 23-00182 |

## ORDER

  Plaintiffs Ninestar Corporation and its corporate affiliates bring this action challenging the decision of the Forced Labor Enforcement Task Force ("FLETF") to list Plaintiffs as embargoed entities under the Uyghur Forced Labor Prevention Act ("UFLPA"), Pub. L. No. 117-78, 135 Stat. 1525 (2021). In its initial opinion in this litigation, the court held that Plaintiffs were likely to

establish the court's subject matter jurisdiction under 28 U.S.C. § 1581(i).  See Ninestar Corp. v. United States, 47 CIT __, 666 F. Supp. 3d 1351 (2024), ECF No. 58.  Several months later, the court denied Plaintiffs' Motion for Preliminary Injunction, which requested a stay of the Listing Decision.  See Ninestar Corp. v. United States, 48 CIT __, 687 F. Supp. 3d 1308 (2024), ECF No. 121 (public version).  And most recently, the court adjudicated the parties' various motions and requests pertaining to confidential evidence on the agency record, the informant privilege, and disclosure pursuant to the Freedom of Information Act.  See Ninestar Corp. v. United States, 48 CIT __, Slip Op. 24-76 (2024), ECF No. 163.

In that latest opinion, the court also ordered that the parties submit status reports and proposed scheduling orders governing any subsequent proceedings in this case.  See id. at 58–59.  The parties submitted separate status reports, see Def.'s Status Report, July 19, 2024, ECF No. 167; Pls.' Status Report, July 19, 2024, ECF No. 169, and subsequent responsive filings, see Def.'s Resp. to Pls.' Status Report, July 24, 2024, ECF No. 171; Pls.' Reply to Defs.' Resp., July 26, 2024, ECF No. 175.

Plaintiffs' filings state that, on July 18, 2024, Plaintiffs submitted to the FLETF a request to remove Plaintiffs from the UFLPA Entity List ("Delisting Request").[1]  See Pls.' Status Report at 2, July 19, 2024, ECF No. 169.  The FLETF is expected to advise Plaintiffs of its decision on the Delisting Request "in writing."  Pub. Admin. R. at 225, July 12, 2024, ECF No. 166.  The

---

[1] "Removal from the UFLPA Entity List may be initiated through a recommendation by a FLETF member agency or by a request from an entity named on the UFLPA Entity List.  To date, no FLETF member agency has initiated a recommendation to remove an entity from the UFLPA Entity List. The FLETF is currently evaluating three removal requests formally submitted by entities currently on the UFLPA Entity List." U.S. Dep't of Homeland Sec., 2024 Updates to the Strategy to Prevent the Importation of Goods Mined, Produced, or Manufactured with Forced Labor in the People's Republic of China 13 (2024), https://www.dhs.gov/uflpa-strategy.  The court also notes that Ninestar's Delisting Request would be the first one that has followed litigation challenging the initial listing decision in court.

parties generally agree that a stay of this action would be proper in light of the FLETF's pending decision but dispute the stay's precise terms.[2]  The court held a public status conference in which the parties discussed their respective stay proposals.  See Status Conference, July 29, 2024, ECF No. 176.

It is hereby:

**ORDERED** that the above-captioned litigation is **STAYED** until the sooner of either (i) 120 days from the date of this order, or (ii) the issuance of FLETF's final written decision on Plaintiffs' Delisting Request; and it is further

**ORDERED** that, by three business days after the date of the stay's expiration, the parties submit a joint status report.  The joint status report should include, with good cause shown, either (i) a proposed scheduling order governing any subsequent proceedings in this case, or (ii) a motion to extend the stay.  If the parties are unable to agree on a joint status report, Plaintiffs and Defendants may each submit their respective versions of such status report.

**SO ORDERED.**

/s/    Gary S. Katzmann
Judge

Dated: July 30, 2024
New York, New York

---

[2] Defendants alternatively argue that dismissal of this case is warranted because Plaintiffs' submission of the Delisting Request renders this litigation moot.  See ECF No. 171, at 2.  Plaintiffs disagree.  See ECF No. 175, at 2.  Defendants have not filed a motion to dismiss, and the court does not otherwise reach the mootness issue at this time.