UNITED STATES COURT OF INTERNATIONAL TRADE

HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; KRISTI NOEM, *in her official capacity as the Secretary of the Department of Homeland Security*; PETE R. FLORES, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; and CHRISTOPHER PRATT, *in his official capacity as Senior Official Performing the Duties of the Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Case No. 23-182 |

## PLAINTIFFS' STATUS REPORT

Pursuant to the Court's April 25, 2025 Order, ECF No. 186, Plaintiffs submit this status report of proceedings before the Forced Labor Enforcement Task Force (FLETF) in the matter of Plaintiffs' request for removal from the UFLPA Entity List.

On June 17, 2025, the Government informed the Court that the FLETF chair had initiated a vote on Ninestar's Delisting Request. ECF No. 187. On June 23, 2025, the FLETF issued its

written decision denying Ninestar's request to be removed from the UFLPA Entity List. The FLETF's decision is attached hereto as Exhibit 1.

Ninestar is disappointed by the FLETF's decision, and especially the FLETF's choice not to provide a reasoned explanation for its decision or to disclose the "additional information" it obtained during its consideration of Ninestar's removal request. Accordingly, Ninestar today sent the FLETF a letter, attached hereto as Exhibit 2, explaining its disappointment to the FLETF and requesting that the FLETF provide by July 11, 2025 a more fulsome explanation of and the evidence underlying its decision.

Although the stay of this case imposed by the Court's order of April 25, 2025, is now lifted, Plaintiffs respectfully request that the Court provide the FLETF an opportunity to respond to Plaintiffs' request for additional information, as the FLETF's response, or lack thereof, will inform how Plaintiffs propose proceeding in this matter. Accordingly, Plaintiffs propose that the parties provide the Court with a proposed order, by July 14, 2025, governing additional proceedings in this matter. If the parties, after conferring, are unable to agree on a joint proposal, separate proposals may be filed.

Dated: June 26, 2025

Respectfully submitted,

/s/ Gordon D. Todd
MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS

SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*

# Exhibit 1

# Exhibit 2



SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8016
TED.MURPHY@SIDLEY.COM

June 26, 2025

**CONFIDENTIAL—NOT SUBJECT TO RELEASE UNDER FOIA PURSUANT TO 5 U.S.C. § 552(b)(4), (b)(7) &** *GTE Sylvania v. Consumers Union*, **445 U.S. 375 (1980)**[1]

**By Email**

Christopher C. Pratt
Chair, Forced Labor Enforcement Task Force
Senior Official Performing the Duties of the
    Under Secretary for Office of Strategy, Policy & Plans
Department of Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington, D.C. 20528-0525
FLETF.UFLPA.EntityList@hq.dhs.gov

    Re:    Ninestar Corporation—Request for Removal from UFLPA Entity List

Dear Mr. Pratt,

    On behalf of our clients, Ninestar Corporation and its affiliates (collectively, "Ninestar"), we write to express our disappointment with the Forced Labor Enforcement Task Force's ("FLETF") June 23, 2025 final decision denying Ninestar's request for removal from the Uyghur Forced Labor Prevention Act ("UFLPA") Entity List, and the process surrounding that decision. Despite Ninestar's complete cooperation in that process, including providing thousands of pages of information and answering dozens of questions posed over many months—all of which now appear to be have been irrelevant—the FLETF issued a decision that simply announces an outcome. That is not a fair, transparent, or productive process. This result ignores Ninestar's rights and the FLETF's obligations under the Administrative Procedure Act. It also ignores the Court of International Trade's instruction that the FLETF needs to better explain its listing decisions. While Ninestar would be well within its rights to return to court immediately, Ninestar remains committed to attempting to make effective use of the FLETF's delisting process. Accordingly, we write to request that the FLETF share with Ninestar's U.S. counsel the information that supports the FLETF's final decision.

---

[1] Confidential information is designated by double brackets.

# SIDLEY

Mr. Christopher C. Pratt
June 26, 2025
Page 2

### Procedural History

On June 12, 2023, the Department of Homeland Security published a Federal Register Notice announcing the addition of Ninestar to the Entity List described in Section 2(d)(2)(B)(ii) of the UFLPA (the "Listing Decision"). The FLETF provided no explanation of its decision in the Federal Register Notice. *See Ninestar Corp. v. United States*, 687 F. Supp. 3d 1308, 1329 (Ct. Int'l Trade 2024).

