IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; KRISTI NOEM, *in her official capacity as the Secretary of the Department of Homeland Security*; RODNEY S. SCOTT, *in his official capacity as Commissioner for U.S. Customs and Border Protection*; and CHRISTOPHER PRATT, *in his official capacity as Senior Official Performing the Duties of the Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*<br><br>*Defendants*. | Case No. 23-182<br><br>**Plaintiffs' Motion for Leave to Supplement Complaint** |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Plaintiffs (collectively, Plaintiffs or "Ninestar") respectfully move the Court for leave to

supplement their operative complaint. Plaintiffs seek to add allegations related to, and grounds

for vacating, FLETF's June 23, 2025 decision denying Plaintiffs' request for removal from the UFLPA Entity List.  Ninestar has attached its proposed Second Amended Complaint to this motion.

According to Defendants' counsel, "The Government does not yet have a position with respect to this motion."

## BACKGROUND

Ninestar's operative complaint asserts four grounds on which FLETF's decision to add Ninestar to the UFLPA Entity List is unlawful.  First Amended Complaint, ECF No. 71, ¶¶ 61–79.  On July 18, 2024, Ninestar submitted to the FLETF a request for removal from the UFLPA Entity List.  *See* ECF No. 169 at 2.  On July 30, 2024, the Court stayed this litigation in light of Ninestar's removal request. ECF No. 177. The Court repeatedly extended that stay while Ninestar's removal request was pending. *See* ECF Nos. 180, 184, 186.

On June 23, 2025, FLETF denied Ninestar's request for removal from the UFLPA Entity List.  ECF No. 189 at 1 & Ex. 1. Because FLETF failed to provide a reasoned explanation for its decision or disclose the "additional information" on which it relied in denying Ninestar's request, Ninestar sought, and the Court granted, an additional, brief stay of the litigation while Ninestar requested further information from FLETF.  *Id.* at 2; ECF No. 192.  FLETF did not respond to Ninestar's request.

On August 8, 2025, the Court adopted the parties' joint proposed schedule governing the remainder of this litigation, which includes an opportunity for Plaintiffs to seek leave to amend their complaint.  *See* ECF Nos. 197 at 4; 198.

## DISCUSSION

Rule 15(d) of this Court's rules of procedure "unequivocally allows supplementing a complaint with a count based on later events." *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed.

2

Cir. 1990). The same standard generally governs motions for leave to amend and motions for leave to supplement. *See Am. Bio Medica Corp. v. Bailey*, 341 F. Supp. 3d 142, 148 (N.D.N.Y. 2018); *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). Thus, leave "should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties," *Am. Bio*, 341 F. Supp. 3d at 148, unless supplementation was unreasonably delayed, or would be futile or unduly prejudicial, *Second Nature Designs, Ltd. v. United States*, 586 F. Supp. 3d 1334, 1338 (CIT 2022).

Allowing Plaintiffs to present in this action their claims related to FLETF's denial of their removal request is the most efficient and fair path forward. FLETF's test for removal requests—whether "the entity no longer meets or does not meet the criteria described in the applicable clause … of section 2(d)(B) of the UFLPA," 88 Fed. Reg. 38,080, 38,082 (June 12, 2023)—necessarily presumes knowledge of FLETF's justification for initially listing an entity. A court with knowledge of that initial listing justification will therefore be best positioned to evaluate whether FLETF's decision denying Ninestar's removal request was reasonable and supported by substantial evidence—precisely the claims Ninestar seeks to add to this action. Because this Court is already familiar with FLETF's initial listing justification, it is best positioned to adjudicate the lawfulness of FLETF denial of Plaintiffs' removal request.

The only alternative, in which Plaintiffs file a separate complaint regarding the removal request, would be wasteful and inefficient. Worse, proceeding in two separate actions creates the prospect of conflicting decisions that could leave the parties subject to inconsistent judgments. The parties could seek consolidation to avoid that risk, *see* CIT R. 42(a), but then the parties would be forced to jump through meaningless procedural hoops to reach a result that supplementation could easily achieve.

There is also no barrier to supplementation here.  Plaintiffs' supplementation is timely.  The parties expressly contemplated in their joint scheduling order that Plaintiffs could take until August 27 to file their proposed amended complaint and motion for leave.  ECF No. 197 at 4.  Nor could Plaintiffs have reasonably sought leave earlier.  They received FLETF's decision denying their removal request in late June, then diligently requested information from FLETF necessary to deciding how to proceed; within a month of FLETF's refusal to provide more information, the parties entered the schedule now governing this litigation.  The timeliness factor thus "favor[s] allowing amendment."  *Second Nature*, 586 F. Supp. 3d at 1341.

Supplementation also would not prejudice the Government.  The claims Plaintiffs seek to add to their complaint are pure questions of law, with the only predicate facts coming from an Administrative Record that the Government has long had in its possession.  *See Giorgio Foods, Inc. v. United States*, 515 F. Supp. 2d 1313, 1318 (Ct. Int'l Trade 2007) (explaining that the Government suffered "no undue prejudice" where the added claim raised an "issue … of law" and "did not require additional fact-finding or a new trial").  The Government has thus had ample "opportunity to prepare its case concerning the new issues raised."  *Second Nature*, 586 F. Supp. 3d at 1341 (quotation marks omitted).

Nor could amendment be a "surprise" to the Government.  *Id.*  Shortly after Ninestar filed its removal request, Ninestar warned that FLETF's denial of the removal request would constitute "new final agency action based on a new administrative record that can be challenged separately before this court."  ECF No. 168 at 2.  The Government is not unduly prejudiced by Ninestar's assertion of the very claims it warned the Government about months ago.

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to supplement the complaint.

Dated: August 27, 2025

Respectfully submitted,

*/s/ Gordon D. Todd*

MICHAEL E. MURPHY
GORDON D. TODD
MICHAEL E. BORDEN
CODY M. AKINS
SIDLEY AUSTIN LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8760
gtodd@sidley.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; KRISTI NOEM, *in her official capacity as the Secretary of the Department of Homeland Security*; RODNEY S. SCOTT, *in his official capacity as Commissioner for U.S. Customs and Border Protection*; and CHRISTOPHER PRATT, *in his official capacity as Senior Official Performing the Duties of the Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>*Defendants*. | Case No. 23-182<br><br>**Proposed Order Granting Plaintiffs' Motion for Leave to Supplement Complaint** |

      Plaintiffs' motion for leave to file a supplemented complaint, ECF No. \_\_, is **GRANTED**. It is hereby **ORDERED** that Plaintiffs' Second Amended Complaint, ECF No. \_\_-1, is deemed filed.

Dated: _____

      New York, New York                        Gary S. Katzmann, Judge