UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

*Office of Strategy, Policy, and Plans*

**U.S. Department of Homeland Security**
**Washington, DC 20528**



July 21, 2025

MEMORANDUM FOR THE FORCED LABOR ENFORCEMENT TASK FORCE MEMBER AGENCIES

FROM:            Christopher C. Pratt
                 Senior Official Performing the Duties of the Under Secretary
                 Office of Strategy, Policy, and Plans
                 Forced Labor Enforcement Task Force Chair

SUBJECT:         **Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor Prevention Act Entity List**

(U//FOUO) On June 12, 2023, the Forced Labor Enforcement Task Force (FLETF) added Ninestar Corporation and its Zhuhai-based subsidiaries (hereafter referred to as "Ninestar") to the Uyghur Forced Labor Prevention Act (UFLPA) Entity List pursuant to Section 2(d)(2)(B)(ii) of the UFLPA (Public Law 117-78); *i.e.*, "a list of entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region."

1.      (U//FOUO) The FLETF's addition of Ninestar to Section 2(d)(2)(B)(ii) of the UFLPA Entity List

(U//FOUO) According to UFLPA Entity List Package 23-002: "Both the parent company [Ninestar] and its Zhuhai subsidiaries [are] reported to have worked with the government of the Xinjiang Uyghur Autonomous Region (XUAR or Xinjiang) through a third-party agency to

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

INFORMANT PRIVILEGE

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor Prevention Act Entity List

Page 2

recruit, transport, transfer, and receive Uyghur laborers out of the XUAR to work in its manufacturing facilities in the city of Zhuhai, located in the Guangdong Province of the People's Republic of China (China)."  All sources—including information provided to U.S. Customs and Border Protection (CBP) by a confidential source, Chinese government documents, Ninestar's company documents, and media reports—corroborated that Uyghur laborers working at Zhuhai Ninestar facilities were recruited, transferred, and monitored by the officials of the XUAR government.  Such information reasonably indicated that these workers from the XUAR were coerced to enter state-sponsored labor transfer programs to work "thousands of miles away from their hometowns in the XUAR."[1]



---

[1] Attachment L, pg. 2-3.

[2] *Id.* at pg. 4.

[3] *Id.*

[4] *Id.* at pg. 4.

[5] *Id.*

[6] *Id.*

[7] *Id.* at pg. 6

[8] *Id.*

[9] *Id.* at pg. 5.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000002

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 3

(U//FOUO) The above information, in addition to other supporting documents, led the FLETF to
determine UFLPA Entity List Package 23-002 supported a reasonable cause to believe that
Ninestar and its Zhuhai-based subsidiaries work with the XUAR government to recruit, transport,
transfer, and receive Uyghur laborers out of the XUAR and therefore met the criteria of Section
2(d)(2)(B)(ii) of the UFLPA.  The FLETF added Ninestar and its Zhuhai-based subsidiaries to
Section 2(d)(2)(B)(ii) of the UFLPA Entity List on June 12, 2023.

2.    (FOUO//BCI) Ninestar's Removal Request

(FOUO//BCI) In Removal Request (RR) 24-001, Ninestar asserts that "there is no reasonable
cause to believe Ninestar meets the criteria for continued listing under Section 2(d)(2)(B)(ii) of the
UFLPA."[10]  Ninestar also asserts "while Ninestar believes that the evidence it is providing here [in
its removal request] casts doubt on the bases for the original Listing Decision, it is not asking [the]
FLETF to revisit that decision in this removal request.  Rather, Ninestar requests delisting on the
separate and prospective ground that, regardless of whatever went before, there is no reasonable
cause to believe today that Ninestar meets the criteria for continued listing under Section
2(d)(2)(B)(ii) of the UFLPA."[11]  Ninestar's basis for this assertion is its claim that "Ninestar is not
working with any of the same third-party dispatch agencies it worked with prior to the listing
decision," and that "Ninestar currently has only one Uyghur employee."[12]

(U//FOUO) In support of its removal request, Ninestar submitted documentation including labor
dispatch agency contracts and terminations, personnel records, certain labor recruitment policies,
grievance mechanisms, and audits as evidence that there is no longer reason to believe that the
company works with the XUAR government to recruit, transfer, or transport Uyghurs out of the
XUAR.

(U//FOUO) When considering whether there remains a reasonable cause to believe that Ninestar
meets the criteria for inclusion under Section 2(d)(2)(B)(ii), the FLETF must also consider the
completeness, veracity, and reliability of the information submitted by Ninestar in its removal
request, and whether or not additional publicly available information has been identified in
addition to the information previously identified in the initial determination.  While Ninestar states
that it is not challenging the initial listing in its removal request, Ninestar's evidence and
arguments must be considered in the context of the evidence for the initial listing.

---

[10] Attachment A, pg. 1.
[11] Attachment A, pg. 5.
[12] *Id.* at pg. 9.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 4

### A. (U//FOUO) Ninestar argues that it does not employ Uyghur laborers.

(U//FOUO) Ninestar claims in its removal request that "Ninestar does not currently employ any Uyghur Laborers" and that "Ninestar's employment records show that the ███████████ ██████████ were incorrect," regarding the presence of Uyghurs at Ninestar's Zhuhai facilities.[13] Ninestar claims its "historical employment data shows that Ninestar hired just two Uyghur employees from 2016 to 2024, both of whom came to the Company from Hunan Province," and that "those employees resigned in 2019."[14] Ninestar further indicates that it "currently has only one Uyghur employee, and that employee joined the Company in 2015, was not hired through a dispatch agency, and is not a laborer."[15] The employment data provided by Ninestar represents that this individual is from Xinjiang and was hired via online recruitment.[16] In sum, Ninestar represents that its employment records show that it hired only one Uyghur from Xinjiang in 2015 through online recruitment, who is still with the company, and two other Uyghurs from Hunan Province, both of whom left the company in 2019.

(U//FOUO) Ninestar describes the process by which it collects employee information. When employees begin with Ninestar, they self-report information, including ethnicity.[17] If the employee provides a form of government identification, Ninestar will confirm the self-reported information.[18] Ninestar does not say what happens in a situation in which the employee does not provide an official identification.

