**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| NINESTAR CORPORATION, ZHUHAI NINESTAR INFORMATION TECHNOLOGY CO., LTD., ZHUHAI PANTUM ELECTRONICS CO., LTD., ZHUHAI APEX MICROELECTRONICS CO., LTD., GEEHY SEMICONDUCTOR CO., LTD., ZHUHAI G&G DIGITAL TECHNOLOGY CO., LTD., ZHUHAI SEINE PRINTING TECHNOLOGY CO., LTD., and ZHUHAI NINESTAR MANAGEMENT CO., LTD.,<br><br>      Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; MARKWAYNE MULLIN, in his official capacity as the Secretary of the Department of Homeland Security; RODNEY S. SCOTT, in his official capacity as Commissioner for U.S. Customs and Border Protection; and ROBERT LAW, in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force,[1]<br><br>      Defendants. | Before:  Gary S. Katzmann, Judge<br>Court No. 23-00182 |

**ORDER**

Plaintiffs Ninestar Corporation and its corporate affiliates bring this action challenging the

decision of the Forced Labor Enforcement Task Force ("FLETF") to list Plaintiffs as embargoed

---

[1] Per USCIT Rule 25(d), named officials have been substituted to reflect the current officeholders.

entities under the Uyghur Forced Labor Prevention Act ("UFLPA"), Pub. L. No. 117-78, 135 Stat. 1525 (2021).  In its initial opinion in this litigation, the court held that Plaintiffs were likely to establish the court's subject matter jurisdiction under 28 U.S.C. § 1581(i).  See Ninestar Corp. v. United States, 47 CIT __, 666 F. Supp. 3d 1351 (2024), ECF No. 58.  Several months later, the court denied Plaintiffs' Motion for Preliminary Injunction, which requested a stay of the Listing Decision.  See Ninestar Corp. v. United States, 48 CIT __, 687 F. Supp. 3d 1308 (2024), ECF No. 121.  The court also adjudicated the parties' various motions and requests pertaining to confidential evidence on the agency record, the informant privilege, and disclosure pursuant to the Freedom of Information Act.  See Ninestar Corp. v. United States, 48 CIT __, 716 F. Supp. 3d 1376 (2024), ECF No. 163.

Soon after, Plaintiffs submitted to the FLETF a request to remove Plaintiffs from the UFLPA Entity List ("First Delisting Request").  See Pls.' Status Report at 2, July 19, 2024, ECF No. 169.  The court ordered a stay of this action in light of the FLETF's pending decision.  See Order, July 30, 2024, ECF No. 177; see also Order, Dec. 9, 2024, ECF No. 180 (continuing stay); Order, Mar. 18, 2025, ECF No. 184 (same); Order, Apr. 25, 2025, ECF No. 186 (same).

On June 26, 2025, Defendants informed the court that "[o]n June 23, 2025, the FLETF chair issued its written decision, notifying Ninestar of the FLETF's decision not to remove Ninestar and its affiliated entities from the UFLPA Entity List."  Defs.' Status Report at 2, June 26, 2025, ECF No. 188.  The parties agreed that the stay imposed by the court was lifted.  See id.; Pls.' Status Report at 2, June 26, 2025, ECF No. 191.

Since that time, Plaintiffs filed a Second Amended Complaint, adding claims challenging FLETF's denial of Plaintiff's First Delisting Request as arbitrary and capricious, see Second Am.

Compl. for Declaratory and Injunctive Relief at 27–29, Sept. 24, 2025, ECF No. 204, and Defendants filed an answer, see Answer to Second Am. Compl., Dec. 12, 2025, ECF No. 214.

On May 22, 2026, Plaintiffs informed the court that "on May 16, 2026, Ninestar submitted to the FLETF a second, updated request for removal from the UFLPA Entity List [("Second Delisting Request")]." Pls.' Consent Mot. for an Extension of Time and to Amend the Current Schedule at 2, May 22, 2026, ECF No. 221. Plaintiffs now move to stay this case pending the FLETF's decision on the Second Delisting Request; Defendants consent to the proposed stay. See Pls.' Consent Mot. for a Stay Pending FLETF's Disposition of Pls.' Second Delisting Request at 1–2, June 5, 2026, ECF No. 223. It is hereby:

**ORDERED** that Plaintiffs' Consent Motion for a Stay Pending FLETF's Disposition of Plaintiffs' Second Delisting Request is **GRANTED**; and it is further

**ORDERED** that the above-captioned litigation is **STAYED** until the issuance of FLETF's final written decision on Plaintiffs' Second Delisting Request; and it is further

**ORDERED** that the parties submit joint or, if joint submissions are not feasible, separate status reports every 90 days for the duration of the stay; and it is further

**ORDERED** that, by three business days after the date of the stay's expiration, the parties submit a joint status report. The joint status report should include, with good cause shown, either (i) a proposed scheduling order governing any subsequent proceedings in this case, or (ii) a motion to extend the stay. If the parties are unable to agree on a joint status report, Plaintiffs and Defendants may each submit their respective versions of such status report.

**SO ORDERED.**

_/s/_    _Gary S. Katzmann_
Judge

Dated: June 9, 2026
    New York, New York