On August 22, 2023, Ninestar sued the FLETF and related agencies and officials in the United States Court of International Trade on the basis that the Listing Decision was unlawful. Ninestar alleged, *inter alia*, that the Listing Decision was issued without a sufficient explanation in violation of the Administrative Procedure Act, and that Ninestar was unable to seek meaningful administrative relief because the FLETF had not disclosed to Ninestar the basis for the Listing Decision. Ninestar moved for a preliminary injunction the same day.

On February 27, 2024, the court concluded that Ninestar was not required to seek delisting from the FLETF before suing because the FLETF had failed to provide "timely access to the confidential record" or an explanation of why Ninestar was listed, making exhaustion "speculative, illogical, and useless." *Id.* at 1326. The court also concluded that while Ninestar was not entitled to a preliminary injunction, the Federal Register Notice's explanation was likely insufficient under the APA. *Id.* at 1331 n.15. The court expressed hope that "the FLETF's delisting request process" would be an appropriate avenue for disclosure of the FLETF's rationale but cautioned that to prevent "wast[ing] judicial resources, …the FLETF would do well to offer a more developed explanation before future disputes reach the court." *Id.* Ninestar's lawsuit against the FLETF remains pending.

On July 18, 2024, Ninestar submitted to the FLETF a request to be removed from the UFLPA Entity List. Ninestar asserted that there was no reasonable cause to believe that Ninestar meets the criteria for continued listing because ███████████████████████████████ ████████████████████████████████████████████████████████ In support, Ninestar submitted several hundred pages of evidence, including ████████████████████ ████████████████████

On September 26, 2024, the FLETF sent Ninestar 12 questions regarding Ninestar's removal request. The questions spanned a variety of topics, including Ninestar's recruitment processes, social audit practices, and employment records. The FLETF did not ask Ninestar to assert that it would not accept Uyghur laborers from the XUAR transferred through labor dispatch agencies via government sponsored labor transfers. Ninestar submitted its responses, along with several hundred more pages of supporting records, on November 6, 2024.

# SIDLEY

Mr. Christopher C. Pratt
June 26, 2025
Page 3

On November 27, 2024, the FLETF informed Ninestar that it had accepted Ninestar's request for a meeting, at which Ninestar hoped to engage in a constructive dialog regarding its removal request. For example, if the FLETF wished to hear Ninestar specifically affirm that it would not accept Uyghur laborers from the XUAR transferred through labor dispatch agencies via government sponsored labor transfers, the attending FLETF representatives could have asked for such an affirmation at the meeting. On December 5, 2024, however, the FLETF informed Ninestar that the meeting would be structured as a "listening session," at which Ninestar would be permitted to present orally the same arguments and evidence it had already detailed in writing, but the FLETF members would not engage. Because such a meeting would do nothing to further Ninestar's request and might have only delayed it further, Ninestar withdrew its request for a meeting on December 9, 2024.

Shortly after Ninestar withdrew its request for a meeting, the FLETF sent three additional questions to Ninestar. These questions asked about Ninestar's social welfare programs, whether Ninestar had hired or contracted Turkic language workers since 2017, and whether Ninestar has a policy against recruiting from the XUAR. The FLETF again did not ask Ninestar to assert that it would not accept Uyghur laborers from the XUAR transferred through labor dispatch agencies via government sponsored labor transfers. Ninestar provided answers to the FLETF's December 9 questions on December 11, 2024.

On April 18, 2025, the FLETF sent a third round of questions to Ninestar. The FLETF asked Ninestar to identify impediments to responding to the FLETF's questions, to update prior responses, and to certify that its responses were fully accurate. The FLETF for a third time did not ask Ninestar to assert that it would not accept Uyghur laborers from the XUAR transferred through labor dispatch agencies via government sponsored labor transfers. Ninestar provided answers to the FLETF's April 18 questions on April 22, 2025.