(U//LES) Ninestar argues its employment data indicates the confidential source's allegations regarding Uyghurs at the company are incorrect and that the confidential source's allegations rely primarily on the fact ███████████████████████████████████████████ ████████████████████[19] The confidential source did state ███████████████ ████████████████████████ ███████████████████████████ ████████████████ ████████████████████████████████████.[20] Based on the information presented by Ninestar in its removal request, only one Uyghur worker from the XUAR worked at the company during the ████ visit in ████ 2022, and the subsequent ████ visit in the ██ of 2022. However, the confidential source, ████████████████████████████



---

[13] *Id.* at pg. 7.
[14] *Id.* at pg. 8.
[15] *Id.* at pg. 9.
[16] Attachment A, Appendix, pg. 72.
[17] Attachment A at App.038
[18] *Id.*
[19] Attachment A, pg. 7.
[20] Attachment L, pg. 4.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 5

(U//FOUO) The employment information provided by Ninestar does not fully and
comprehensively account for the claims made by the confidential source's allegation. There are
inherent contradictions between Ninestar's represented employment data and the allegations made
by the credible confidential source. In Ninestar's telling, there is currently one Uyghur employee
in management hired in 2015, and it recruited only two Uyghurs out of Hunan Province in 2016
who resigned in 2019. Although Ninestar therefore claims it employed only one Uyghur during
2022, the confidential source indicated in its allegations, ███████ ███████████
██████████████████████████████████████████████████████████

███████. Therefore, concerns exist over the reliability of Ninestar's disclosures regarding its
provided employment records and the historical presence of Uyghur workers transferred from the
XUAR through government-sponsored labor programs at Ninestar's Zhuhai facilities. Given the
disparity between Ninestar's records concerning the number of Uyghur employees it had in 2022
and the allegations made by the confidential source ██████████ ██████████████████,
these records lack sufficient credibility to demonstrate that Ninestar only employs one Uyghur at
present such that removal from the UFLPA Entity List is warranted.

B. ██████████████████████████████████████████████████████████



---

[21] *Id.*
[22] Attachment A, pg. 8.

[23] Attachment L, pg. 4.
[24] *Id.*
[25] Attachment A, pg. 3.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative
impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could
interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose
techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual,
including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000005

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 6



(U//FOUO) [REDACTED] Therefore, the FLETF remains confident in the credibility of the information initially provided by the confidential source, and the FLETF's initial decision in adding Ninestar to the entity list.

### C. **(U//FOUO) Ninestar argues that all contracts with labor dispatch agencies that could have been the basis for the listing decision have been terminated or have expired.**

(U//FOUO) "Of the 35 dispatch agencies Ninestar used [from January 1, 2022 through June 3, 2024], 20 have not been used since the Listing Decision and, therefore, provide no basis for continued listing. Another [two] agencies were not used prior to the Listing Decision at all, and, therefore, cannot have been the basis for listing in the first place. Of the 13 agencies that Ninestar used both before and after the Listing Decision, Ninestar's contracts with 8 have expired as of the

---

[26] *Id.*
[27] *Id.* at pg. 4.
[28] *Id.* at pg. 5.
[29] Attachment L, pg. 4.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 7

date of this request, and Ninestar terminated its contracts with the remaining [five] in late June
2024."[30]

(U//FOUO) As evidence of these claims, Ninestar submitted for the FLETF's consideration the
termination agreements for the five former labor dispatch agencies.[31]  Ninestar also submitted a
declaration from Yangxiong Huang, Deputy Director of Human Resources at Ninestar
Corporation, stating that all labor dispatch contracts that existed prior to listing have either expired
or been terminated.[32]  Ninestar states that "Ninestar is working with only one labor dispatch
agency, Zhuhai Lehuo Enterprise Management Consulting Co., Ltd," which is based in Zhuhai.[33]

(U//LES) Independent FLETF research identified ███████████████████████████
████████████████████ ██  ██████████████████████████████████████████████
████████████ ████████  ███████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████ ██  ████████████████████████████████████████████
████████████████[38]  The original Chinese of the name, "████████████████████████,"
can also be translated to ██████████████████████████████████[39] one of Ninestar's Zhuhai-
based subsidiaries listed with Ninestar on the UFLPA Entity List. ██████████████████████
████████████████████████████████████████████████████
████████.[40]  Ninestar does not list ████████████████████████████████████████ as a
labor dispatch agency it worked with starting in January of 2022.[41]  Ninestar explicitly represents



---

[30] Attachment A, pg. 7.
[31] Attachment A, Appendix, pg. 11-36.
[32] Attachment A, Appendix, pg. 3.
[33] Attachment C, pg. 4.
[34] ████████████████████████████████████████████████████████████ *see* ███████████, pgs. 1 & 5.
[35] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████. *See* Attachment C, pg. 4.
[36] ███████████, pg. 1.
[37] *Id.*
[38] *Id.*
[39] This translation was verified by FLETF analysts.
[40] ███████████ pgs. 2-4.
[41] Attachment A, Appendix, pgs. 6-10.

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative
impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could
interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose
techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual,
including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**AR000007**

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor Prevention Act Entity List

Page 8

in its removal request that "Ninestar's HR staff collected all labor dispatch agencies in effect from January 1, 2022 through June 3, 2024" and identified 35 dispatch agencies.[42] ███████████ █████████████████████████████████████████████ indicates that Ninestar was working with a labor dispatch agency during the indicated period that it did not disclose to the FLETF. This raises questions about the completeness, and therefore the potential veracity and reliability, of Ninestar's representations to the FLETF about its labor suppliers and leaves reasons to doubt the information provided by Ninestar regarding the company's relationship to firms with which it worked when the FLETF added Ninestar to Section 2(d)(2)(B)(ii), which is a key argument represented by Ninestar as to why there is no longer reasonable cause to believe the company meets the criteria under Section 2(d)(2)(B)(ii).

  D.  **(U//FOUO) Ninestar claims it adopted measures tailored to the labor dispatch agencies it terminated agreements with.**

(U//FOUO) In response to questions from the FLETF, Ninestar describes three measures it has adopted to ensure that their newly contracted labor dispatch agencies are not related in any way to the ones with which Ninestar terminated agreements. "First, Ninestar has requested that all newly contracted labor dispatch agencies not cooperate with labor dispatch agencies terminated by Ninestar or affiliates of any such agencies. Second, Ninestar staff verify that there is no equity, shareholder, or leadership relationship between a newly contracted labor dispatch agency and any labor dispatch agencies terminated by Ninestar or affiliates of any such agencies. Third, Ninestar requires all newly contracted labor dispatch agencies to disclose to Ninestar their direct suppliers, if any, so that Ninestar can verify through publicly available information whether those suppliers have any affiliation with any labor dispatch agencies terminated by Ninestar or affiliates of any such agencies. If, during this process, Ninestar learns that a labor dispatch agency is related to ones with which Ninestar terminated cooperation, Ninestar will not work with that agency." Ninestar additionally submitted with its materials a Recruitment Management Process and Recruitment Manual. These materials generally outline the processes and requirements for the recruitment of personnel. Ninestar further indicated that the company had "established a reasonable suggestions office and an anonymous grievance channel, providing employees with diverse democratic communication platforms to ensure their right to information, participation, and supervision in corporate management."