The FLETF sent a fourth round of questions to Ninestar on May 9, 2025. The FLETF asked Ninestar five questions, including questions regarding Ninestar's labor suppliers and third-party social audits. The FLETF for a fourth and final time did not ask Ninestar to assert that it would not accept Uyghur laborers from the XUAR transferred through labor dispatch agencies via government sponsored labor transfers. Ninestar provided answers, including hundreds of additional pages of supporting records, to the FLETF's May 9 questions on May 13, 2025.

The FLETF did not request any further information from Ninestar.

**The Delisting Decision**

On June 23, 2025, the FLETF sent Ninestar its final decision denying Ninestar's removal request. After spending two full pages reciting the procedural history recounted above, the

# SIDLEY

Mr. Christopher C. Pratt
June 26, 2025
Page 4

FLETF devotes just four conclusory sentences to asserting what appear to be three distinct and unsupported grounds for denying Ninestar's request.

    First, the FLETF states that "Ninestar's statements and evidence are inconsistent with the information provided by a confidential source," so Ninestar failed to "persuade the FLETF that the information supporting the initial listing determination is no longer accurate." The FLETF does not explain what information was provided by the confidential source or why the confidential source's information was deemed more credible than Ninestar's statements and evidence.

    Second, the FLETF states that Ninestar "fails to assert that it would not accept Uyghur laborers from the XUAR transferred through labor dispatch agencies via government sponsored labor transfers." The FLETF never asked Ninestar to make such an assertion. The FLETF also fails to explain why the lack of such an assertion is dispositive despite: (1) the extensive evidence detailing the steps Ninestar has taken to ensure it is ███████████████ ███████████████████████████████████; (2) Ninestar's statement that ███████████ ███████████████████████████████; (3) Ninestar's statement that "[r]egardless of the recruitment method, Ninestar is committed to ensuring that all employees voluntarily choose to work at Ninestar (*id.* at 4); and (4) Ninestar's statement that ███████████████████  ██████████████████████████████████████████████████████████████████████████.

    Third, the FLETF stated without any elaboration that it "obtained additional information that also indicates the record submitted by Ninestar regarding its cooperation with labor dispatch agencies and the recruitment of labor is incomplete, and in some instances, unreliable." The FLETF does not explain what information it obtained, the source of that information, or why that information was deemed more credible than Ninestar's submissions.

    The FLETF's letter states that its "decision to deny Ninestar's request for removal is not appealable" but Ninestar may submit a new delisting request if it "can provide new information to support such a request."

    <u>**Next Steps**</u>

    Ninestar is shocked by the FLETF's final decision, including the lack of any reasonably detailed explanation of that decision. Ninestar still wants to work with the FLETF to obtain delisting through a fair, transparent, and lawful process. That said, if FLETF will not share information about the government's concerns, even after Ninestar submits a request for delisting

# SIDLEY

Mr. Christopher C. Pratt
June 26, 2025
Page 5

that includes thousands of pages of documents, filing a further request seems futile. As the Court of International Trade has recognized, the FLETF's delisting process is a "speculative, illogical, and useless" exercise if Ninestar does not have access to a reasoned explanation for, and the evidence underlying, the FLETF's decision. *Ninestar*, 687 F. Supp. at 1326–27; *see also Ninestar Corp. v. United States*, 716 F. Supp. 3d 1376, 1401 (Ct. Int'l Trade 2024) (holding the FLETF's assertion of informant privilege "must yield in part because the informant's communications are essential to a fair determination of [Ninestar]'s APA causes of action").

Ninestar recognizes that the FLETF's decision denying Ninestar's delisting request is final and non-appealable. Nevertheless, Ninestar respectfully requests that the FLETF provide a more detailed justification of its decision and the "additional information" the FLETF obtained while considering Ninestar's removal request, so Ninestar can make an informed decision on whether to submit a new removal request. We request that this information be provided by July 11, 2025. The undersigned counsel will gladly work with the FLETF to reach an agreement about the handling of information in order to assuage any confidentiality concerns the FLETF may have.

Ninestar would appreciate the opportunity to resolve this dispute without further involvement from the court.

Respectfully submitted,

*/s/ Michael E. Murphy*

Michael E. Murphy
Gordon D. Todd
Michael E. Borden
Cody M. Akins

*Attorneys for Ninestar Corporation*