(U//FOUO) Aside from these measures, however, Ninestar does not represent to the FLETF that it has adopted specific corporate policies such as compliance or risk management policies to ensure

---

[42] Attachment A, pgs. 6-7

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000008

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 9

that it does not work with the XUAR government to recruit Uyghurs or other members of
persecuted groups out of the XUAR through other labor dispatch agencies or other recruitment
means.  Nor does Ninestar provide evidence that outside of the terminated agreements that it will
conduct due diligence or risk assessment to ensure that new contractors will not work with the
XUAR government to recruit Uyghur workers or other members of persecuted groups out of the
XUAR through state-sponsored labor transfer programs.  Ninestar itself represents that the
company has recruited labor through means outside of labor dispatch agencies, including online
recruitment and school-enterprise cooperation, but does not represent that its measures are also
applied through all such recruitment channels.  Therefore, the measures put in place by Ninestar
would not address all channels through which Ninestar acquires labor, nor do they demonstrate
comprehensive UFLPA compliance.  As Ninestar is attempting to represent that there is no longer
a reasonable cause to believe it meets the criteria under Section 2(d)(2)(B)(ii) by indicating it has
instituted measures to ensure it does not work with those agencies or related individuals it worked
with to acquire labor under the original listing decision, the narrow compliance measures fail to
assure the FLETF that the information initially used in the determination to add Ninestar is no
longer relevant and that there is no reasonable cause to believe that Ninestar meets the criteria
under Section 2(d)(2)(B)(ii).

(U//FOUO) Ninestar noted in its submission that "Ninestar is working with only one labor
dispatch agency, Zhuhai Lehuo Enterprise Management Consulting Co., Ltd.," which is based in
Zhuhai.  In Ninestar's May 13, 2025, responses (Attachment K) to FLETF questions, Ninestar
states again, "Ninestar has only one current labor supplier: Zhuhai Lehuo Enterprise Management
Consulting Co., Ltd., which is located at Room A308, 3rd Floor, No. 107 Building 7, Baishi Road,
Xiangzhou District, Zhuhai City, Guangdong Province, China."  Ninestar did not provide the
official Chinese language name of the company even though Ninestar disclosed the Chinese
names of the 35 other labor suppliers it claims to have worked with.  Based on the English name
and address provided by Ninestar, the FLETF identified ███████████████████████
████████████████████████████████████████████████████████████
███████████████████  A Chinese language analyst confirmed"███████████████████
"could also be translated as"████████████████████████████████████████" ███
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████  which is consistent with the address Ninestar provided for Zhuhai Lehuo Enterprise
Management Consulting Co., Ltd.  Therefore,████████████████████████████████
████████  is likely the same company as Zhuhai Lehuo Enterprise Management Consulting Co.,
Ltd. ████████████████████████████████████████████████████████

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative
impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could
interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose
techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual,
including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor Prevention Act Entity List

Page 10

███████████████████████████████████████████████████████████
███████████. June 2024 is the same time Ninestar states that it terminated the agreements with the remaining five labor dispatch agencies whose agreements had not yet expired. Ninestar represents in its argument that by cancelling its labor contracts with dispatch agencies it used during the period in which it was added under Section 2(d)(2)(B)(ii) it no longer meets the criteria for inclusion. However, Ninestar only provided the English name and address of the new labor dispatch agency for the FLETF to consider in determining if the entity no longer meets the criteria described in Section 2(d)(2)(B)(ii). The limited information provided by Ninestar in its disclosure to the FLETF and responses to questions about what Ninestar claims is its singular labor dispatch agency, including the omittance of the official Chinese name in its materials where Ninestar provided the Chinese name for all previous labor dispatch agencies, does bring into question the completeness of the information provided to the FLETF about Ninestar's current labor practices.

(U//FOUO) ███████████████████████████████████████████
████████████████████████████████████ ██████ ██████
███████████████████████████████████████████████
███████████. Ninestar did not disclose a prior connection to Zhuhai Lehuo Enterprise Management Consulting Co., Ltd. or any of its representatives, ███████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████ █████████ ███████ ███████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████ Ninestar's failure to disclose a potential connection ███████████████████████████████████████████████
███████████ prior to its listing decision bring into question the completeness and reliability of the information submitted by Ninestar regarding its new labor dispatch contract.

(U//FOUO) Therefore, independent research by the FLETF █████████████████████████
█████████████████████████████████████████████████████
██████, provides evidence that the information Ninestar provided to the FLETF regarding its labor channels may be incomplete. This is particularly concerning considering Ninestar has represented to the FLETF that it would verify that there is no equity, shareholder, or leadership relationship between a newly contracted labor dispatch agency and any labor dispatch agencies

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE // BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 11

terminated by Ninestar or affiliates of any such agencies.  Additionally, Ninestar indicates in the delisting petition appendix that it participates in external recruitment through "school-enterprise cooperation."  However, Ninestar does not specifically mention ██████████████████████ in its materials.  While the materials initially submitted by Ninestar included details regarding specific labor dispatch agencies, that same level of detail was not provided by Ninestar with regard to each method in which Ninestar acquires labor.  The additional information the FLETF identified therefore calls into question the completeness or accuracy of Ninestar's assertions to the FLETF regarding its labor recruitment methods.  As discussed in greater detail in Section 4, the FLETF is at an informational deficit with respect to information coming out of China.  Because of this, it is incredibly important that submissions made by Ninestar are complete and accurate.

(U//FOUO) Given it is evident that Ninestar recruits labor through means other than labor dispatch agencies, and Ninestar does not represent to the FLETF that it has adopted broader corporate policies such as compliance or risk management policies to ensure that it does not work with the XUAR government to recruit Uyghurs or other members of persecuted groups out of the XUAR through other labor dispatch agencies or other recruitment means, Ninestar's current mitigation methods fail to assure the FLETF that the information initially used in the determination to add Ninestar is no longer relevant and therefore do not support Ninestar's claim that there is no longer a reasonable cause to believe that the company meets the criteria under Section (2)(d)(2)(B)(ii).

E.  **(U//FOUO) Ninestar states it is unable to lawfully tell a labor agency not to recruit candidates from a particular region, country, or ethnic group.**

(U//FOUO) In response to the question from the FLETF: "What due diligence does Ninestar conduct to ensure that newly contracted labor dispatch companies do not recruit workers through state-sponsored labor transfer programs in the [XUAR]?" Ninestar stated it must follow Chinese Labor Law, which prohibits discrimination based on nationality, race, gender, religious beliefs, or place of origin.  Ninestar drew comparisons to "an American company," which Ninestar states "could not lawfully tell a temporary staffing agency not to recruit candidates from a particular region, country or ethnic group."  Ninestar appears to imply that they must accept Uyghur employees, even if part of an XUAR labor transfer program.  By this logic, Ninestar could not prevent the recruitment of forced labor moving forward.

(U//FOUO) In response to FLETF questions, Ninestar represented to the FLETF that it is unlikely that newly recruited workers will be from the XUAR because "labor dispatch agencies typically recruit from specific geographic regions, usually locally, using a combination of in-person recruitment at job fairs and similar events and online recruitment through platforms such as

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000011

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

**INFORMANT PRIVILEGE**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 12

WeChat or 58 Tongcheng." Ninestar represents this in response to FLETF questions on whether
the company conducts due diligence to ensure that newly contracted labor dispatch companies do
not recruit workers through state-sponsored labor transfer programs in the XUAR. Given Ninestar
asserts the only labor dispatch agency it currently employs is located in Zhuhai, the statement
appears to indicate that its current dispatch agency would typically recruit locally from Zhuhai.
However, this statement alone is insufficient to conclude that Ninestar does not work with the
XUAR government to recruit Uyghurs out of the XUAR. The FLETF's initial determination
found reasonable cause to believe that Ninestar worked with the XUAR government to recruit,
transport, and transfer Uyghurs from the XUAR through such labor dispatch agencies. None of
the 35 labor dispatch agencies noted as being used by Ninestar are located within the XUAR.
Therefore, geographic location alone is not indicative of whether Ninestar works with the XUAR
government to recruit, transport, and transfer Uyghurs out of the XUAR, and accordingly,
geographic location does not answer definitively whether the current labor dispatch agency
Ninestar utilizes does not work with the XUAR government to recruit, transport, and transfer
Uyghurs out of the XUAR to Ninestar. Ninestar also does not make any representations regarding
whether it will continue to work with the XUAR government to receive such labor. Accordingly,
Ninestar's statements to the FLETF allow for the possibility that Ninestar may continue to recruit
Uyghurs out of the XUAR as part of a XUAR government labor or poverty alleviation program,
acknowledging a lack of a comprehensive UFLPA remediation and future compliance effort.

F.  **(U//FOUO) CBP received additional information from a confidential source.**

(U//FOUO) On December 20, 2024, CBP provided the FLETF with a memo documenting a
██████ 2024, virtual meeting with the same confidential source who provided the initial
disclosure in ███ of 2022. In the ████████ 2024, meeting, the confidential source ████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████ Though the confidential source
provided this conclusion, the report does not include objective evidence to support these broad
claims.

(U//FOUO) The final disclosure via virtual meeting provided to CBP on ████████, 2024, does not
cite evidence, sources, or a basis for means in which the confidential source drew its conclusions.
Thus, it is difficult for the FLETF to assess the conclusion offered by the confidential source in the
████████ 2024, meeting. This is in contrast with the confidential source's initial disclosure, the
reliability of which was strengthened by ████████, photographs, and other evidence ████████
████████ Ninestar spanning ████████, evidence that not only bolstered the

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative
impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could
interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose
techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual,
including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000012

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 13

confidential source's claims but also allowed the FLETF to independently evaluate their accuracy.
The verbal nature of the final disclosure provided by the confidential source precludes the FLETF
from independently verifying the updated information to obtain further information concerning the
changed circumstances.

(U//FOUO) According to the CBP memo, the confidential source told CBP



Given the final disclosure was not supported by further evidence, the information provided by the
confidential source is less reliable than the initial disclosure. Furthermore, notwithstanding the
source's credibility (as supplemented with additional information) in the initial disclosure, the
FLETF has additional reason to doubt the information provided in the final disclosure by the
confidential source, as outlined below in the risk assessment portion of the FLETF's analysis. As
discussed in greater detail below, the FLETF also has reason to believe that the reliability of the
confidential source is now potentially in question given recent factual developments regarding
inadvertent disclosure of the source's identity.

3.       (U//FOUO) Risk Assessment

(U//FOUO) In the consideration of Ninestar's removal request, the FLETF notes additional
concerns that could impact the information presented in the evaluation of Ninestar's arguments.

(U//FOUO) It is important to note that over the past decade China has enacted laws and
regulations that have made it increasingly difficult to research Chinese businesses from outside of
China.

(U//FOUO) Chinese authorities have repeatedly stressed that Xinjiang is a critical ▮▮▮▮
▮▮▮▮"[45] and many recent enforcement actions have focused on Xinjiang-related due diligence.
For example, in 2023 the Beijing office of U.S. due diligence firm the Mintz Group was raided by

---

[43] Attachment G, pg. 1.

[44] *Id.* at pgs. 1-2.

[45] *See* e.g., ▮▮▮▮▮▮

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative
impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could
interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose
techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual,
including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor Prevention Act Entity List

Page 14

Chinese authorities, and five employees were detained for two years before being released in late March 2025. The Mintz Group was fined by the Chinese government $1.5m for undertaking "foreign-related statistical investigations" without seeking and obtaining necessary approvals.[46] *Reuters* reported that the employees had been engaged in conducting Xinjiang-related due diligence.[47]

(U//FOUO) This trend has impacted the FLETF's ability to verify information provided by Ninestar in practical ways. For example, the FLETF has noticed through its own research that since the passage of the UFLPA in 2021, ███████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████[48] This has made it increasingly difficult to access information on the Chinese internet that could be used to independently verify information presented by Ninestar.

(U//FOUO) Following prominent media articles, NGO, or academic reporting on companies in potential violation of the UFLPA, or listings of entities onto the UFLPA Entity List, the FLETF has noticed that publicly available information is removed or made inaccessible outside of mainland China. Given the information environment, and the FLETF's reliance on publicly available information, the identification of new information for companies listed on the UFLPA Entity List can be extremely difficult. Therefore, when considering whether there remains a reasonable cause to believe that Ninestar meets the criteria for inclusion under Section (2)(d)(2)(B)(ii), the FLETF must also consider the completeness, veracity, and reliability of the information submitted by Ninestar in its removal request, and whether or not additional publicly available information has been identified in addition to the information previously identified in the initial determination. Verifying or evaluating the veracity and completeness of the information Ninestar submitted as part of its removal request is an essential element of any decision the FLETF makes to remove a party from the UFLPA Entity List. A lack of verifiable information from reliable sources renders this evaluation challenging. This interpretation is supported by the information provided in the FRN regarding requesting removal from the Entity List where it states: "In the removal request, the entity (or its designated representative) should provide information that demonstrates that the entity no longer meets or does not meet the criteria

---

[46] Attachment Q.

[47] Attachment R.

[48] *See e.g.,* ███████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000014

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd., Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co. Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor Prevention Act Entity List

Page 15

described in the applicable clause ((i), (ii), (iv), or (v)) of section 2(d)[(2)](B) of the UFLPA."[49]

(U//FOUO) Furthermore, the final disclosure received by CBP from the confidential source is at risk for being unreliable. This report from the confidential source follows an inadvertent disclosure to counsel for Ninestar of information that could be reasonably used to identify the confidential source. Upon August 2023 requests under the Freedom of Information Act (FOIA), one FLETF member agency produced emails that discussed the FLETF's use of an ███ as a confidential source, which could be reasonably used to identify the confidential source when combined with other contextual information such as dates and locations, particularly if disclosed to Ninestar, on or around January 24, 2024. On March 14, 2024, counsel for the FLETF became aware of the inadvertent disclosure. The FLETF member agency responsible for the disclosure contacted Ninestar's counsel on March 19, 2024, and instructed Ninestar's counsel, as well as any person to whom they disseminated the FOIA production, to immediately destroy all copies of such production. Following this initial disclosure, on or around April 23, 2024, a second inadvertent disclosure of information that could reasonably be used to identify the confidential source was disclosed by a second FLETF member agency pursuant to the original August 2023 FOIA request. Following this disclosure, the FLETF member agency responsible for the second disclosure contacted Ninestar's counsel on or around April 25, 2024, instructing them and any person to whom the FOIA production was disseminated to immediately destroy all copies of such production. On July 10, 2024, the Court ordered Ninestar's counsel, and any person to whom Ninestar's counsel has disseminated the disclosures, to immediately destroy all physical and electronic copies of the productions. ████████████████████████████████
████████████████████████████

(U//FOUO) There is a potential risk that testimony from the confidential source may have been impacted by this disclosure.

4.      (U//FOUO) FLETF Decision

(U//FOUO) After DHS circulated RR24-001 to the FLETF on July 17, 2024, FLETF Member Agencies had the opportunity to review the information, submit questions to Ninestar, provide any relevant information in their control regarding RR24-001, and prepare to vote on the disposition of RR24-001.

---

[49] 87 Fed. Reg. 47777. The FLETF describes the removal process in each Federal Register Notice that updates the UFLPA Entity List, including the Ninestar listing. 88 Fed. Reg. 38080, 38082 (June 12, 2023).

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000015

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 16

(U//FOUO) The FLETF considered information from the following documents when evaluating
RR24-001 (included with this memorandum as Attachments 1-20).

- Ninestar's Request for Removal from the UFLPA Entity list – RR24-001 (attachment A)
- FLETF Questions to Ninestar (September 26, 2024) (attachment B)
- Ninestar Response to FLETF Questions (November 6, 2024) (attachment C)
- Removal Request Meeting Protocols (attachment D)
- Additional FLETF Questions to Ninestar (December 9, 2024) (attachment E)
- Ninestar Response to Additional FLETF Questions (December 11, 2024) (attachment F)
- U.S. Customs and Board Protection Response to FLETF Data Call (December 20, 2024) (attachment G)
- Additional FLETF Questions to Ninestar (April 18, 2025) (attachment H)
- Ninestar Response to Additional FLETF Questions (April 22, 2025) (attachment I)
- Additional FLETF Questions to Ninestar (May 9, 2025) (attachment J)
- Ninestar Response to Additional FLETF Questions (May 13, 2025) (attachment K)
- UFLPA Entity List Package 23-002 (attachment L)
- ███████████████████████████████████████ (attachment M)
- █████████████████ (attachment N)
- ████████████████████ (attachment O)
- ██████████████ (attachment P)
- The Independent Article (attachment Q)
- Reuters Article (attachment R)
- ████ Declaration (attachment S)
- ██████████ (attachment T)

(U//FOUO) Following review and consideration of the information provided in RR24-001, by
unanimous vote, FLETF Member Agencies determined that the information provided by Ninestar
as part of its removal request did not demonstrate that Ninestar either does not meet or no longer
meets the criteria described in Section 2(d)(2(B)(ii) of the UFLPA.

(U//FOUO) Accordingly, on June 20, 2025, FLETF Member Agencies voted unanimously to deny
Ninestar's removal request and keep Ninestar on the UFLPA Entity List.

1. U.S. Department of Homeland Security (Chair) - No (REMAIN on UFLPA Entity List)
2. The Office of the United States Trade Representative - No (REMAIN on UFLPA Entity List)
3. U.S. Department of Labor - No (REMAIN on UFLPA Entity List)

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

Subject: Forced Labor Enforcement Task Force Denial of Ninestar Corporation and its
subsidiaries Geehy Semiconductor Co., Ltd., Zhuhai Apex Microelectronics Co., Ltd.,
Zhuhai G&G Digital Technology Co., Ltd., Zhuhai Ninestar Information Technology Co.
Ltd., Zhuhai Ninestar Management Co., Ltd., Zhuhai Pantum Electronics Co. Ltd., Zhuhai
Seine Printing Technology Co., Ltd. Request for Removal from the Uyghur Forced Labor
Prevention Act Entity List

Page 17

4.  U.S. Department of Commerce - No (REMAIN on UFLPA Entity List)
5.  U.S. Department of the Treasury - No (REMAIN on UFLPA Entity List)
6.  U.S. Department of State - No (REMAIN on UFLPA Entity List)
7.  U.S. Department of Justice - No (REMAIN on UFLPA Entity List)

(U//FOUO) The FLETF advised Ninestar in writing of its decision on June 23, 2025 (Attachment 21).

(U//FOUO) Attachments:

A.  Ninestar's Request for Removal from the UFLPA Entity list (RR24-001)
B.  FLETF Questions to Ninestar (September 26, 2024)
C.  Ninestar Response to FLETF Questions (November 6, 2024)
D.  Removal Request Meeting Protocols
E.  Additional FLETF Questions to Ninestar (December 9, 2024)
F.  Ninestar Response to Additional FLETF Questions (December 11, 2024)
G.  U.S. Customs and Border Protection Response to FLETF Data Call (December 20, 2024)
H.  Additional FLETF Questions to Ninestar (April 18, 2025)
I.  Ninestar Response to Additional FLETF Questions (April 22, 2025)
J.  Additional FLETF Questions to Ninestar (May 9, 2025)
K.  Ninestar Response to Additional FLETF Questions (May 13, 2025)
L.  UFLPA Entity List Package 23-002
M.  ██████████████████████████████████████████
N.  ████████████████████
O.  ██████████████████████████
P.  █████████████████
Q.  The Independent Article
R.  Reuters Article
S.  ██████ Declaration
T.  ███████████
U.  FLETF Letter to Ninestar

UNCLASSIFIED // FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE //
BUSINESS CONFIDENTIAL INFORMATION

This document contains Law Enforcement Sensitive (LES) information that requires confidentiality protections because of the potential negative impact unauthorized disclosure would have on law enforcement activities and effectiveness. Unauthorized release of such information could interfere with law enforcement investigations and proceedings, deprive a person of a fair trial, disclose the identity of a confidential source, disclose techniques and procedures used by law enforcement which could be used to circumvent the law, endanger the physical safety of an individual, including a law enforcement officer, and undermine the agency's ability to receive information to facilitate its mission responsibilities.

AR000017

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000018



g

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000020

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000021



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000023

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000024



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION
AR000026



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000027

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000028    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000029    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000030**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000031    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000032    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000033                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000034    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000035    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000036**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000037    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000038**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

**AR000039**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000040         THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000041          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

**AR000042**     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000043          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000044    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000045**          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

**AR000046**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000047    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000048        THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000049          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000050    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000051    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000052          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000053**        THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000054    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000055          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000056          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000057        THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

**AR000058**        THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000059        THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000060          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000061    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000062          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000063          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000064**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000065**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000066**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000067**     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000068**          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000069**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000070**    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000071**     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000072**      THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000073    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000074     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000075**          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000076

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000077    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000078                        THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000079    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000080

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000081 THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000082**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000083                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000084**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000085**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000086                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000087    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000088     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000089

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000090**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

**AR000091**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000092    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000093                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000094     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000095**                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000096                    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000097

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000098

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000099



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000100

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000102    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000104



AR000105                    **THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000107



AR000108    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000110



AR000111     THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000112

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000113



AR000114 THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

**AR000115**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000116



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



AR000118 **THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000119



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000121



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000123



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000124



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000125



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000126



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000127



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000129



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000130



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000131



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

**AR000132**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000133



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000134



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000135



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000136



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000137



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000138



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000139



AR000140

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000142



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000143



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000144

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

AR000145

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000146

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000147    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

**AR000148**

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000149



THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000151

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**
**AR000152**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000153



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**
**AR000155**

AR000156    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

AR000157

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000159    THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



AR000160          THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**AR000161**    **THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000162

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



AR000163

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**
**AR000164**

AR000165

THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**



AR000166



THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000168

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000169

**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000170



**THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION**

AR000171



AR000172



AR000173



AR000174

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000175

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION



AR000176 THIS PAGE CONTAINS NINESTAR CONFIDENTIAL INFORMATION



Stock code: 002180
Shenzhen Stock Exchange, China

# 2021

## Environmental, Social, and Governance Report

AR000177

# Contents

**About This Report** 01

**Chairman's Statement** 03

**About Ninestar** 05

**Achievements in 2021** 07

**01 ESG Governance** 11

ESG Management 13

Identification and Analysis of Material Issues 15

**02 Responsible Governance and Stable Development** 17

Regulation of Corporate Governance 19

Strengthening Risk Control 23

Business Ethics and Anti-Corruption 25

**03 Refined Quality with Ingenuity** 27

Product Quality 29

Innovation Driven 34

Customer Rights 38

**04 Green Development & Environment Protection** 41

Green Products 43

Green Operation 56

Green Office 62

Respond to Climate Change 62

**05 Help Employees Succeed and Make Joint Efforts for the Future** 63

Guarantee of Employees' Rights and Interests 65

Employee Training and Development 70

Occupational Health and Safety 74

Care for Employees 79

**06 Partnership for Flourishing** 81

Supplier Management 83

Conflict Minerals Management 88

Promote Industry Development 89

**07 Join Hands to Bring Harmony and Gather Love** 91

Social Assistance 93

Community Inclusion 95

**Appendix** 97

Appendix I Key Performance Indicators of 2021 ESG Report 97

Appendix II Content Index of Global Reporting Initiative (GRI) Standards 99

Feedback Form 105



AR000178

**Ninestar** | 2021 Environmental, Social, and Governance (ESG) Report

# About This Report

This report is the first Environmental, Social and Governance Report (hereinafter referred to as "ESG Report" or "the Report") released by Ninestar. It mainly discloses Ninestar's ESG ideas, important progress, and performance in 2021.

## Basis of Preparation

This Report is prepared mainly according to the *GRI Sustainable Development Report Standards (GRI Standards)* issued by the Global Reporting Initiative (hereinafter referred to as "GRI") , the *Shenzhen Stock Exchange's Social Responsibility Guide for Listed Companies* issued by the Shenzhen Stock Exchange and other relevant standards.

## Time Range

This Report covers the period from January 1, 2021 to December 31, 2021 ("this year", the "Reporting Period"). In order to enhance the comparability, integrity, and consistency of the report, some of its contents have exceeded that range (as otherwise noted in the report).

## Organizational Scope

The scope of data and texts collected in this report covers Ninestar and its main subsidiaries. Pursuant to the constraints of some prohibitive clauses in the *National Security Agreement* that the Company and Lexmark International have signed with the Committee on Foreign Investment in the United States (CFIUS), some sensitive data shall not be externally disclosed, and due to such restrictions, the Company has not obtained or disclosed the key performance indicators of Lexmark International in this report. In addition, only some key performance indicators cover Zhuhai TOPJET Technology Co., Ltd., Zhuhai Kingway Technology Co., Ltd. and Zhuhai National Resources & Jingjie Printing Technology Co., Ltd.

## Addressing and Representation

For ease of expression, "Ninestar", "the Company" and "we" mentioned in the report all refer to "Ninestar Corporation and its subsidiaries".

| Addressing and Representation | Shortened Form |
| --- | --- |
| Consumables Business Unit of Ninestar Corporation | Consumables Business Unit |
| Zhuhai Ninestar Information Technology Co., Ltd. | Ninestar Information Technology |
| Zhuhai Pantum Smart Manufacturing Technology Co., Ltd. | Pantum Smart Manufacturing |
| Zhuhai Pantum Electronics Co., Ltd. | Pantum Electronics |
| Zhuhai Apex Microelectronics Co., Ltd. and its subsidiaries | Apexmic |
| Geehy Semiconductor Co.,Ltd. | Geehy Semiconductor |
| Lexmark International, Inc. and its subsidiaries | Lexmark International |
| G&G Consumables brand | G&G China |
| G&G brand | G&G |
| Pantum brand | Pantum |
| Apexmic brand | Apexmic |
| Lexmark brand | Lexmark |

## Data Source

All the data used in this Report is from the Company's official documents, relevant reports and statistical reports. Unless otherwise specified, the amounts involved in this Report are denominated in CNY.

## Availability of This Report

You can view and download the electronic version of the Report at the website of the Shenzhen Stock Exchange (www.szse.cn) and the Company's website (www.ninestargroup.com).

## Feedback

Should you have any questions or feedback on this Report and contents hereof, please contact us by:

Address: Zone B, 7/F, Building 1, No.3883, Zhuhai Avenue, Xiangzhou District, Zhuhai City

Tel: +86-756-326-5238

Fax: +86-756-326-5238

Email: sec@ggimage.com




01

AR000179

Ninestar | 2021 Environmental, Social, and Governance (ESG) Report

# Chairman's Statement



> 2021 marked the kick-off of China's "14th Five-Year Plan" strategy and also the 21st anniversary of the founding of Ninestar. Thanks to the trust and support of all relevant parties, we continued our success and ushered in a fresh development landscape. As an enterprise listed on the main board of the Shenzhen Stock Exchange, we always take the initiative to shoulder our corporate social responsibility, give top priority to the ESG development and management practice of enterprises, and strive to pave the way for green and low-carbon sustainable development.

## Pursue refined quality with ingenuity as driven by innovation

We are committed to "becoming a leading technology and service company in the printing industry", and we encourage innovation as the driving force and insist on independent innovation. Through years of development, we have achieved full coverage of the printing industry chain and full mastery of independent core technologies of laser printers. We developed the first laser printer of China, "PANTUM"-branded printer, a laser printer with independent intellectual property, and built China's largest intellectual property analysis platform for the printer industry. As a leading integrated circuit chip design enterprise in the industry, we develop premium, innovative and technologically advanced products and services with ingenuity. In 2021, Apexmic participated in China's "13th Five-Year Plan" Sci-Tech Innovation Achievement Exhibition and showcased relevant scientific research achievements. Its subsidiary Geehy Semiconductor won the dual honors of "Chip Technology Breakthrough Award" and "Blue Sea Chinese Chip", demonstrating Ninestar's remarkable chip breakthroughs.

Motivated by the original aspiration, we continuously provide customers with safe and reliable products and services, strengthen product quality management, give ear to and respect every stakeholder's development proposals, and remain steadfast in the pursuit of refined quality with ingenuity.

## Embracing sustainable development with long-term vision

We proactively assume our corporate environmental responsibility and align our development with the national "double carbon" development strategy. We promote green and low-carbon operation, improve the environmental management system, refine management practice, actively adopt green and clean energy, and constantly enhance energy efficiency in production. We are committed to developing environmentally friendly green products, implementing full-lifecycle product management from design to recycling, and paying attention to the environmental friendliness and sustainability of products. We advocate the concepts of green office and green low-carbon lifestyles and promote more extensive green sustainable development.

We have a conviction that employees are the cornerstone of sustainable development, so we care about and respect every employee, build a fair and inclusive working environment, attentively listen to employees' real voices, and are devoted to providing employees with a diversified training system and empowering their future development. Moreover, we value the communication with stakeholders such as shareholders, investors, consumers, and regulators, and always learn about and respond to their expectations and needs in time.

## Living up to responsibility to advance towards a harmonious future

We insist on good faith in business operation, adhere to integrity as our overarching principle, improve risk management and internal monitoring, and shore up the foundation of our sustainable development. We implement responsible supply chain management, actively boost industry development, seek strategic cooperation, and are committed to establishing harmonious win-win partnerships and teaming up with all relevant parties to shape a harmonious future.

We actively respond to the call of policies to fulfill our corporate social responsibility and public welfare responsibility. In 2007, we founded China's first enterprise-sponsored "Ninestar Angel Love Fund" to help more children in poverty who suffer from leukemia and need help. As of the end of 2021, we have accumulatively invested CNY4.121 million in the fund. We also made joint efforts with Alxa SEE Foundation to devote ourselves to the public welfare causes of "green technology, extending life for the earth" and "addressing desertification to retain green waters and blue skies", where as of the end of 2021, our public welfare investment has totaled CNY1.1 million.

Looking ahead, Ninestar will always remain true to the original aspiration, uphold the corporate mission to "take responsibility for the society, provide services to customers, realize dreams for employees, and create value for shareholders", and steadily fuel the Company's sustainable development in a down-to-earth manner, by virtue of our original aspiration that guides development, our perseverance for long-term success, our determination to seize the moment, and our confidence to embrace change.

**Jackson Wang**
**Chairman**

AR000180

# About Ninestar

## ⚙ Company Profile

As the world's fourth largest laser printer manufacturer and one of the top 500 listed companies in China, Ninestar Corporation has achieved full coverage of the printing industry chain, and its business covers laser printers and supporting consumables, integrated circuit chips, and general printing consumables.

The Company highly values technological innovation and patent development. We have 21,787 employees worldwide, of which 20% are R&D staff; our technological products include laser printers and consumables, integrated circuit chips, printer core components, general consumables, etc.; in 2010, we launched the first laser printer of China, "PANTUM"-branded printer, a laser printer with independent intellectual property, and built China's largest intellectual property analysis platform for the printing industry. As of December 2021, Ninestar owns 4,885 independent R&D patents, 3,378 of which are invention patents.

For more information about the Company's business operation and financial condition, please refer to Ninestar's 2021 Annual Report:

https://www.ninestargroup.com/investor11.html



Total number of employees worldwide

**21,787**



Proportion of R&D staff

**20%**



Number of independent R&D patents owned by Ninestar as of December 2021

**4,885**



Number of invention patents

**3,378**

## Ninestar's industrial layout



Laser printers — Full mastery of independent core technologies of laser printers — PANTUM 奔图打印, Lexmark

Integrated circuit chips — Industry-leading integrated circuit design enterprise — APEXMIC, Geehy

General printing consumables — Leading enterprise in the global general consumables industry — G&G Work For The Best Image, G&G SELECT, SMART MATE, 格之格, 欣格

## ⚙ Company Culture

**Corporate Mission:**

To fulfill our social responsibilities

To provide exceptional service for our customers

To help realize the dreams of our employees

To create value for our shareholders

**Corporate Vision:**

To become the eminent high-tech service provider in the printer industry

To build a globally renowned trusted brand

**Company Values:**

Loyalty: abide by laws and regulations, be honest and dedicated to work, adhere to professional ethics, and be loyal to the Company's business

Truth-seeking: be an honest person, work practically, pursue substantial results, and make achievements

Innovation: innovate boldly, keep exploring new possibilities, and seek development through innovation

Win-win: share difficulties and success together, and recognize "competition before winning awards"

AR000181

# Achievements in 2021

## ⚙ Responsibility Indicators

### Economic indicators

Operating revenue

CNY **22.792** billion

Net profit attributable to shareholders of the parent company

CNY **1.163** billion

Total cash dividends (including other methods)

CNY **141** million

Taxes paid

CNY **781** million



### Environmental indicators



Total greenhouse gas (GHG) emissions (including Scope 1 and Scope 2)

**16,275.4** $tCO_2e$



GHG emission intensity

**0.00714** $tCO_2e$/CNY10,000 revenue

Fresh water consumption

**196,343** tons

Overall energy consumption

**3,789.5** tce

Overall energy consumption intensity

**0.00166** tce/CNY10,000 revenue

### Social indicators

Total number of employees

**21,787**

Total number of employees trained

**7,800**

Total employee training duration

**31,200** hours

Total investment in employee training

CNY **2.43** million

Total investment in production safety

CNY **16** million

Amount of external donations

CNY **984,000**







AR000182

Ninestar | 2021 Environmental, Social, and Governance (ESG) Report

## Honors and Awards

 **2021 Chinese Computer Industry Development Achievement Award – Achievement Award for Printing Consumables**

China Computer Industry Association



 **Hi-Tech Enterprise of Guangdong Province**

Department of Science and Technology of Guangdong Province

Department of Finance of Guangdong Province

Guangdong Provincial Tax Service, State Taxation Administraion



 **Global Brand Award**

RT Media



 **Advanced Enterprise in National Intellectual Property**

China National Intellectual Property Administration



 **The 4th IC Unicorn List**

CCID Consulting



 **Guangdong Province Enterprise of Observing Contract and Valuing Credit**

Market Supervision Administration of Zhuhai City



 **Top 500 Manufacturing Enterprises of Guangdong Province**

Guangdong Manufacturers Association

Guangdong Industry Development Research Institute

Enterprise Competitiveness Research Center of Guangdong Academy of Social Sciences



 **Global Industry Award**

RT Media



 **China TOP 500 Private Manufacturing Enterprises**

All-China Federation of Industry and Commerce





 **Blue Sea Chinese Chip**

OFweek IoT



AR000183

# ESG Governance



AR000184

# ESG Management

 ## ESG Concept

Ninestar has established the enterprise mission "to fulfill our social responsibilities, to provide exceptional service for our customers, to help realize the dreams of our employees, to create value for our shareholders", which is also our commitment to sustainable development. We are committed to integrating the sustainable development idea into various aspects such as the products, environment, employees, partners, and social impacts throughout all business segments, realizing sustainable operation and development from top to bottom and from the inside to the outside.

We are fully aware of the significance of sustainable development to the long-term development of the Company, and will constantly improve the ESG governance structure, optimize the review and decision-making process of ESG matters, standardize the management and implementation of ESG issues of each department, optimize ESG information integration and create long-term value for stakeholders.

 ## Stakeholder Communication and Engagement

We put a high value on the two-way communication with stakeholders, understand the demands and expectations of stakeholders via various channels, and constantly improve our operation management level and management practice in the communication. During the Reporting Period, a total of 42 meetings, including the general meetings of shareholders and meetings of the board of directors, the supervisory committee and professional committees, were held in the Company, with 257 proposals reviewed.

| Category of stakeholders | Demands and expectations | Certain communication and response methods |
|---|---|---|
| Government and regulators | · Implementation of macro policies<br>· Employment promotion<br>· Lawful and compliant operation<br>· Enterprise's sustainable development | · Strictly abide by the laws and regulations of each place where we operate<br>· Conduct integrity management and pay taxes in accordance with the law<br>· Participate in the policy and plan research and formulation<br>· Accept supervision and assessment<br>· Lean management and sustainable development |
| Investors | · Continuous value creation<br>· Prevention of operation risks<br>· Protection of shareholders' rights and interests<br>· Good information disclosure<br>· Corruption-free business environment | · Comply with relevant laws and regulations<br>· General meeting of shareholders<br>· Regularly disclose operating and financial information<br>· Regular and daily communication with investors<br>· Strengthen the compliance and internal control system |
| Employees | · Protection of basic rights and interests of employees<br>· Employee care<br>· Occupational health and safety<br>· Employee training and occupational development | · Establish a fair and just remuneration system<br>· Strengthen the construction of occupational health and safety management system<br>· Establish a long-term talent training mechanism<br>· Conduct employee satisfaction surveys<br>· Care for special employees |
| Consumers | · Information security and privacy protection<br>· High-quality products and services<br>· Localized products and services | · Strengthen the information security and privacy protection measures<br>· Develop the quality management system and service network<br>· Keep consumer feedback channels open<br>· Conduct the product satisfaction survey and feedback<br>· Cultivate the local market, and continue the technological innovation |
| Suppliers | · Open, fair and just procurement<br>· Insist on integrity management<br>· Long-term and stable cooperation<br>· Support the supplier growth | · Establish fair and transparent procurement principles and processes<br>· Carry out regular communication with and training of suppliers<br>· Advocate the responsible supply chain |
| Distributors | · Win-win cooperation<br>· High-quality products and services<br>· Abide by business ethics | · Expand cooperation and exchange channels<br>· Strictly comply with laws and regulations of each place where we operate<br>· Keep product and service feedback channels open<br>· Strict review and certification |
| Partners | · Conduct cooperation<br>· Responsible products<br>· Product optimization and innovation<br>· Business ethics and anti-corruption | · Enhance the product innovation consciousness<br>· Strengthen the industry-university-research project cooperation<br>· Provide support to teaching in universities<br>· Keep regular or irregular communication |
| Media | · Response to public opinions<br>· Information publication | · Strengthen the public opinion monitoring<br>· Maintain communication with the media |
| Social public | · Strengthen the communication and exchange<br>· Support the public welfare | · Keep the communication channels open<br>· Organize social welfare activities and volunteer activities |

 AR000185

# Identification and Analysis of Material Issues

## Identification and Evaluation of Material Issues

In accordance with *GRI Sustainable Development Report Standards*, we identified the material ESG issues of Ninestar for this year, taking into account the Company's business model, the industry development trend and national policy guidance.

In order to enhance the pertinence and effectiveness of the report, we carried out an extensive questionnaires survey and necessary on-site communication targeting the management and all stakeholders of the Company. We hope to fully understand the demands and expectations of all stakeholders on the ESG management practices and information disclosure of Ninestar, and pointedly select material issues with substantial significance through this procedure, so as to continuously promote and improve the Company's sustainable development management.



**Step 1**

### Identification of issues

Based on the Company's activities, products and services and other specific operation information, referring to *GRI standards*, Sustainable Development Goals (SDGs) of the United Nations and suggestions from external institutions, and taking into account the concerns of all stakeholders, we have identified 14 material issues in 3 major areas of environment, society and governance.



**Step 2**

### Investigation of stakeholders

After identification of key issues, we developed survey questionnaires and distributed the questionnaires to such stakeholders as investors, suppliers, government and regulators, distributors, consumers and employees, invited them to give a score and suggestions for each material issue, and ranked the key issues on this basis. We have collected a total of 684 valid questionnaires in this survey to understand and collect internal and external stakeholders' concerns about the ESG issues of Ninestar for the year.



**Step 3**

### Importance analysis

Based on the score of different key issues given by stakeholders, we ranked the ESG issues from two dimensions of "importance to the Company" and "importance to stakeholders", and drew up a matrix of material issues.

## Material Issue Matrix

### Significance Analysis Matrix of Ninestar Corporation for 2021



| Issue concern | Rank | Category | Issues |
|---|---|---|---|
| Highly important issues | 1 | Society | Employees' rights and interests |
| | 2 | Society | Occupational health and safety |
| | 3 | Governance | Business ethics and anti-corruption |
| | 4 | Society | Responsible product |
| | 5 | Society | Information security and privacy protection |
| | 6 | Society | Employee training and development |
| | 7 | Governance | Corporate governance and risk management |

| Issue concern | Rank | Category | Issues |
|---|---|---|---|
| Moderately important issues | 8 | Environment | Waste management |
| | 9 | Society | Responsible supply chain management |
| | 10 | Environment | Green product |
| | 11 | Environment | Water resource management |
| | 12 | Environment | Energy management |
| | 13 | Environment | Response to climate change |
| Generally important issues | 14 | Society | Public welfare and charity |

AR000186

# Responsible Governance and Stable Development

## Material issues

- Business ethics and anti-corruption

- Corporate governance and risk management

## Indicators addressed in this chapter

**Response to SDGs**




**Response to GRI indicators**

GRI 102-15    GRI 102-16    GRI 102-17

GRI 102-18    GRI 102-19    GRI 102-20

GRI 102-21    GRI 102-22    GRI 102-29

GRI 102-30    GRI 102-31    GRI 102-32

GRI 102-33    GRI 102-34    GRI 102-40

GRI 102-42    GRI 102-43    GRI 102-44

GRI 102-47    GRI 103    GRI 205    GRI 206

Ninestar attaches importance to the Company's operational responsibility, practices responsible governance, continues to improve the Company's governance specification, strengthens the risk management and internal control, pays close attention to the promotion of business ethics, deeply cultivates incorruptible culture and reinforces the sustainable development of the Company.

AR000187